**RUSING LOPEZ & LIZARDI, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800
Facsimile: (520) 529-4262

Mark D. Lammers; mdlammers@rllaz.com
State Bar No. 010335
*Counsel for Plaintiff Mehran Esfandiari*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA, PHOENIX

| | |
|---|---|
| Mehran Esfandiari, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Edgio, Inc. f/k/a Limelight Networks, Inc., Robert Lyons, Daniel Boncel, and Stephen Cumming,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |

Plaintiff Mehran Esfandiari ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief is based upon, among other things, his counsel's investigation, which includes without limitation: (a) review and analysis of regulatory filings made by Edgio, Inc. f/k/a Limelight Networks, Inc. ("Edgio," or the "Company") with the United States ("U.S.") Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and media reports issued by and disseminated by Edgio; and (c) review of other publicly available information concerning Edgio.

**NATURE OF THE ACTION AND OVERVIEW**

1.  This is a class action on behalf of persons and entities that purchased or otherwise acquired Edgio securities between February 11, 2021 and March 12, 2023, inclusive (the "Class Period"). Plaintiff pursues claims against the Defendants under the Securities Exchange Act of 1934 (the "Exchange Act").

2.  Edgio provides software solutions for companies. Edgio's services include digital content delivery, online video delivery, cloud security, edge computing, cloud storage, and professional services. On June 16, 2022, the Company changed its name from Limelight Networks, Inc. to Edgio, Inc.

3.  On March 13, 2023, before the market opened, Edgio issued a press release announcing that it will restate its previously issued financial statements for the years ended December 31, 2021 and 2020, as well as the quarterly reports for fiscal 2022 and 2021, because its audit committee "identified an error in the Company's historic accounting treatment of Edgio's Open Edge solution." The Company anticipated the restatements would result in a "reduction to revenue of up to approximately $23.0 million for the nine-month period ended September 30, 2022, up to approximately $16.7 million for the twelve-month period ended December 31, 2021, and up to approximately $6.6 million for the

twelve-month period ended December 31, 2020." As a result, the Company stated that it would be unable to file its annual report on time.

4. On this news, the Company's share price fell $0.1597, or 15.5%, to close at $0.8703 per share on March 13, 2023, thereby injuring investors.

5. Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that the sale of Open Edge equipment should be accounted as financing leases; (2) that there were material weaknesses in the Company's internal controls over financial reporting related to Open Edge transactions; (3) that, as a result, the Company's revenue had been overstated in certain periods; and (4) that, as a result of the foregoing, Defendant's positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

**JURISDICTION AND VENUE**

6. The claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act (15 U.S.C. § 78aa).

8. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)). Substantial acts in furtherance of the alleged fraud or the effects of the fraud have occurred in this Judicial District. Many of the acts charged herein, including the dissemination of materially false and/or misleading information, occurred in substantial part in this Judicial District. In addition, the Company's principal executive offices are located in this District.

9. In connection with the acts, transactions, and conduct alleged herein, Defendants directly and indirectly used the means and instrumentalities of interstate

2

commerce, including the United States mail, interstate telephone communications, and the facilities of a national securities exchange.

## PARTIES

10. Plaintiff Mehran Esfandiari, as set forth in the accompanying certification, incorporated by reference herein, purchased Edgio securities during the Class Period, and suffered damages as a result of the federal securities law violations and false and/or misleading statements and/or material omissions alleged herein.

11. Defendant Edgio is incorporated under the laws of Delaware with its principal executive offices located in Phoenix, Arizona. Edgio's common stock trade on the NASDAQ exchange under the symbol "EGIO."

12. Defendant Robert Lyons ("Lyons") was the Company's Chief Executive Officer ("CEO") at all relevant times.

13. Defendant Daniel Boncel ("Boncel") was the Company's Chief Financial Officer ("CFO") between July 2020 and August 2022.

