Gary A. Gotto (No. 007401)
**KELLER ROHRBACK L.L.P.**
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
ggotto@kellerrohrback.com
Tel.: (602) 230-6322

*Counsel for Movants Nathan Javari and*
*Stephen D. Marinelli and Proposed  Liaison*
*Counsel for the Class*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Mehran Esfandiari, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Edgio, Inc. f/k/a Limelight Networks, Inc., Robert Lyons, Daniel Boncel, and Stephen Cumming,<br><br>Defendants. | Case No. CV-23-691-PHX-DJH<br><br>Hon. Diane J. Humetewa<br><br>**MOTION OF NATHAN JAVARI AND STEPHEN D. MARINELLI FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS, AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| Stephen D. Marinelli, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Edgio, Inc. f/k/a Limelight Networks, Inc., Robert A. Lyons, Robert A. Lento, Stephen Cumming, and Daniel R. Boncel,<br><br>Defendants. | Case No. CV-23-01170-PHX-SMM |

# TABLE OF CONTENTS

MOTION ...................................................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES.............................................................2

    I.      PRELIMINARY STATEMENT.........................................................................2

    II.     STATEMENT OF FACTS.................................................................................4

    III.    ARGUMENT .....................................................................................................5

         A.    THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS FOR ALL PURPOSES ........................................................................5

         B.    THE COURT SHOULD APPOINT JAVARI AND MARINELLI AS CO-LEAD PLAINTIFFS .........................................................................7

              1.    Javari and Marinelli Are Willing to Serve as Class Representatives .................................................................................8

              2.    Javari and Marinelli Have the "Largest Financial Interest"..............8

              3.    Javari and Marinelli Otherwise Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure ............................10

              4.    Javari and Marinelli Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses ...............................................................................15

         C.    THE COURT SHOULD APPROVE CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL..........................................................................16

    IV.    CONCLUSION ................................................................................................17

CERTIFICATE OF SERVICE................................................................................................19

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alich v. Opendoor Techs. Inc.*,
No. CV-22-01717-PHX-MTL, 2023 U.S. Dist. LEXIS 17812 (D. Ariz. Feb. 1, 2023) ........................................................................................................... 13, 14

*Baby Neal v. Casey*,
43 F.3d 48 (3d Cir. 1994)............................................................................... 11

*BAE Sys. Mobility & Prot. Sys. v. ArmorWorks Enters., LLC*,
No. CV08-1697-PHX-JAT, 2009 U.S. Dist. LEXIS 35920 (D. Ariz. Apr. 13, 2009) .................................................................................................................. 6

*Barnet v. Elan Corp., PLC*,
236 F.R.D. 158 (S.D.N.Y. 2005) ................................................................... 13

*Borteanu v. Nikola Corp.*,
562 F. Supp. 3d 174 (D. Ariz. 2021) ........................................................ 13, 14

*Briggs v. Adel*,
No. CV-18-02684-PHX-EJM, 2020 U.S. Dist. LEXIS 124514 (D. Ariz. July 14, 2020) ...................................................................................................... 11

*Bruce v. Suntech Power Holdings Co., Ltd.*,
No. CV 12-04061 RS, 2012 U.S. Dist. LEXIS 167702 (N.D. Cal. Nov. 13, 2012) ............................................................................................................... 14

*Esparza v. Smartpay Leasing, Inc.*,
No. C 17-03421 WHA, 2019 U.S. Dist. LEXIS 94545 (N.D. Cal. June 6, 2019) ............................................................................................................... 11

*Hall v. Medicis Pharm. Corp.*,
Nos. CV-08-1821-PHX-GMS *et al.*, 2009 U.S. Dist. LEXIS 24093 (D. Ariz. Mar. 10, 2009 ............................................................................................. 6, 11

*In re Blue Apron Holdings, Inc. Sec. Litig.*,
No. 17-CV-4846 (WFK) (PK), 2017 U.S. Dist. LEXIS 207531 (E.D.N.Y. Dec. 15, 2017)............................................................................................. 13, 15

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)........................................................................ 9, 13

*In re Comverse Tech., Inc. Sec. Litig.*,
No. 06-CV-1825 (NGG) (RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ............. 9

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) ................................................................................ 9

