Garrett W. Wotkyns, Bar No. 025887
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
8068 East Del Acero Drive
Scottsdale, AZ 85258
Telephone: 480-889-3514
Facsimile:  212-233-6334
gwotkyns@scott-scott.com

*Attorneys for Lead Plaintiff Movant*
*Peter Frouws and Proposed Co-Lead*
*Counsel for the Class*

[Additional Counsel on Signature Page.]

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| MEHRAN ESFANDIARI, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:23-cv-00691-DJH |
| Plaintiff, | **NOTICE OF MOTION & MOTION OF PETER FROUWS FOR:** |
| v. | **(1) CONSOLIDATION OF RELATED ACTIONS;** |
| EDGIO, INC. F/K/A LIMELIGHT NETWORKS, INC., ROBERT LYONS, DANIEL BONCEL, and STEPHEN CUMMING, | **(2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF CO-LEAD COUNSEL; AND MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT** |
| Defendants. | |
| STEPHEN D. MARINELLI, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:23-cv-01170-SMM |
| Plaintiff, | |
| v. | |
| EDGIO, INC. F/K/A LIMELIGHT NETWORKS, INC., ROBERT A. LYONS, DANIEL BONCEL, ROBERT A. LENTO, STEPHEN CUMMING, and DANIEL R. BONCEL, | |
| Defendants. | |

# TABLE OF CONTENTS

MOTION ..................................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................ 2

    I.     PRELIMINARY STATEMENT...................................................................... 2

    II.    STATEMENT OF FACTS .......................................................................... 2

    III.   ARGUMENT ........................................................................................ 4

         A.     The Actions Should Be Consolidated ................................................ 4

         B.     Movant Should Be Appointed Lead Plaintiff ..................................... 5

              1.     Movant's Motion Is Timely ..................................................... 6

              2.     Movant Has the Largest Financial Stake in the Relief Sought by the Class........................................................... 6

              3.     Movant Is Otherwise Qualified Under Rule 23 ...................... 7

         C.     The Court Should Approve Movant's Choice of Counsel................. 9

    IV.   CONCLUSION ........................................................................... 11

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ali v. Intel Corp.*,
No. 18-CV-00507-YGR, 2018 WL 2412111 (N.D. Cal. May 29, 2018) ..................... 7

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997) ............................................................................................. 8

*Briggs v. Adel*,
No. CV-18-02684-PHX-EJM, 2020 WL 4003123 (D. Ariz. July 15,
2020) .................................................................................................................... 8

*Cohen v. U.S. Dist. Ct. for N. Dist. of California*,
586 F.3d 703 (9th Cir. 2009) ............................................................................... 9

*Cornwell v. Credit Suisse Grp.*,
No. 08-cv-03758, 2011 WL 13263367 (S.D.N.Y. July 20, 2011) ................................ 9

*Dolan v. Axis Capital Holdings Ltd.*,
No. 04 Civ. 8564, 2005 WL 883008 (S.D.N.Y. Apr. 13, 2005) ..................................... 4

*Ferrari v. Gisch*,
225 F.R.D. 599 (C.D. Ca. 2004) .......................................................................... 8

*Hall v. Medicis Pharm. Corp.*,
No. CV08-1821-PHX-GMS, 2009 WL 648626 (D. Ariz. Mar. 11, 2009) ................... 7

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ...................................................................... 7, 8, 9

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ................................................................................ 9

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir. 1990) .............................................................................. 4

*Newton-Nations v. Rogers*,
221 F.R.D. 509 (D. Ariz. 2004) ........................................................................... 8

*Richardson v. TVIA, Inc.*,
No. C 06 06304, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) .................................. 6

*Russo v. Finisair Corp.*,
No. 5:CV 11-01252, 2011 WL 5117560 (N.D. Cal. Oct. 27, 2011) ............................ 8

*Smilovits v. First Solar, Inc.*,
No. CV12-0555-PHX-DSG, 2012 WL 3002513 (D. Ariz. July 23, 2012) ................... 7

*Teamsters Loc. 617 Pension & Welfare Funds v. Apollo Grp., Inc.*,
No. 2:06-CV-2674-PHX-RCB, 2007 WL 2692217 (D. Ariz. Sept. 11,
2007) .................................................................................................................... 8

*Tsirekidze v. Syntax-Brillian Corp.*,
No. CV-07-2204-PHX-FJM, 2008 WL 942273 (D. Ariz. Apr. 7, 2008) ................. 4, 7

