WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mehran Esfandiari, | No. CV-23-00691-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Edgio Incorporated, et al., | |
| Defendants. | |

Before the Court is Peter Frouws' ("Movant's") Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Co-Lead Counsel.[1] (Doc 15). Three other class members filed similar motions. (*See* Docs. 10, 11, and 12). These other class members have since acknowledged that Movant has the largest financial interest in this matter and is therefore the most adequate class member to serve as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (Private Securities Litigation Reform Act of 1995 (the "PSLRA")). (Docs. 16, 17, and 18). Thus, Movant's appointment as Lead Plaintiff, choice of Co-Lead Counsel, and request for Consolidation of Related Actions are now unopposed. Having considered Movant's Motion, as well as the Notices of Non-Opposition from other class members, the Court hereby enters the following Order:

**I.     Consolidation**

Movant argues in his Motion that two separate actions should be consolidated because they present nearly identical factual and legal issues. (Doc. 15 at 4). Rule 42(a)(2)

---

[1] Movant nominates Scott+Scott Attorneys at Law LLP ("Scott+Scott") and The Schall Law Firm ("SLF") to serve as co-lead counsel. (Doc. 15 at 1).

of the Federal Rules of Civil Procedure states that if an action before the Court "involves a common question of law or fact" the Court may consolidate the actions. Fed. R. Civ. P. 42(a)(2). Likewise, under the PSLRA, consolidation is appropriate "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. § 78u–4(a)(3)(B) (ii). The actions Movant seeks to consolidate are *Esfandiari v. Edgio, Inc., et al.*, Case No. 2:23-cv-00691-DJH, and *Marinelli v. Edgio, Inc. et al.*, Case No. 2:23-cv-01170-SMM.

The Complaints in both of these actions allege that Edgio Incorporated, et al., ("Defendants") defrauded investors in violation of Section 10(b) and 20(a) the Securities Exchange Act of 1934 (the "Exchange Act"). ( 2:23-cv-00691-DJH Doc. 1 at 2; 2:23-cv-01170-SMM Doc. 1 at 2). Indeed, as Movant argues, these separate actions assert nearly identical factual and legal allegations. (*See id*). As well, no party has opposed consolidation of these actions. (Docs. 16, 17, and 18). Therefore, the Court finds that consolidation is proper. *See* Fed. R. Civ. P. 42; *see also In re MicroStrategy Inc. Sec. Litig.*, 110 F.Supp.2d 427, 431 (E.D. Va. 2000) ("[C]onsolidation is often warranted where multiple securities fraud class actions 'are based on the same public statements and reports.'") (quoting *Werner v. Satterlee, Stephens, Burke & Burke*, 797 F.Supp. 1196, 1211 (S.D.N .Y. 1992)). Thus, Movant's Motion to Consolidate is **granted**.

The Court also notes that this Court's local rules provide several factors that may be considered in determining the Judge to whom the case or cases will be assigned, including: "(1) whether substantive matters have been considered in a case; (2) which Judge has the most familiarity with the issues involved in the cases; (3) whether a case is reasonably viewed as the lead or principal case; or (4) any other factor serving the interest of judicial economy." LRCiv 42.1(d). Here, each of these two actions are in an early stage of litigation and no substantive matters have been ruled on in either case. Given that this Court has considered the instant motions and is currently assigned the case that was filed first, the Court assigns the consolidated case to itself. *See Hall v. Medicis Pharm. Corp.*, 2009 WL 648626, at *2 (D. Ariz. Mar. 11, 2009) (citing LRCiv 42.1(a)(4)) (assigning

consolidated cases to the court who considered the motion for consolidation and was assigned the case that was filed first).

## II. Appointment As Lead Plaintiff

Movant has also requested that the Court appoint him as Lead Plaintiff in the consolidated action. Movant argues that he is the most adequate class member to be appointed as Lead Plaintiff as he has the largest financial interest at stake and is otherwise qualified under Federal Rule of Civil Procedure 23. (Doc. 1 at 6). Three other class members who sought appointment as Lead Plaintiff have also rescinded their motions and have recognized that Movant is the most adequate class member to serve as Lead Plaintiff. (Docs. 16, 17, and 18).

In a PSLRA class action, the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u–4(a) (3)(B)(i). The Court should "presume" that the most adequate plaintiff is the plaintiff who: (1) has either filed a complaint or moved to be named lead plaintiff, (2) has the largest financial interest in the relief sought by the class, and (3) satisfies the requirements of Federal Rule of Civil Procedure 23. *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). Rule 23(a) requires that "the claims or defenses of the representative parties are *typical* of the claims or defenses of the class" and that "the representative parties will *fairly* and *adequately* protect the interests of the class." Fed. R. Civ. P. 23(a) (emphasis added). If a party becomes the presumptive lead plaintiff, that presumption may be rebutted only upon "proof" that the party "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *See Smilovits v. First Solar, Inc.*, 2012 WL 3002513, at *3 (D. Ariz.

July 23, 2012). The requirements of "typicality" and "adequacy" are particularly important for a movant to meet this *prima facie* showing under Rule 23. *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

"Typicality" is satisfied when "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Hall*, 2009 WL 648626, at *3 (internal citations omitted). To determine whether named plaintiffs will adequately represent a class, the Ninth Circuit instructs that the Court must resolve two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011) (internal citations omitted). Adequate representation depends on, among other factors, "an absence of antagonism between representatives and absentees, and a sharing of interest between representatives and absentees." *Id*.

