**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mehran Esfandiari, et al., | No. CV-23-00691-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Edgio Incorporated, et al., | |
| Defendants. | |

The Court has received the Notice of Suggestion of Bankruptcy for Defendant Edgio Incorporated. (Doc. 40). Because of this, the automatic stay under 11 U.S.C. § 362(a) is in effect for Defendant Edgio. *See Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1214 (9th Cir. 2002) ("The plain language of § 362(a)(1) [of the Bankruptcy Code] prohibits the continuation of judicial actions.").

Ultimately, Plaintiff is required to prosecute this case. *See O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1110 (9th Cir. 2006) (noting that the bankruptcy stay did not preclude dismissal of the case against debtor based on plaintiff's failure to prosecute). To that end, Plaintiff generally must either dismiss his claim against Defendant Edgio without prejudice and pursue that claim in bankruptcy court or file a motion in the bankruptcy court to lift the automatic stay to permit his claim against Defendant Edgio to proceed in this Court.

The Court also notes that there is currently a fully briefed Motion to Dismiss awaiting resolution which all Defendants have brought collectively. (Doc. 37). Plaintiff has brought claims for (1) violation of §10(b) of the Securities Exchange Act and Rule

10b-5 against all Defendants and (2) violation of §20(a) of the Act against the individual defendants. (Doc. 32 at ¶¶ 169–74). The Section 20(a) claim alleges that the individual Defendants acted as "controlling persons" of Defendant Edgio. (*Id.* at ¶ 174). The automatic bankruptcy stay does not necessarily automatically extend to the individual Defendants Robert Lyons, Daniel Boncel, and Stephen Cumming. *See e.g., In re Chugach Forest Prods., Inc.*, 23 F.3d 241, 246 (9th Cir. 1994). However, without an underlying violation of the Securities Exchange Act by Defendant Edgio, there can be no "controlling person" liability under Section 20(a). *In re Netflix, Inc., Sec. Litig.*, 923 F. Supp. 2d 1214, 1226 (N.D. Cal. 2013)

Accordingly,

**IT IS ORDERED** that the claims against Defendant Edgio only are stayed and will be dismissed, without prejudice, without further notice on **March 7, 2025**, unless prior thereto the Court is advised that the bankruptcy stay has been lifted, or a request for a lifting of the bankruptcy stay has not been ruled upon by the bankruptcy court.

**IT IS FURTHER ORDERED** that the pending Motion to Dismiss (Doc. 37) is denied without prejudice to re-file within 14 days of the stay being lifted in this Court. *See In re Miller*, 262 B.R. 499, 503 (B.A.P. 9th Cir. 2001); *In re Perryman*, 631 B.R. 899, 903 (B.A.P. 9th Cir. 2021).

Dated this 27th day of February, 2025.

Honorable Diane J. Humetewa
United States District Judge