14. Defendant Stephen Cumming ("Cumming") has been the Company's CFO since August 2022.

15. Defendants Lyons, Boncel, and Cumming (collectively the "Individual Defendants"), because of their positions with the Company, possessed the power and authority to control the contents of the Company's reports to the SEC, press releases and presentations to securities analysts, money and portfolio managers and institutional investors, i.e., the market. The Individual Defendants were provided with copies of the Company's reports and press releases alleged herein to be misleading prior to, or shortly after, their issuance and had the ability and opportunity to prevent their issuance or cause them to be corrected. Because of their positions and access to material non-public information available to them, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to, and were being concealed from, the public, and that the positive representations which were being made were then materially false and/or misleading. The Individual Defendants are liable for the false statements pleaded herein.

## SUBSTANTIVE ALLEGATIONS

### Background

16. Edgio provides software solutions for companies. Edgio's services include digital content delivery, online video delivery, cloud security, edge computing, cloud storage, and professional services. On June 16, 2022, the Company changed its name from Limelight Networks, Inc. to Edgio, Inc.

### Materially False and Misleading
### Statements Issued During the Class Period

17. The Class Period begins on February 11, 2021.[1] On that day, the Company issued a press release announcing its fourth quarter and full-year 2020 results. It contained the following financial results for full-year 2020:

> ***For the full year ended December 31, 2020, Limelight reported revenue of $230.2 million, a 15% increase from $200.6 million in 2019.***
>
> The company's 2020 GAAP net loss was $(19.3) million, or $(0.16) per basic share, versus a net loss of $(16.0) million, or $(0.14) per basic share, in 2019. The 2020 GAAP net loss included $3.8 million of interest expense related to Limelight's senior convertible notes noted above.

18. On February 12, 2021, the Company filed its Form 10-K with the SEC for the year ended December 31, 2020 (the "2020 10-K"), affirming the previously reported financial results. It stated that the Company's "disclosure controls and procedures were effective as of December 31, 2020." Attached were certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") signed by Defendants Lyons and Boncel attesting to the accuracy of the financial statements and the effectiveness of the Company's internal control over financial reporting.

19. On April 29, 2021, the Company issued a press release announcing its first quarter 2021 results. It contained the following financial highlights:

---

[1] Unless otherwise stated, all emphasis in bold and italics hereinafter is added.

4

- ***Revenue of $51.2 million,*** down 10 percent, compared to $57.0 million in the first quarter of 2020.

- GAAP net loss of $25.5 million, or $(0.21) per basic share, compared to a net loss of $5.3 million, or $(0.04) per basic share in the first quarter of 2020. GAAP net loss included $11.7 million in restructuring and transition related charges.

20. On April 30, 2021, the Company filed its Form 10-Q with the SEC for the quarter ended March 31, 2021 (the "1Q21 10-Q"), affirming the previously reported financial results. The Company stated that its "disclosure controls and procedures were effective at the reasonable assurance level."

21. On July 29, 2021, the Company issued a press release announcing its second quarter 2021 results. It contained the following financial highlights:

- ***Revenue of $48.3 million***, down 6% compared to $51.2 million in the first quarter of 2021, and down 17% compared to $58.5 million in the second quarter of 2020.

- GAAP net loss of $13.7 million, or $(0.11) per basic share, an improvement of $11.8 million from the net loss of $25.5 million, or $(0.21) per basic share, in the first quarter of 2021. GAAP net loss was $1.7 million, or $(0.01) per basic share in the second quarter of 2020. GAAP net loss included $2.2 million and $11.7 million in restructuring and transition related charges in the second and first quarters of 2021, respectively.

22. On August 2, 2021, the Company filed its Form 10-Q with the SEC for the quarter ended June 30, 2021 (the "2Q21 10-Q"), affirming the previously reported financial results. The Company stated that its "disclosure controls and procedures were effective at the reasonable assurance level."

23. On November 4, 2021, the Company issued a press release announcing its third quarter 2021 results. It contained the following financial highlights:

- ***Revenue of $55.2 million***, up 14% from the second quarter of 2021 and down 7% compared to the third quarter of 2020.

- GAAP net loss of $10.1 million, or $(0.08) per basic share, an improvement of $3.6 million from the net loss of $13.7 million, or $(0.11) per basic share, in the second quarter of 2021. GAAP net loss was $4.0 million, or $(0.03) per basic share in the third quarter of 2020. GAAP net loss included $1.8

5

million and $2.2 million in restructuring and transition related charges in the third and second quarters of 2021, respectively.