*Knox v. Yingli Green Energy Holding Co.*,
136 F. Supp. 3d 1159 (C.D. Cal. 2015) ........................................................................ 9

*La. Mun. Police Employees' Ret. Sys. v. Green Mt. Coffee Roasters, Inc.*,
No. 2:11-cv-289, 2012 U.S. Dist. LEXIS 89192 (D. Vt. Apr. 27, 2012) ................... 15

*Lax v. First Merchants Acceptance Corp.*,
No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ...................... 9

*Newton-Nations v. Rogers*,
221 F.R.D. 509 (D. Ariz. 2004) .................................................................................. 12

*Nicolow v. Hewlett Packard Co.*,
No. 12-05980 CRB, 2013 U.S. Dist. LEXIS 29876 (N.D. Cal. Mar. 4, 2013) ............ 9

*Osher v. Guess?, Inc.*, No. CV 01-00871, 2001 U.S. Dist. LEXIS 6057 (C.D. Cal.
Apr. 26, 2001) ............................................................................................................. 16

*Perrin v. Sw. Water Co.*,
No. 2:08-cv-7844-FMC-AGRx, 2009 U.S. Dist. LEXIS 134154 (C.D. Cal.
Feb. 12, 2009) ....................................................................................................... 13, 15

*Robb v. Fitbit Inc.*,
No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457 (N.D. Cal. May 10, 2016) ... 13, 14

*Smilovits v. First Solar, Inc.*,
No. CV12-0555 PHX DGC, 2012 U.S. Dist. LEXIS 102032 (D. Ariz. July 23,
2012) ..................................................................................................................... 9, 10

*Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc.*,
No. 2:06-CV-2674-PHX-RCB, 2007 U.S. Dist. LEXIS 67354 (D. Ariz. Sep.
10, 2007) ..................................................................................................................... 12

*Tsirekidze v. Syntax-Brillian Corp.*,
No. CV-07-2204-PHX-FJM, 2008 U.S. Dist. LEXIS 118562 (D. Ariz. Apr. 4,
2008) ............................................................................................................... 6, 9, 10

*W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*,
No. 13-6731, 2014 U.S. Dist. LEXIS 49595 (E.D. Pa. Apr. 9, 2014) ........................ 15

*Weltz v. Lee*,
    199 F.R.D. 129 (S.D.N.Y. 2001) .............................................................................. 13

**Statutes**

15 U.S.C. § 78j(b) ...................................................................................................... 6

15 U.S.C. § 78t(a) ...................................................................................................... 6

15 U.S.C. § 78u-4 ..............................................................................................*passim*

Private Securities Litigation Reform Act of 1995 .......................................................*passim*

**Rules**

Fed. R. Civ. P. 23 ...............................................................................................*passim*

Fed. R. Civ. P. 42 ........................................................................................... 1, 3, 6

**Other Authorities**

17 C.F.R. § 240.10b-5 .................................................................................................. 6

## MOTION

Nathan Javari and Stephen D. Marinelli (together, "Javari and Marinelli"), by and through their counsel, will and do hereby move this Court, pursuant to Federal Rule of Civil Procedure 42 ("Rule 42") and Section 21D(a)(3) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for the entry of an Order: (1) consolidating the above-captioned related actions ("Related Actions"); (2) appointing Javari and Marinelli as Co-Lead Plaintiffs on behalf of a class (the "Class") consisting of persons and entities that purchased or otherwise acquired Edgio, Inc. f/k/a Limelight Networks, Inc. ("Edgio" or the "Company") securities between July 21, 2020 and March 12, 2023, inclusive (the "Class Period"); and (3) approving proposed Co-Lead Plaintiffs' selection of Pomerantz LLP ("Pomerantz") as Lead Counsel and Keller Rohrback L.L.P. ("Keller Rohrback") as Liaison Counsel for the Class.[1]   In support of this motion, Javari and Marinelli submit a Memorandum of Points and Authorities, the Declaration of Jeremy A. Lieberman submitted herewith, the pleadings and other filings herein, and such other written and oral arguments as may be presented to the Court.