*Weltz v. Lee*,
199 F.R.D. 129 (S.D.N.Y. 2001) .......................................................................... 4

*Westley v. Oclaro, Inc.*,
  No. C-11-2448, 2011 WL 4079178 (N.D. Cal. Sept. 12, 2011) ..................................... 8

**Statutes, Rules, and Regulations**

15 U.S.C.
  §78u-4(a)(3) ........................................................................................................... 1
  §78u-4(a)(3)(B) ...................................................................................................... 4
  §78u-4(a)(3)(B)(iii) ............................................................................................ 2, 6
  §78u-4(a)(3)(B)(iii)(I) ........................................................................................... 4
  §78u-4(a)(3)(B)(iii)(I)(bb) .................................................................................... 6
  §78u-4(a)(3)(B)(iii)(II) .......................................................................................... 5
  §78u-4(a)(3)(B)(v) ................................................................................................. 8
  §78u-41(a)(3)(B)(iii)(II)(aa) ................................................................................. 8

Private Securities Litigation Reform Act of 1995
  §21D(a)(3)(A)(i) ..................................................................................................... 5
  §21D(a)(3)(B)(iii)(I)(cc) ........................................................................................ 6

Federal Rules of Civil Procedure
  Rule 23 ............................................................................................................. *passim*
  Rule 23(a) ............................................................................................................... 6
  Rule 23(a)(3) ........................................................................................................... 7
  Rule 23(a)(4) ........................................................................................................... 7
  Rule 42(a) ............................................................................................................ 3, 4

**Other Authorities**

NEWBERG ON CLASS ACTIONS (4th ed. 2008)
  §3:13 ....................................................................................................................... 8

# **MOTION**

Peter Frouws ("Frouws" or "Movant"), by and through his undersigned counsel, will and does hereby move this Court, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for the entry of an Order: (1) consolidating the above-captioned related actions (the "Actions"); (2) appointing Movant as Lead Plaintiff of a Class consisting of all persons other than the above-captioned defendants who purchased or otherwise acquired Edgio, Inc. f/k/a Limelight Networks, Inc. ("Edgio," or the "Company") securities between July 21, 2020 and March 12, 2023, both dates inclusive (the "Class Period"); (3) approving Movant's selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") and the Schall Law Firm ("SLF") as Co-Lead Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

This motion is made on the grounds that Movant timely filed this motion and is the "most adequate plaintiff."  Based on the information presently available, Movant has the largest financial interest in the relief sought by the Class amongst movants for lead plaintiff and meets the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), as his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.  In addition, Movant has selected and retained Scott+Scott and SLF, law firms with substantial experience in prosecuting securities class actions, to serve as Co-Lead Counsel.

This motion is based on this notice of motion and memorandum of points and authorities herein, the Declaration of Garrett W. Wotkyns ("Wotkyns Decl."), filed concurrently herewith and in support hereof, including Exhibits A-G attached thereto, the pleadings and other files and records previously entered in the Actions, and such other written or oral argument as may be presented to the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    PRELIMINARY STATEMENT[1]

The Actions are securities class actions brought on behalf of those who purchased or otherwise acquired Edgio securities during two different, overlapping class periods. Movant Frouws purchased Edgio securities during the Class Period (as defined herein) and suffered significant losses as a result of Defendants' alleged wrongdoing.  The PSLRA provides that the Court is to appoint as lead plaintiff the member of the purported plaintiff class with the largest financial interest in the action that otherwise satisfies the requirements of Rule 23.  15 U.S.C. §78u-4(a)(3)(B)(iii).  As demonstrated below, Frouws should be appointed to serve as Lead Plaintiff because: (1) his motion for appointment is timely filed; (2) he has the largest financial interest in this litigation; and (3) he satisfies the relevant requirements of Rule 23, as his claims are typical of other Class members' claims, and he will fairly and adequately represent the interests of the Class.  In addition, Frouws' selection of Scott+Scott and SLF as Co-Lead Counsel should be approved because Scott+Scott and SLF have substantial expertise in securities class action litigation and the experience and resources necessary to efficiently and effectively prosecute the Action.