Here, Movant has moved to be named Lead Plaintiff, alleges that he has the largest financial interest in the relief sought by the class, and alleges that he is otherwise qualified to serve as the classes representative under Rule 23(a). (Doc. 15 at 6–7). Indeed, Movant's claims arise from the same course of events as other class members: the collective claim that Defendant has defrauded investors in violation of Section 10(b) and 20(a) of the Exchange Act. (2:23-cv-00691-DJH Doc. 1 at 2; 2:23-cv-01170-SMM Doc. 1 at 2). Like all other members of the Class, Movant alleges that he has suffered losses as a result of Defendant's alleged wrongdoing, therefore, Movant argues that he and other class members will benefit from the same relief. (Doc. 15 at 9). From this, the Court finds that Movant has made a *prima facie* showing that he meets Rule 23's typicality requirement. *See Hall*, 2009 WL 648626, at *3.

The Court further finds that Movant has also met the adequacy requirement of Rule 23. The other movants have stepped aside to allow Movant to be named Lead Plaintiff. (Docs. 16, 17, and 18). This bolsters Movant's argument that he is an adequate

representative in this matter due to his large financial interest, as well as his initiative in retaining "competent and experienced counsel." (*See* Doc. 15 at 9). Because there is an "absence of antagonism" between Movant and other class members as well as a "sharing of interest," Movant has made a *prima facie* showing that he would serve as an adequate Lead Plaintiff. *Ellis*, 657 F.3d at 985. Thus, the Court also finds that Movant will fairly and adequately protect the interests of the Class. *See* Fed. R. Civ. P. 23(a).

Having considered the provisions of the PSLRA, codified at §21D of the Exchange Act, 15 U.S.C. §78u-4(a)(3)(B), the Court has determined that Movant is the most adequate lead plaintiff and satisfies the requirements of the PSLRA. The Court hereby appoints Movant Peter Frouws as Lead Plaintiff to represent the interests of the Class in this consolidated action (the "Action").

### III. Appointment of Lead Counsel

Finally, Movant requests that the Court appoint the counsel that he has selected and retained to serve as Co-Lead Counsel. (Doc. 15 at 1). The Court approves Movant's selection of Scott+Scott and SLF as Co-Lead Counsel for the Action.

Once a lead plaintiff has been designated, that plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v). "The statute vests the initial selection with the plaintiff; the court's role is limited to approval of that choice." *Hall*, 2009 WL 648626, at *6. No objection has been raised as to the adequacy of Movant's selected Co-Lead Counsel. In fact, the other movants endorsed Movant's claim as well as his chosen counsel. (*See* Docs. 16, 17, and 18). Thus, Movant's Motion to Appoint Co-Lead Counsel is **granted**.

Co-Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel who Co-Lead Counsel shall designate: (a) to coordinate the briefing and argument of any and all motions; (b) to coordinate the conduct of any and all discovery proceedings; (c) to coordinate the examination of any and all witnesses in depositions; (d) to coordinate the selection of counsel to act as spokesperson(s) at all pretrial conferences; (e) to call meetings of the plaintiffs' counsel as they deem

necessary and appropriate from time to time; (f) to coordinate all settlement negotiations with counsel for Defendants; (g) to coordinate and direct pretrial discovery proceedings, preparation for trial, and trial of this matter and delegate work responsibilities to selected counsel as may be required; (h) to coordinate the preparation and filings of all pleadings; and (i) to supervise all other matters concerning the prosecution or resolution of the claims asserted in the Action.

Lead Counsel shall be the contact between plaintiffs and plaintiffs' counsel and Defendants' counsel. Lead Counsel shall act as the spokespersons for all plaintiffs' counsel and shall direct and coordinate the activities of plaintiffs' counsel. Lead Counsel shall also be the contact between the Court, plaintiffs and their counsel.

## IV. Newly Filed or Transferred Actions

When a case that arises out of the subject matter of this Action is hereinafter filed in this Court or transferred to this Court from another court, the clerk of this Court shall: (a) file a copy of this Order in the separate file for such action; filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and (c) make the appropriate entry in the docket for this Action.

Each new case arising out of the subject matter of this Action that is filed in this Court or transferred to this Court shall be consolidated with the Action and this Order shall apply thereto, unless a party objecting to this Order or any provision of this Order shall, within 10 days after the date upon which a copy of this Order is served on counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody, or control, including computer-generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or may lead to the discovery of information relevant to the subject matter of the pending litigation.

Accordingly,

**IT IS ORDERED** that Movant Peter Frouws' Motion (Doc. 15) is **GRANTED**. Movant is appointed as the Lead Plaintiff in this Action and the law firms of Scott+Scott Attorneys at Law LLP and the Schall Law Firm are appointed as Co-Lead Counsel.

**IT IS FURTHER ORDERED** that the Clerk of Court shall kindly consolidate *Marinelli v. Edgio, Inc. et al.*, Case No. 2:23-cv-01170-SMM & *Esfandiari v. Edgio, Inc., et al.*, Case No. 2:23-cv-00691-DJH under the lower case number, *Esfandiari v. Edgio, Inc., et al.*, Case No. 2:23-cv-00691-DJH.

**IT IS FURTHER ORDERED** that all future filings pertaining to these cases shall be filed in *Esfandiari v. Edgio, Inc., et al.*, Case No. 2:23-cv-00691-DJH only.

**IT IS FINALLY ORDERED** that the other Motions seeking appointment as Lead Plaintiff by other class members (Docs. 10, 11, and 12) are **DENIED** as moot.

Dated this 3rd day of November, 2023.

Honorable Diane J. Humetewa
United States District Judge