24. On November 5, 2021, the Company filed its Form 10-Q with the SEC for the quarter ended September 30, 2021 (the "3Q21 10-Q"), affirming the previously reported financial results. The Company stated that its "disclosure controls and procedures were effective at the reasonable assurance level."

25. On January 20, 2022, the Company issued a press release announcing its fourth quarter and full-year 2021 results. It contained the following financial highlights for the fourth quarter 2021:

- ***Revenue of $62.9 million***, up 14% from the third quarter of 2021 and compared to the fourth quarter of 2020.

- GAAP net loss of $7.7 million, or $(0.06) per basic share, an improvement of $2.4 million from the net loss of $10.1 million, or $(0.08) per basic share, in the third quarter of 2021. GAAP net loss was $8.3 million, or $(0.07) per basic share in the fourth quarter of 2020. GAAP net loss included $2.6 million in restructuring and transition related charges in the fourth quarter and $1.8 million in the third quarter of 2021, respectively.

26. On February 17, 2022, the Company filed its annual report on Form 10-K for the year ended December 31, 2021 (the "2021 10-K"), affirming the previously reported financial results. The 2021 10-K stated that the Company's "disclosure controls and procedures were effective as of December 31, 2021." Attached were SOX certifications signed by Defendants Lyons and Boncel attesting to the accuracy of the financial statements and the effectiveness of the Company's internal control over financial reporting.

27. On April 28, 2022, the Company issued a press release announcing its first quarter 2022 results. It contained the following financial highlights:

- ***Revenue of $58.0 million***, up 13% from the first quarter of 2021.

- GAAP net loss of $19.2 million, or $(0.14) per basic share, an improvement of $6.3 million from the net loss of $25.5 million, or $(0.21) per basic share, in the first quarter of 2021. GAAP net loss included $5.1 million in acquisition and legal related charges in the first quarter of 2022 and restructuring and transition related charges of $11.7 million in the first quarter of 2021.

6

28. On April 29, 2022, the Company filed its Form 10-Q with the SEC for the quarter ended March 31, 2022 (the "1Q22 10-Q"), affirming the previously reported financial results. The Company stated that its "disclosure controls and procedures were effective at the reasonable assurance level."

29. On August 8, 2022, the Company issued a press release announcing its second quarter 2022 results, reporting $74.3 million in revenue.

30. On August 9, 2022, the Company filed its Form 10-Q with the SEC for the quarter ended June 30, 2022 (the "2Q22 10-Q"), affirming the previously reported financial results. The Company stated that its "disclosure controls and procedures were effective at the reasonable assurance level."

31. On November 9, 2022, the Company issued a press release announcing its third quarter 2022 financial results, reporting $121.2 million in revenue.

32. On November 9, 2022, the Company filed its Form 10-Q with the SEC for the quarter ended September 30, 2022 (the "3Q22 10-Q"), affirming the previously reported financial results. It stated that the Company's "disclosure controls and procedures were effective at the reasonable assurance level."

33. The above statements identified in ¶¶17-32 were materially false and/or misleading, and failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that the sale of Open Edge equipment should be accounted as financing leases; (2) that there were material weaknesses in the Company's internal controls over financial reporting related to Open Edge transactions; (3) that, as a result of the foregoing, the Company's revenue had been overstated in certain periods; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

**Disclosures at the End of the Class Period**

34. On March 13, 2023, before the market opened, Edgio issued a press release disclosing that it will restate its previously issued financial statements for the years ended

7

December 31, 2021 and 2020, and quarterly reports for 2022 and 2021 because its audit committee had "identified an error in the Company's historic accounting treatment of Edgio's Open Edge solution." Specifically, the sale of Open Edge equipment should have been accounted as financing leases, and the press release stated, in relevant part:

> Adjustments to Open Edge Transactions
>
> The Company and the Audit Committee identified an error in the Company's historic accounting treatment of Edgio's Open Edge solution. Edgio's Open Edge solution is a fully managed content delivery network ("CDN") service that embeds Edgio's content delivery platform directly into internet service provider ("ISP") clients' networks (the "Impacted Transactions"). The Impacted Transactions had a revenue sharing arrangement under which Edgio and ISP clients shared revenue from the traffic that runs through a point of presence ("PoP") using Edgio's content delivery platform.
>
> Based on the Company's review to-date of a sample of the Impacted Transactions related to Edgio's large customers, which remains ongoing, ***the Company believes the sale of Open Edge equipment should be accounted for as financing leases, in which (1) the up-front payments received from the Company's customers associated with the transaction are recognized as a financing liability on the balance sheet, with the related equipment costs remaining in fixed assets and depreciated over time, and (2) pursuant to lease accounting, the revenue sharing payments made by Edgio to the customers allocated between cost of sales and lease payments, as an offset on the balance sheet against the lease liability.*** While the Company's determination regarding the revised accounting treatment for the Impacted Transactions is based on management's evaluation of a sample of the Impacted Transactions, the Company has not yet completed its evaluation of all such transactions and could reach a different determination as to the remaining transactions.

35. The press release also stated that the restatement would reduce previously reported revenue:

> The Company currently anticipates that the primary effects to correct this accounting ***may result in a reduction in revenues of up to approximately $6.6 million for the 12-month period ended December 31, 2020, up to approximately $16.7 million for the 12-month period ended December 31, 2021, and up to approximately $23.0 million for the nine-month period ended September 30, 2022,*** with a corresponding costs of sales reduction and impact to depreciation expenses and income taxes, as well as other adjustments. This represents a reduction of 5.8% on a consolidated pro-forma basis for the nine months ending September 30, 2022, and a reduction in previously reported revenue of 7.7% in 2021 and 2.9% in 2020.

8

36. The same day, Edgio filed a Form 8-K with the SEC stating that, as it was still evaluating the financial impact of the accounting error, it could not file its fiscal 2022 annual report on time. The Company also revealed that it expects to disclose "a material weakness in the Company's design and operation of effective internal controls over the accounting for the Impacted Open Edge transactions."

37. On this news, the Company's share price fell $0.1597, or 15.5%, to close at $0.8703 per share on March 13, 2023, thereby injuring investors.

## CLASS ACTION ALLEGATIONS

38. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class, consisting of all persons and entities that purchased or otherwise acquired Edgio securities between February 11, 2021 and March 12, 2023, inclusive, and who were damaged thereby (the "Class").  Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

39. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Edgio's shares actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least hundreds or thousands of members in the proposed Class. Millions of Edgio shares were traded publicly during the Class Period on the NASDAQ. Record owners and other members of the Class may be identified from records maintained by Edgio or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

40. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

41. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

42. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

(a) whether the federal securities laws were violated by Defendants' acts as alleged herein;

(b) whether statements made by Defendants to the investing public during the Class Period omitted and/or misrepresented material facts about the business, operations, and prospects of Edgio; and

(c) to what extent the members of the Class have sustained damages and the proper measure of damages.

43. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## **UNDISCLOSED ADVERSE FACTS**

44. The market for Edgio's securities was open, well-developed, and efficient at all relevant times. As a result of these materially false and/or misleading statements, and/or failures to disclose, Edgio's securities traded at artificially inflated prices during the Class Period. Plaintiff and other members of the Class purchased or otherwise acquired Edgio's securities relying upon the integrity of the market price of the Company's securities and market information relating to Edgio, and have been damaged thereby.

45. During the Class Period, Defendants materially misled the investing public, thereby inflating the price of Edgio's securities, by publicly issuing false and/or misleading statements and/or omitting to disclose material facts necessary to make Defendants'

10

statements, as set forth herein, not false or misleading. The statements and omissions were materially false and/or misleading because they failed to disclose material adverse information and/or misrepresented the truth about Edgio's business, operations, and prospects as alleged herein.

46. At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by Plaintiff and other members of the Class. As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about Edgio's financial well-being and prospects. These material misstatements and/or omissions had the cause and effect of creating in the market an unrealistically positive assessment of the Company and its financial well-being and prospects, thus causing the Company's securities to be overvalued and artificially inflated at all relevant times. Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at artificially inflated prices, thus causing the damages complained of herein when the truth was revealed.

## **LOSS CAUSATION**

47. Defendants' wrongful conduct, as alleged herein, directly and proximately caused the economic loss suffered by Plaintiff and the Class.