---

[1] On April 25, 2023, the first-filed of the Related Actions was filed in this Court, styled *Esfandiari v. Edgio Incorporated et al.*, No. CV-23-691-PHX-DJH (the "Esfandiari Action"), alleging a class period including persons and entities that purchased or otherwise acquired Edgio securities between February 11, 2021 and March 12, 2023, inclusive. *See* Esfandiari Action, Dkt. No. 1 ¶ 1.   On June 23, 2023, a second action alleging substantially the same wrongdoing as the Esfandiari Action against overlapping defendants was filed in this Court, styled *Marinelli v. Edgio Incorporated et al.*, No. CV-23-01170-PHX-SMM (the "Marinelli Action"), alleging a larger class period including persons and entities that purchased or otherwise acquired Edgio securities between July 21, 2020 and March 12, 2023, inclusive. *See* Marinelli Action, Dkt. No. 1 ¶ 1.   Therefore, to avoid excluding any potential class members, this motion has adopted the larger class period alleged in the Marinelli Action.

1

This motion is made on the grounds that, to the best of their knowledge, Javari and Marinelli are the "most adequate plaintiff" of the Class within the meaning of the PSLRA and that the PSLRA therefore mandates Javari and Marinelli's appointment as Co-Lead Plaintiffs. Specifically, Javari and Marinelli believe that they have the "largest financial interest" in the relief sought by the Class in the Related Actions by virtue of, *inter alia*, the number of Edgio shares that they collectively purchased or otherwise acquired during the Class Period and retained at the end of the Class Period, and the significant losses that they collectively incurred in connection with their transactions in Edgio securities as a result of the fraud alleged in the Related Actions. Javari and Marinelli also satisfy the requirements of Federal Rule of Civil Procedure 23 ("Rule 23") because their claims are typical of the claims of other putative Class members and because they will fairly and adequately represent the interests of the Class.

In addition, the PSLRA vests authority in lead plaintiffs to select and retain counsel for the Class, subject to the approval of the Court. Javari and Marinelli's choice of counsel, with Pomerantz as Lead Counsel and Keller Rohrback as Liaison Counsel, have the skill, knowledge, expertise, and experience that will enable these firms to prosecute the Related Actions effectively and expeditiously under Javari and Marinelli's direction.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

The Complaints in the Related Actions allege that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act. Edgio investors, including Javari and Marinelli, incurred significant losses following the disclosure of the Company's

2

alleged fraud, which caused Edgio's share price to fall sharply, damaging Javari and Marinelli and other Edgio investors.

Consolidation is appropriate under Rule 42(a) where actions involve common questions of law or fact. Here, the Related Actions are both putative class actions alleging violations of the Exchange Act by an overlapping group of defendants arising from substantially the same alleged fraud. As such, the Related Actions involve common questions of both law *and* fact, and consolidation is plainly warranted.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Related Actions and that satisfies the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). During the Class Period, Javari and Marinelli collectively purchased or otherwise acquired 85,504 Edgio shares, expended $424,289 on these transactions, retained 65,504 of their Edgio shares, and, as a result of the disclosures of Defendants' alleged fraud, incurred losses of approximately $304,944. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Exhibit ("Ex.") A. Accordingly, Javari and Marinelli believe that they have the largest financial interest in the relief sought in the Related Actions. Beyond their considerable financial interest, Javari and Marinelli also meet the applicable requirements of Rule 23 because their claims are typical of absent Class members and because they will fairly and adequately represent the interests of the Class.

To fulfill their obligations as Co-Lead Plaintiffs and vigorously prosecute the Related Actions on behalf of the Class, Javari and Marinelli have selected Pomerantz as Lead Counsel and Keller Rohrback as Liaison Counsel for the Class. These firms' attorneys are highly

3

experienced in the area of securities litigation and class actions and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firms' respective resumes.

Accordingly, Javari and Marinelli respectfully request that the Court enter an order consolidating the Related Actions, appointing Javari and Marinelli as Co-Lead Plaintiffs for the Class, and approving their selection of Pomerantz as Lead Counsel and Keller Rohrback as Liaison Counsel for the Class.

## II. STATEMENT OF FACTS

As alleged in the Complaints in the Related Actions, Edgio provides software solutions for companies. Edgio's services include digital content delivery, online video delivery, cloud security, edge computing, cloud storage, and professional services. On June 16, 2022, the Company changed its name from "Limelight Networks, Inc." to "Edgio, Inc."