### II.    STATEMENT OF FACTS

On April 25, 2023, Plaintiff Mehran Esfandiari filed the first-filed Complaint against Edgio and other related defendants.  Edgio provides software solutions for companies. ¶2.  Edgio's services include digital content delivery, online video delivery, cloud security, edge computing, cloud storage, and professional services. *Id.*  The Complaint alleges, throughout the alleged class period (February 11, 2021 through March 12, 2023, inclusive), Edgio and the other defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects.  ¶5.  Specifically, Defendants failed to

---

[1]    All "¶" and "¶¶" citations are to the Class Action Complaint for Violations of the Federal Securities Laws filed on April 25, 2023 (ECF No. 1) (the "Complaint"), unless otherwise stated, and the facts set forth in the Complaint are incorporated herein by reference.

disclose to investors that: (1) the sale of Open Edge equipment should be accounted as financing leases; (2) there were material weaknesses in the Company's internal controls over financial reporting related to Open Edge transactions; (3) as a result, the Company's revenue had been overstated in certain periods; and (4) as a result of the foregoing, Defendant's positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Id.*; *see also* ¶¶17-33.

On June 23, 2022, a second, similar complaint was filed, captioned *Marinelli v. Edgio, Inc.*, No. 2:23-cv-01170-SMM (the "*Marinelli* Complaint").[2] The *Marinelli* Complaint alleges the same theory of recovery as the first-filed Complaint – that defendants failed to disclose to investors that: (i) the sale of Open Edge equipment should be accounted as financing leases; (ii) there were material weaknesses in the Company's internal controls over financial reporting related to Open Edge transactions; (iii) as a result, the Company's revenue had been overstated in certain periods; (iv) accordingly, the Company's revenue forecasts were unreliable; and (v) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Marinelli* Complaint, ¶¶3, 37. The *Marinelli* Complaint alleges a longer class period (by seven months) and two additional misstatements. *See id.* at ¶¶19-20. It also names two additional defendants.

Both Actions allege the truth about these misstatements was revealed on March 13, 2023, before the market opened. ¶¶34-36; *see also Marinelli* Complaint ¶¶38-40. On that day, Edgio issued a press release announcing that it would restate its previously issued financial statements for the years ended December 31, 2021 and 2020, as well as the quarterly reports for fiscal 2022 and 2021, because its audit committee "identified an error in the Company's historic accounting treatment of Edgio's Open Edge solution." ¶¶34-36; *see also Marinelli* Complaint ¶¶. The Company anticipated the restatements would result

---

[2] The facts set forth in the *Marinelli* Complaint are also incorporated herein by reference.

3

in a "reduction to revenue of up to approximately $23.0 million for the nine-month period ended September 30, 2022, up to approximately $16.7 million for the 12-month period ended December 31, 2021, and up to approximately $6.6 million for the 12-month period ended December 31, 2020." *Id.*  As a result, the Company stated that it would be unable to file its annual report on time.  *Id.*

On this news, the Company's share price fell $0.1597, or 15.5%, to close at $0.8703 per share on March 13, 2023, injuring investors.  ¶¶4, 37.

## III.   ARGUMENT

### A.   The Actions Should Be Consolidated

Under Rule 42(a), consolidation is appropriate when actions involve common questions of law or fact.  *See* Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).   Class action shareholder suits are ideally suited for consolidation pursuant to Rule 42(a).  *See Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001).   "'In securities actions where the complaints are based on the same "public statements and reports," consolidation is appropriate if there are common questions of law and fact and the [parties] will not be prejudiced.'"  *Id.*; *see also Dolan v. Axis Capital Holdings Ltd.*, No. 04 Civ. 8564, 2005 WL 883008, at *1 (S.D.N.Y. Apr. 13, 2005).

The two above-captioned actions present nearly identical factual and legal issues and allege the same violations of the federal securities laws against nearly identical defendants and on behalf of very similar classes.  Because the Actions are based on the same facts and involve the same subject matter, discovery obtained in one lawsuit will undoubtedly be relevant to all others and common questions of law and fact will predominate in these actions.  Accordingly, consolidation under Rule 42(a) is appropriate here.  *See similarly Tsirekidze v. Syntax-Brillian Corp.*, No. CV-07-2204-PHX-FJM, 2008 WL 942273, at *1 (D. Ariz. Apr. 7, 2008)

4

**B.      Movant Should Be Appointed Lead Plaintiff**

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by a class member in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the court decides any pending motion to consolidate.  *See e.g.*, 15 U.S.C. §78u-4(a)(3)(B).  The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" – *i.e.*, the plaintiff most capable of adequately representing the interests of the class – is the class member that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See, e.g.*, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

The presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff":

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

*See, e.g.*, 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the forgoing criteria and has complied with all the PSLRA's requirements to be appointed Lead Plaintiff.  Movant has, to the best of his knowledge, the largest financial interest in the Actions – having lost over $377,000 – and meets the relevant requirements of Rule 23.  *See* Wotkyns Decl., Ex. C (loss chart).  In addition, Movant is not aware of any unique defenses that Defendants could raise against

him that would render him inadequate to represent the Class.  Accordingly, Movant respectfully submits that he should be appointed Lead Plaintiff.

### 1.   Movant's Motion Is Timely

On April 25, 2023, counsel for Plaintiff caused a notice to be published over *Businesswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against Defendants and advised investors of Edgio securities that they had until June 26, 2023 – *i.e.*, 60 days – to file a motion to be appointed as Lead Plaintiff.  *See* Wotkyns Decl., Ex. A (the "Notice").  Counsel for plaintiff in the *Marinelli* Action filed a notice of that action on June 23, 2023.  *See* Wotkyns Decl., Ex. B.

Movant timely filed his motion within the 60-day period following publication of the Notice and has submitted herewith a sworn certification attesting that he is willing to serve as a representative party on behalf of the Class and providing his transactions in Edgio securities.  *See* Wotkyns Decl., Ex. D  By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as Lead Plaintiff.

### 2.   Movant Has the Largest Financial Stake in the Relief Sought by the Class

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the [movant with] the largest financial interest in the relief sought by the class." *See, e.g.*, 15 U.S.C. §78u-4(a)(3)(B)(iii); *see also Richardson v. TVIA, Inc.*, No. C 06 06304, 2007 WL 1129344, at *2 (N.D. Cal. Apr. 16, 2007) (discussing the PSLRA lead plaintiff appointment process).  Courts generally agree that approximate losses suffered are most determinative in identifying the plaintiff with the largest financial interest in the case. *Id.* at *4.

Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, that he should be presumed to be the "most adequate plaintiff."  Movant purchased Edgio securities at prices alleged to have been artificially inflated as a result of Defendants' false and

misleading statements and was injured thereby.  As a result of the alleged wrongdoing, Movant suffered a loss of approximately $377,000.[3]  *See* Wotkyns Decl., Ex. C.  Movant is unaware of any other Class member claiming a larger financial interest in the Actions. Consequently, Movant believes that he has the "largest financial interest in the relief sought by the Class[.]"  *See, e.g.*, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

### 3.     Movant Is Otherwise Qualified Under Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff movant must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient.  *Smilovits v. First Solar, Inc.*, No. CV12-0555-PHX-DSG, 2012 WL 3002513, at *3 (D. Ariz. July 23, 2012).  Moreover, "[o]nly two requirements of Rule 23, . . . 'typicality' and 'adequacy,' are relevant to the selection of lead plaintiff."  *Tsirekidze* 2008 WL 942273, at *2 (citing *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002)). Furthermore, only a "preliminary showing" of typicality and adequacy is required at this

---

[3]     This loss calculation uses the longer class period alleged in the *Marinelli* Complaint. Courts generally use the longer alleged class period for the purpose of lead plaintiff determinations. *See, e.g.*, *Ali v. Intel Corp.*, No. 18-CV-00507-YGR, 2018 WL 2412111, at *2 n.6 (N.D. Cal. May 29, 2018) ("For the purpose of determining lead plaintiff, use of the longer, most inclusive class period [ ] is proper, as it encompasses more potential class members[.]").  Movant's estimated loss under the shorter class period, alleged in the first-filed action, is $183,000.

7

stage. *See Hall v. Medicis Pharm. Corp.*, No. CV08-1821-PHX-GMS, 2009 WL 648626, at *7-8 (D. Ariz. Mar. 11, 2009). Movant goes beyond this requirement and provides a declaration further demonstrating his adequacy to represent the Class. *See* Wotkyns Decl., Ex. E.