48. During the Class Period, Plaintiff and the Class purchased Edgio's securities at artificially inflated prices and were damaged thereby. The price of the Company's securities significantly declined when the misrepresentations made to the market, and/or the information alleged herein to have been concealed from the market, and/or the effects thereof, were revealed, causing investors' losses.

## **SCIENTER ALLEGATIONS**

49. As alleged herein, Defendants acted with scienter since Defendants knew that the public documents and statements issued or disseminated in the name of the Company were materially false and/or misleading; knew that such statements or documents would

be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the federal securities laws. As set forth elsewhere herein in detail, the Individual Defendants, by virtue of their receipt of information reflecting the true facts regarding Edgio, their control over, and/or receipt and/or modification of Edgio's allegedly materially misleading misstatements and/or their associations with the Company which made them privy to confidential proprietary information concerning Edgio, participated in the fraudulent scheme alleged herein.

## APPLICABILITY OF PRESUMPTION OF RELIANCE
## (FRAUD-ON-THE-MARKET DOCTRINE)

50. The market for Edgio's securities was open, well-developed and efficient at all relevant times. As a result of the materially false and/or misleading statements and/or failures to disclose, Edgio's securities traded at artificially inflated prices during the Class Period. On April 19, 2022, the Company's share price closed at a Class Period high of $5.43 per share. Plaintiff and other members of the Class purchased or otherwise acquired the Company's securities relying upon the integrity of the market price of Edgio's securities and market information relating to Edgio, and have been damaged thereby.

51. During the Class Period, the artificial inflation of Edgio's shares was caused by the material misrepresentations and/or omissions particularized in this Complaint causing the damages sustained by Plaintiff and other members of the Class. As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about Edgio's business, prospects, and operations. These material misstatements and/or omissions created an unrealistically positive assessment of Edgio and its business, operations, and prospects, thus causing the price of the Company's securities to be artificially inflated at all relevant times, and when disclosed, negatively affected the value of the Company shares. Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other

members of the Class purchasing the Company's securities at such artificially inflated prices, and each of them has been damaged as a result.

52. At all relevant times, the market for Edgio's securities was an efficient market for the following reasons, among others:

(a) Edgio shares met the requirements for listing, and was listed and actively traded on the NASDAQ, a highly efficient and automated market;

(b) As a regulated issuer, Edgio filed periodic public reports with the SEC and/or the NASDAQ;

(c) Edgio regularly communicated with public investors via established market communication mechanisms, including through regular dissemination of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and/or

(d) Edgio was followed by securities analysts employed by brokerage firms who wrote reports about the Company, and these reports were distributed to the sales force and certain customers of their respective brokerage firms. Each of these reports was publicly available and entered the public marketplace.

53. As a result of the foregoing, the market for Edgio's securities promptly digested current information regarding Edgio from all publicly available sources and reflected such information in Edgio's share price. Under these circumstances, all purchasers of Edgio's securities during the Class Period suffered similar injury through their purchase of Edgio's securities at artificially inflated prices and a presumption of reliance applies.

54. A Class-wide presumption of reliance is also appropriate in this action under the Supreme Court's holding in *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972), because the Class's claims are, in large part, grounded on Defendants' material misstatements and/or omissions. Because this action involves Defendants' failure to disclose material adverse information regarding the Company's business operations and

13

financial prospects—information that Defendants were obligated to disclose—positive proof of reliance is not a prerequisite to recovery. All that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them important in making investment decisions. Given the importance of the Class Period material misstatements and omissions set forth above, that requirement is satisfied here.

## NO SAFE HARBOR

55. The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint. The statements alleged to be false and misleading herein all relate to then-existing facts and conditions. In addition, to the extent certain of the statements alleged to be false may be characterized as forward looking, they were not identified as "forward-looking statements" when made and there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. In the alternative, to the extent that the statutory safe harbor is determined to apply to any forward-looking statements pleaded herein, Defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements was made, the speaker had actual knowledge that the forward-looking statement was materially false or misleading, and/or the forward-looking statement was authorized or approved by an executive officer of Edgio who knew that the statement was false when made.

## FIRST CLAIM

**Violation of Section 10(b) of The Exchange Act and**

**Rule 10b-5 Promulgated Thereunder**

**Against All Defendants**

56. Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

57. During the Class Period, Defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (i) deceive the

investing public, including Plaintiff and other Class members, as alleged herein; and (ii) cause Plaintiff and other members of the Class to purchase Edgio's securities at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each defendant, took the actions set forth herein.