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that: (i) the sale of Open Edge equipment should be accounted as financing leases; (ii) there were material weaknesses in the Company's internal controls over financial reporting related to Open Edge transactions; (iii) as a result, the Company's revenue had been overstated in certain periods; (iv) accordingly, the Company's revenue forecasts were unreliable; and (v) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

4

On March 13, 2023, before the market opened, Edgio issued a press release announcing that it will restate its previously issued financial statements for the years ended December 31, 2021 and 2020, as well as the quarterly reports for fiscal 2022 and 2021, because its audit committee "identified an error in the Company's historic accounting treatment of Edgio's Open Edge solution." The Company anticipated the restatements would result in a "reduction to revenue of up to approximately $23.0 million for the nine-month period ended September 30, 2022, up to approximately $16.7 million for the twelve-month period ended December 31, 2021, and up to approximately $6.6 million for the twelve-month period ended December 31, 2020." As a result, the Company stated that it would be unable to file its annual report on time.

On this news, Edgio's stock price fell $0.16 per share, or 15.5%, to close at $0.87 per share on March 13, 2023, thereby injuring investors.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Javari and Marinelli and other Class members have suffered significant losses and damages.

## III.   ARGUMENT

### A.   THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS FOR ALL PURPOSES

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay, and overlap in adjudication: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate

5

the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a); *see also Manual for Complex Litigation (Third)* § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact. *See* Fed. R. Civ. P. 42 (a); *see also Hall v. Medicis Pharm. Corp.*, Nos. CV-08-1821-PHX-GMS *et al.*, 2009 U.S. Dist. LEXIS 24093, at *3 (D. Ariz. Mar. 10, 2009); *BAE Sys. Mobility & Prot. Sys. v. ArmorWorks Enters., LLC*, No. CV08-1697-PHX-JAT, 2009 U.S. Dist. LEXIS 35920, at *2 (D. Ariz. Apr. 13, 2009). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See, e.g.*, *Tsirekidze v. Syntax-Brillian Corp.*, No. CV-07-2204-PHX-FJM, 2008 U.S. Dist. LEXIS 118562, at *9 (D. Ariz. Apr. 4, 2008) ("The complaints in these four actions are nearly identical, and the minor differences in proposed class periods and named individual defendants are not obstacles to consolidation.").

The Related Actions at issue here clearly involve common questions of law *and* fact. Each action was brought against overlapping defendants, including Edgio and certain officers of the Company, in connection with violations of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder by the U.S. Securities and Exchange Commission. Accordingly, the Related Actions allege substantially the same wrongdoing, namely that Defendants defrauded investors in violation of the Exchange Act by issuing materially false and misleading statements and omissions that artificially inflated the price of Edgio's securities and subsequently damaged the Class when the Company's share price plummeted as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Hall*, 2009 U.S.

6

Dist. LEXIS 24093, at *4-5 (finding consolidation of securities class actions is particularly appropriate in the context of securities fraud class actions where the complaints are based on the same statements).

## B.     THE COURT SHOULD APPOINT JAVARI AND MARINELLI AS CO-LEAD PLAINTIFFS

Javari and Marinelli should be appointed Co-Lead Plaintiffs because they have timely filed a motion for appointment as Co-Lead Plaintiffs, have the largest financial interest in the Related Actions to their knowledge, and otherwise strongly satisfy the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Additionally, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

7

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Javari and Marinelli satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should be appointed Co-Lead Plaintiffs for the Class.

### 1. Javari and Marinelli Are Willing to Serve as Class Representatives

On April 25, 2023, counsel for plaintiff in the first-filed of the Related Actions (*i.e.*, the Esfandiari Action) caused the statutorily required Notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities fraud class action had been filed against Edgio, and which advised investors in Edgio securities that they had 60 days from the date of the Notice's publication—*i.e.*, until June 26, 2023—to file a motion to be appointed as lead plaintiff. *See* Lieberman Decl., Ex. B.

Javari and Marinelli have filed the instant motion pursuant to the Notice, and have attached sworn Certifications attesting that they are willing to serve as representatives for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. C. Accordingly, Javari and Marinelli satisfy the first requirement to serve as Co-Lead Plaintiffs for the Class.