The typicality requirement of Rule 23(a)(3) is satisfied when the representative party "'has suffered the same injuries as other class members as a result of the same conduct by defendants and has claims based on the same legal issues.'" *See*, *e.g.*, *Westley v. Oclaro, Inc.*, No. C-11-2448, 2011 WL 4079178, at *2 (N.D. Cal. Sept. 12, 2011). Here, Movant's claims are typical of the claims of the other members of the putative Class because, like all other Class members, he purchased Edgio securities during the Class Period, was adversely affected by Defendants' alleged misconduct, and suffered damages as a result thereof. *See Russo v. Finisair Corp.*, No. 5:CV 11-01252, 2011 WL 5117560, at *4 (N.D. Cal. Oct. 27, 2011) (discussing ways in which a lead plaintiff movant can meet the typicality requirement). Since Movant's claims are based on the same legal theories and arise "from the same event or practice or course of conduct that gives rise to the claims of other class members," typicality is satisfied. NEWBERG ON CLASS ACTIONS §3:13 (4th ed. 2008); *see also Briggs v. Adel*, No. CV-18-02684-PHX-EJM, 2020 WL 4003123, at *6 (D. Ariz. July 15, 2020).

With respect to adequacy of representation, the requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *See Teamsters Loc. 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, No. 2:06-CV-2674-PHX-RCB, 2007 WL 2692217, at *6 (D. Ariz. Sept. 11, 2007) (quoting *Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Ca. 2004)); *Newton-Nations v. Rogers*, 221 F.R.D. 509 (D. Ariz. 2004) (noting that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and

NOTICE OF MOTION & MOTION OF PETER FROUWS FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLTF.; AND (3) APPROVAL OF SELECTION OF CO-LEAD COUNSEL; AND MEMO. OF POINTS & AUTHORITIES ISO
Case No. 2:23-cv-00691-DJH

the class they seek to represent.'" (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

Movant is an adequate representative for the Class because his interests are clearly aligned with the interests of the putative Class. Like all other members of the Class, Movant suffered losses as a result of Defendants' alleged wrongdoing. Movant, therefore, will benefit from the same relief as other Class members. Moreover, there is no evidence of antagonism or conflict between Movant's interests and the interests of the Class, and the significant loss incurred by Movant demonstrates that he has sufficient interest in the outcome of the litigation.

Movant has also demonstrated that he is an adequate representative in this matter by retaining competent and experienced counsel. As shown below, Scott+Scott and SLF are highly qualified, experienced, and able to conduct this complex litigation together in a professional manner.

Accordingly, Movant has made a *prima facie* showing that he satisfies all of the requirements of Rule 23 for the purposes of this motion.

**C.     The Court Should Approve Movant's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See, e.g.*, 15 U.S.C. §78u-4(a)(3)(B)(v); *In re Cavanaugh*, 306 F.3d 726, 734-35 (9th Cir. 2002). As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class[.]" *See, e.g.*, 15 U.S.C. §78u-41(a)(3)(B)(iii)(II)(aa); *see also Cohen v. U.S. Dist. Ct. for N. Dist. of California*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)); *Cavanaugh*, 306 F.3d 733.

Movant has selected the law firms of Scott+Scott and SLF to represent the Class. Both Scott+Scott and SLF have substantial experience in the prosecution of securities fraud class actions and possess the necessary resources to efficiently conduct this litigation. *See*

9

Wotkyns Decl., Exs. F & G (firm résumés).  Specifically, Scott+Scott has served as lead or co-lead counsel in many high-profile class actions and recovered hundreds of millions of dollars for victims of corporate fraud.[4]  SLF has served as additional counsel in many successful securities class actions.[5]

Scott+Scott's efforts have not gone unnoticed by the courts.  For instance, in *Cornwell v. Credit Suisse Grp.*, No. 08-cv-03758, 2011 WL 13263367, at *2 (S.D.N.Y. July 20, 2011), a case in which Scott+Scott served as co-lead counsel and recovered $70 million for the class, the Court stated:

> Lead Plaintiff's counsel demonstrated that notwithstanding the barriers erected by the PSLRA, they would develop evidence to support a convincing case.  Based upon Lead Plaintiff's counsel's diligent efforts on behalf of the Settlement Class, as well as his skill and reputations, Lead Plaintiff's counsel were able to negotiate a very favorable result for the Settlement Class.  Lead Plaintiff's counsel are among the most experienced and skilled practitioners in the securities litigation field, and have unparalleled experience and capabilities as preeminent class action specialists.