58. Defendants (i) employed devices, schemes, and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (iii) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for Edgio's securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5. All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

59. Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about Edgio's financial well-being and prospects, as specified herein.

60. Defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of Edgio's value and performance and continued substantial growth, which included the making of, or the participation in the making of, untrue statements of material facts and/or omitting to state material facts necessary in order to make the statements made about Edgio and its business operations and future prospects in light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities during the Class Period.

61. Each of the Individual Defendants' primary liability and controlling person liability arises from the following facts: (i) the Individual Defendants were high-level

15

executives and/or directors at the Company during the Class Period and members of the Company's management team or had control thereof; (ii) each of these defendants, by virtue of their responsibilities and activities as a senior officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's internal budgets, plans, projections and/or reports; (iii) each of these defendants enjoyed significant personal contact and familiarity with the other defendants and was advised of, and had access to, other members of the Company's management team, internal reports and other data and information about the Company's finances, operations, and sales at all relevant times; and (iv) each of these defendants was aware of the Company's dissemination of information to the investing public which they knew and/or recklessly disregarded was materially false and misleading.

62. Defendants had actual knowledge of the misrepresentations and/or omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing Edgio's financial well-being and prospects from the investing public and supporting the artificially inflated price of its securities. As demonstrated by Defendants' overstatements and/or misstatements of the Company's business, operations, financial well-being, and prospects throughout the Class Period, Defendants, if they did not have actual knowledge of the misrepresentations and/or omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

63. As a result of the dissemination of the materially false and/or misleading information and/or failure to disclose material facts, as set forth above, the market price of Edgio's securities was artificially inflated during the Class Period. In ignorance of the fact that market prices of the Company's securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon

the integrity of the market in which the securities trades, and/or in the absence of material adverse information that was known to or recklessly disregarded by Defendants, but not disclosed in public statements by Defendants during the Class Period, Plaintiff and the other members of the Class acquired Edgio's securities during the Class Period at artificially high prices and were damaged thereby.

64. At the time of said misrepresentations and/or omissions, Plaintiff and other members of the Class were ignorant of their falsity and believed them to be true. Had Plaintiff and the other members of the Class and the marketplace known the truth regarding the problems that Edgio was experiencing, which were not disclosed by Defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their Edgio securities, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices which they paid.

65. By virtue of the foregoing, Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

66. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

## SECOND CLAIM

### Violation of Section 20(a) of The Exchange Act

### Against the Individual Defendants

67. Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

68. Individual Defendants acted as controlling persons of Edgio within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions and their ownership and contractual rights, participation in, and/or awareness of the Company's operations and intimate knowledge of the false financial statements filed by the Company with the SEC and disseminated to the investing public, Individual Defendants had the power to influence and control and did influence and

17

control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading. Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings, and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

69. In particular, Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

70. As set forth above, Edgio and Individual Defendants each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint. By virtue of their position as controlling persons, Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

(b) Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c) Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d) Such other and further relief as the Court may deem just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

| | |
|---|---|
| DATED:  April 25, 2023 | By:  /s/ *Mark D. Lammers* |
| | Mark D. Lammers |
| | **RUSING LOPEZ & LIZARDI, P.L.L.C.** |
| | 6363 North Swan Road, Suite 151 |
| | Tucson, AZ 85718 |
| | Telephone: (520) 792-4800 |
| | |
| | **GLANCY PRONGAY & MURRAY LLP** |
| | Robert V. Prongay |
| | Charles Linehan |
| | Pavithra Rajesh |
| | 1925 Century Park East, Suite 2100 |
| | Los Angeles, California 90067 |
| | Telephone: (310) 201-9150 |
| | Facsimile: (310) 201-9160 |
| | |
| | **THE LAW OFFICES OF FRANK R. CRUZ** |
| | Frank R. Cruz |
| | 1999 Avenue of the Stars, Suite 1100 |
| | Los Angeles, CA 90067 |
| | Telephone: (310) 914-5007 |
| | |
| | *Attorneys for Plaintiff Mehran Esfandiari* |