### 2. Javari and Marinelli Have the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

8

To the best of their knowledge, Javari and Marinelli have the largest financial interest of any Edgio investor or investor group seeking to serve as lead plaintiff based on the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17-18 (N.D. Ill. Aug. 6, 1997).  In accord with courts nationwide,[2] these so-called *Lax* factors have been adopted by courts in the Ninth Circuit. *See Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (finding district courts typically consider the *Lax* factors for purposes of determining which movant has the largest financial interest under the PSLRA, and considering those factors); *Nicolow v. Hewlett Packard Co.*, No. 12-05980 CRB, 2013 U.S. Dist. LEXIS 29876, at *18-20 (N.D. Cal. Mar. 4, 2013) (same).  Of the *Lax* factors, courts in this Circuit, including this Judicial District, tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA.  *See, e.g.*, *Smilovits v. First Solar, Inc.*, No. CV12-0555 PHX DGC, 2012 U.S. Dist. LEXIS 102032, at *6-9 (D. Ariz. July 23, 2012); *Tsirekidze*, 2008 U.S. Dist. LEXIS 118562, at *13-19; *Knox*, 136 F. Supp. 3d at 1163; *Nicolow*, 2013 U.S. Dist. LEXIS 29876, at *18-19.

During the Class Period, Javari and Marinelli collectively: (1) purchased or otherwise acquired 85,504 shares of Edgio securities; (2) expended $424,289 on their transactions in Edgio

---

[2] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-8 (E.D.N.Y. Mar. 2, 2007).

securities; (3) retained 65,504 of their shares of Edgio securities; and (4) as a result of the disclosures of the alleged fraud, incurred losses of approximately $304,944 in connection with their transactions in Edgio securities. *See* Lieberman Decl., Ex. A. To the extent that Javari and Marinelli possess the largest financial interest in the outcome of this litigation, they are the presumptive "most adequate" plaintiffs. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Javari and Marinelli Otherwise Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, lead plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that lead plaintiffs satisfy Rule 23's requirements, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that movants satisfy Rule 23's requirements is sufficient. *See Smilovits*, 2012 U.S. Dist. LEXIS 102032, at *9. Moreover, "[o]nly two requirements of Rule 23, . . . 'typicality' and 'adequacy,' are relevant to the selection of lead plaintiff." *Tsirekidze*, 2008 U.S. Dist. LEXIS 118562, at *10 (citing *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002)). In

addition, only a "preliminary showing" of typicality and adequacy is required at this stage.  *See Hall*, 2009 U.S. Dist. LEXIS 24093, at *7-8.

"'[T]he test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiff[], and whether other class members have been injured by the same course of conduct.'"  *Esparza v. Smartpay Leasing, Inc.*, No. C 17-03421 WHA, 2019 U.S. Dist. LEXIS 94545, at *11 (N.D. Cal. June 6, 2019) (quoting *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010)).  In other words, "[a] named plaintiff must . . . prove that 'the claims or defenses of the [] representative parties are typical of the claims or defenses of the class.'"  *Briggs v. Adel*, No. CV-18-02684-PHX-EJM, 2020 U.S. Dist. LEXIS 124514, at *20 (D. Ariz. July 14, 2020); *see also Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory").

Javari and Marinelli's claims are typical of those of the Class.  Javari and Marinelli allege, like all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning the Company, or by omitting to state material facts necessary to make the statements they did make not misleading.  Javari and Marinelli, like other Class members, purchased or otherwise acquired Edgio securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and were damaged upon the disclosure of those misrepresentations and/or omissions that drove Edgio's share price downward.  These shared

11

claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).  The class representative must also have a "'sufficient interest in the outcome of th[e] case to ensure vigorous advocacy.'" *See Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, No. 2:06-CV-2674-PHX-RCB, 2007 U.S. Dist. LEXIS 67354, at \*18-19 (D. Ariz. Sep. 10, 2007) (quoting *Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004)); *Newton-Nations v. Rogers*, 221 F.R.D. 509, 511 (D. Ariz. 2004) (noting that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent'" (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997))).