Scott+Scott currently serves as lead or co-lead counsel in securities fraud class actions in this Circuit and across the country.  *See Sundaram v. Freshworks, Inc.*, No. 3:22-cv-6750 (N.D. Cal.); *Abadilla v. Precigen, Inc.*, No. 20-cv-06936 (N.D. Cal.); *City of Birmingham Relief and Retirement System v. Acadia Pharmaceuticals Inc.*, No. 21-cv-762 (S.D. Cal.); *Golubowski v. Robinhood Markets*, No. 21-cv-9767 (N.D. Cal.); *Strezsak v.*

---

[4]  Recoveries obtained by Scott+Scott, acting as lead or co-lead counsel, include: *Okla. Firefighters Pension & Ret. Sys. v. Newell Brands Inc.*, No. L-003492-18 (N.J. Sup. Ct. Hudson Cnty.) ($102.5 million settlement); *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.) ($50 million); *Weston v. RCS Capital Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am., N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *In re Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Irvine v. ImClone Sys., Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million); and *In re Conn's, Inc. Sec. Litig.*, No. 4:14-cv-00548 (S.D. Tex.) ($22.5 million).

[5]  Recoveries obtained in securities class actions in which SLF acted as additional counsel include: *Erickson v. Snap, Inc.*, No. 17-CV-03679 (C.D. Cal.) ($187.5 million settlement); *Klein v. Altria Group, Inc.*, No. 3:20-cv-00075 (E.D. V.A.) ($90 million settlement); *St. Clair County Employees' Retirement System v. Resideo Technologies, Inc.*, No. 0:19-CV-02863 (D. Minn.) ($55 million settlement).

*Ardelyx Inc.*, No. 21-cv-5868 (N.D. Cal.); *Pompano Beach Police and Firefighters Retirement System v. Olo Inc.*, No. 22-cv-8228 (S.D.N.Y) (appointed lead counsel); *Jochims v. Oatly Group AB*, No. 22-cv-6360 (S.D.N.Y.) (appointed lead counsel); *Zhou v. NextCure, Inc.*, No. 20-cv-7772 (S.D.N.Y.) (appointed lead counsel).  SLF currently serves as co-lead counsel in *In re The Hain Celestial Group Inc. Sec. Litig.*, No. 2:16-cv-04581 (E.D.N.Y.) and on the executive committee of counsel in *Tan v. Goldman Sachs Group Inc.*, No. 21-CV-08413 (S.D.N.Y) (and related cases).  In addition, Scott+Scott and SLF have experience working together on securities class actions, including on the executive committee of *Tan*.

In light of the foregoing, the Court should approve Movant's selection of Scott+Scott and SLF as Co-Lead Counsel.  The Court can be assured that by approving Movant's choice of counsel, the putative Class will receive the highest caliber of representation.

## IV.   CONCLUSION

For all the foregoing reasons, Frouws requests the Court: (1) consolidate the above-captioned actions; (2) appoint him as Lead Plaintiff; and (3) approve his selection of Scott+Scott and SLF to serve as Co-Lead Counsel.

Dated: June 26, 2023

**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**

 s/ *Garrett W. Wotkyns*
Garrett W. Wotkyns
8068 East Del Acero Drive
Scottsdale, AZ 85258
Telephone: 480-889-3514
Facsimile:  212-233-6334
gwotkyns@scott-scott.com

**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
Thomas L. Laughlin, IV
(*pro hac vice* forthcoming)
Rhiana Swartz (*pro hac vice* forthcoming)

11

Jonathan M. Zimmerman
(*pro hac vice* forthcoming)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-233-6444
Facsimile:  212-233-6334
tlaughlin@scott-scott.com
rswartz@scott-scott.com
jzimmerman@scott-scott.com

*Counsel for Lead Plaintiff Movant Peter Frouws and Proposed Co-Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian J. Schall (*pro hac vice* forthcoming)
Ivy T. Ngo (*pro hac vice* forthcoming)
Rina Restaino (*pro hac vice* forthcoming)
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: 310-301-3335
Facsimile:  310-388-0192
brian@schallfirm.com
ivy@schallfirm.com
rina@schallfirm.com

*Counsel for Lead Plaintiff Movant Peter Frouws and Proposed Co-Lead Counsel for the Class*

12

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2023, I caused the foregoing document to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

Executed on June 26, 2023, at Scottsdale, Arizona.


 s/ *Garrett W. Wotkyns*
Garrett W. Wotkyns

13