Javari and Marinelli are adequate representatives for the Class.  Here, Javari and Marinelli have each submitted a signed Certification declaring their respective commitment to protect the interests of the Class. *See* Lieberman Decl., Ex. C.  There is no evidence of antagonism or conflict between Javari and Marinelli's interests and those of the Class, and the significant losses incurred by Javari and Marinelli demonstrate that they each have a sufficient interest in the outcome of this litigation to ensure vigorous advocacy.  Moreover, as set forth in greater detail below, Javari and Marinelli have retained counsel highly experienced in vigorously and efficiently prosecuting securities fraud class actions, such as these Related Actions, and submit their choice of Pomerantz and Keller Rohrback to the Court for approval as Lead Counsel and Liaison Counsel, respectively, for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  In addition to Pomerantz

and Keller Rohrback, Javari and Marinelli are also represented by the Portnoy Law Firm in this litigation.

Further, Javari and Marinelli constitute an appropriate movant duo of the type routinely appointed to serve as Co-Lead Plaintiffs. *See Alich v. Opendoor Techs. Inc.*, No. CV-22-01717-PHX-MTL, 2023 U.S. Dist. LEXIS 17812, at *9 (D. Ariz. Feb. 1, 2023) ("The text of the PSLRA clearly provides that a group can serve as lead plaintiff, so long as it satisfies the same statutory requirements as any other movant."); *Borteanu v. Nikola Corp.*, 562 F. Supp. 3d 174, 184-88 (D. Ariz. 2021) (collecting cases and finding multiple unrelated investors may be appointed together as lead plaintiff under the PSLRA, and appointing group of three unrelated investors as lead plaintiff); *Robb v. Fitbit Inc.*, No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457, at *21-23 (N.D. Cal. May 10, 2016) (appointing five-person investor group as lead plaintiff); *Perrin v. Sw. Water Co.*, No. 2:08-cv-7844-FMC-AGRx, 2009 U.S. Dist. LEXIS 134154, at *13 (C.D. Cal. Feb. 12, 2009) ("[C]ourts have generally held that small and manageable groups serving as lead plaintiffs do not frustrate Congress' desire to ensure that investors, rather than lawyers, control securities litigation."); *Cendant*, 264 F.3d at 266 (noting "[t]he PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff" (citation omitted)); *In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK), 2017 U.S. Dist. LEXIS 207531, at *11-14 (E.D.N.Y. Dec. 15, 2017) (appointing four-person investor group as lead plaintiff); *Barnet v. Elan Corp., PLC*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (holding that "there can be no doubt" that the PSLRA permits appointment of groups and appointing a group consisting of six members with the largest financial interest as lead plaintiff); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) ("recogniz[ing] that appointing a group of people as co-lead plaintiffs is allowable under the

13

PSLRA" and finding that a group of seven shareholders with the greatest loss was "presumptively the most adequate plaintiff").

Javari and Marinelli likewise have demonstrated their adequacy because they are a small and cohesive duo who have submitted a Joint Declaration attesting to, *inter alia*, their backgrounds, their investing experience, their understanding of the responsibilities of lead plaintiffs pursuant to the PSLRA, their decision to seek appointment jointly as Co-Lead Plaintiffs, and the steps that each of them are prepared to take to cooperatively prosecute this litigation on behalf of the Class. *See* Lieberman Decl., Ex. D.  Courts routinely appoint more than one investor as co-lead plaintiffs under such circumstances. *See, e.g.*, *Alich*, 2023 U.S. Dist. LEXIS 17812, at *9 (appointing group of three investors as lead plaintiff that submitted "Joint Declaration [which] provides that they are a cohesive collaboration of . . . investors" and which "affirm[s] that they have conferred and discussed their prosecution procedures and communications mechanisms"); *Borteanu*, 562 F. Supp. 3d 174, 186-88 (appointing group of three unrelated investors as lead plaintiff because, *inter alia*, concerns regarding "lack of prelitigation relationship are quelled by the group's small size and its member's Joint Declaration, which evidences the cohesiveness of the members and their adequacy to serve as lead plaintiff in this litigation"); *Robb*, 2016 U.S. Dist. LEXIS 62457, at *13-14, *22-23 (appointing as lead plaintiff a group of five unrelated investors that submitted a joint declaration "stat[ing] that the individual members have discussed the responsibilities of acting as lead plaintiff, will stay in regular communication with counsel and with each other, and will make decisions by consensus, using a majority vote as a back-stop"); *Bruce v. Suntech Power Holdings Co., Ltd.*, No. CV 12-04061 RS, 2012 U.S. Dist. LEXIS 167702, at *9 (N.D. Cal. Nov. 13, 2012) (appointing as lead plaintiff

14

a group of three unrelated investors that "submitted a joint declaration attesting that each is knowledgeable about the litigation, that they are working together, and that they are committed to protecting the interests of the Class"); *Perrin*, 2009 U.S. Dist. LEXIS 134154, at *13-15 (appointing as lead plaintiff a group of four investors that "submitted a Joint Declaration agreeing to 'work together to ensure the maximum recovery on behalf of the proposed class'").[3]

### 4.    Javari and Marinelli Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses

The presumption in favor of appointing Javari and Marinelli as Co-Lead Plaintiffs may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interest of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Javari and Marinelli's ability and desire to fairly and adequately represent the Class has been discussed above.  Javari and Marinelli are not aware of any unique defenses Defendants

---

[3] *See also Blue Apron*, 2017 U.S. Dist. LEXIS 207531, at *12, *14 (appointing group of four unrelated investors that submitted declaration attesting "it is prepared to work cooperatively to serve the best interests of the class," and finding that the group is not "so large as to be unwieldly and impracticable"); *W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*, No. 13-6731, 2014 U.S. Dist. LEXIS 49595, at *21-22, *33 (E.D. Pa. Apr. 9, 2014) (appointing group and noting "declaration lay[ing] out the duties and obligations of" the group's members); *La. Mun. Police Employees' Ret. Sys. v. Green Mt. Coffee Roasters, Inc.*, No. 2:11-cv-289, 2012 U.S. Dist. LEXIS 89192, at *11 (D. Vt. Apr. 27, 2012) (finding a joint declaration "sufficient to assure the Court that the [lead] plaintiffs will effectively manage the litigation").

could raise that would render them inadequate to represent the Class. Accordingly, Javari and Marinelli should be appointed Co-Lead Plaintiffs for the Class.

## C.   THE COURT SHOULD APPROVE CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL

The PSLRA vests authority in the lead plaintiffs to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, No. CV 01-00871, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001). The Court should interfere with lead plaintiffs' selection only when necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Javari and Marinelli have selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Lieberman Decl., Ex. E. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010. *See id.*

More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class. *See id.*

Keller Rohrback is also well-qualified to serve as Liaison Counsel for the Class. As its firm resume reflects, Keller Rohrback maintains an office in Phoenix, Arizona, where this Court is situated, and the firm specializes in securities class action matters, among other practice areas. *See id.*, Ex. F. Keller Rohrback's attorneys have experience in achieving substantial recoveries in class actions, and they have extensive familiarity with the local civil rules and practice norms of this Judicial District.

As a result of their extensive experience in litigation involving issues similar to those raised in the instant Related Actions, Javari and Marinelli's counsel, Pomerantz and Keller Rohrback, have the skill, knowledge, expertise, and experience that will enable them to prosecute the Related Actions effectively and expeditiously. Thus, the Court may be assured that by approving Javari and Marinelli's selection of Pomerantz as Lead Counsel and Keller Rohrback as Liaison Counsel, the members of the Class will receive the best legal representation available.

## IV. CONCLUSION

For the foregoing reasons, Javari and Marinelli respectfully request that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Javari and Marinelli as Co-Lead Plaintiffs for the Class; and (3) approving Pomerantz as Lead Counsel and Keller Rohrback as Liaison Counsel for the Class.

Dated:  June 26, 2023                          Respectfully submitted,

                                                */s/ Gary A. Gotto*
                                                Gary A. Gotto (No. 007401)
                                                **KELLER ROHRBACK L.L.P.**

17

3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
ggotto@kellerrohrback.com
Tel.: (602) 230-6322

*Counsel for Movants Nathan Javari and
Stephen D. Marinelli and Proposed Liaison
Counsel for the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Movants Nathan Javari and
Stephen D. Marinelli and Proposed Lead
Counsel for the Class*

**PORTNOY LAW FIRM**
Lesley F. Portnoy, Esq.
(*pro hac vice* application forthcoming)
1800 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 692-8883
lesley@portnoylaw.com

*Additional Counsel for Movants Nathan Javari
and Stephen D. Marinelli*

18

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Gary A. Gotto*
Gary A. Gotto