David B. Rosenbaum, 009819
Joseph N. Roth, 025725
OSBORN MALEDON, P.A.
2929 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012-2793
(602) 640-9000
drosenbaum@omlaw.com
jroth@omlaw.com

Scott B. Luftglass (*pro hac vice*)
Michael P. Sternheim (*pro hac vice*)
FRIED, FRANK, HARRIS,
SHRIVER & JACOBSON LLP
One New York Plaza
New York, New York 10004
(212) 859-8000
scott.luftglass@friedfrank.com
michael.sternheim@friedfrank.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Mehran Esfandiari, Individually and on Behalf of All Others Similarly Situated, | No. 2:23-cv-00691-DJH |
| Plaintiffs, | |
| v. | **DEFENDANT STEPHEN CUMMING'S ANSWER AND DEFENSES TO THE AMENDED COMPLAINT** |
| Robert Lyons, Daniel Boncel, and Stephen Cumming, | |
| Defendants. | |

Defendant Stephen Cumming ("Cumming" or "Defendant"), by his undersigned attorneys, submits this Answer and Defenses to the Amended Complaint for Violation of the Federal Securities Laws (ECF No. 32, the "Amended Complaint"), filed on January 29, 2024 by court-appointed Lead Plaintiff Peter Frouws ("Plaintiff") against defendants Robert Lyons, Daniel Boncel, and Stephen Cumming ("Defendants"), as well as former defendant Edgio, Inc. ("Edgio" or the "Company").[1]

The Answer is based on Cumming's current knowledge, and he reserves the right to revise and/or supplement this Answer. Except as otherwise stated herein, Cumming denies every allegation in the Amended Complaint. Cumming also denies any averments in the table of contents, headings, subheadings, footnotes, appendices, tables, or exhibits of the Amended Complaint. Cumming responds only on behalf of himself as to the allegations and claims in this matter.

Cumming denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Plaintiff's purported investigation, and otherwise denies the allegations in the Amended Complaint's introductory paragraph.

### ANSWER

**RESPONSE NO. 1:** The allegations in Paragraph No. 1 are legal conclusions to which no response is required. To the extent a response is required, Cumming denies the allegations in Paragraph No. 1, except admits that Plaintiff purports to describe the nature of this litigation.

**RESPONSE NO. 2:** Cumming denies the allegations in Paragraph No. 2, except admits that Plaintiff purports to characterize Edgio's business and respectfully refers the

---

[1] Pursuant to this Court's order on March 17, 2025, defendant Edgio was dismissed from this litigation without prejudice because Edgio and certain of its affiliated subsidiaries (collectively, the "Debtors") filed for relief under Chapter 11 of Title 11 of the United States Code in the United Stated Bankruptcy Court for the District of Delaware on September 9, 2024. On June 30, 2025, the Debtors' court-approved chapter 11 plan was substantially consummated and, as a result, Edgio ceased to be a publicly traded company and the reorganized Debtors emerged from their chapter 11 proceedings as a privately-held company (the "Reorganization").

Court to Edgio's public filings with the United States Securities and Exchange Commission (the "SEC") for a summary of Edgio's business and operations.

**RESPONSE NO. 3:** Cumming denies the allegations in the first and second sentences of Paragraph No. 3, except admits that Lyons was named Edgio's President and CEO in early 2021 and that Plaintiff purports to characterize Edgio's business, and respectfully refers the Court to Edgio's public filings with the SEC for a summary of Edgio's business and operations. Cumming denies the allegations in the third, fourth, and fifth sentences of Paragraph No. 3, except admits that Plaintiff purports to characterize statements made by others during an earnings call Edgio held on February 11, 2021 (the "February 2021 Earnings Call"), and respectfully refers the Court to the transcript of the February 2021 Earnings Call for a complete and accurate statement of its contents and to Edgio's public filings with the SEC for a summary of Edgio's business, strategy, and operations.

**RESPONSE NO. 4:** Cumming denies the allegations in Paragraph No. 4, except admits that Edgio completed an acquisition of Moov Corporation, a California corporation doing business as Layer0 ("Layer0"), in September 2021 and completed an acquisition of Edgecast from Yahoo! Inc. in June 2022, and respectfully refers the Court to Edgio's public filings with the SEC for a summary of Edgio's business, strategy, and operations, as well as the acquisitions of Layer0 and Edgecast.

**RESPONSE NO. 5:** Cumming denies the allegations in Paragraph No. 5, except admits that Plaintiff purports to characterize unspecified statements regarding Edgio's business in the Company's filings with the SEC and in the Company's earnings calls and respectfully refers the Court to those filings and transcripts of those calls for a complete and accurate statement of their contents.

**RESPONSE NO. 6:** Cumming denies the allegations in Paragraph No. 6.

**RESPONSE NO. 7:** Cumming denies the allegations in the first, second, and fourth sentences of Paragraph No. 7, except admits that (a) on March 13, 2023, Edgio publicly disclosed that certain of its previously issued financial statements would have to

be restated; and (b) Plaintiff purports to characterize Edgio's Current Report publicly filed with the SEC on Form 8-K on March 13, 2023 (the "March 2023 8-K") and respectfully refers the Court to that document for a complete and accurate statement of its contents. Cumming denies the allegations in the third sentence of Paragraph No. 7, except admits that, on June 23, 2023, Edgio issued a restatement of its previously issued financial statements for fiscal years 2020 and 2021, and the quarterly periods ended March 31, 2021, June 30, 2021, September 30, 2021, March 31, 2022, June 30, 2022, and September 30, 2022 (the "Restatement"), and respectfully refers the Court to the Company's Annual Report for the fiscal year 2022, publicly filed with the SEC on Form 10-K on June 23, 2023 (the "FY22 10-K"), which contained the Restatement, for a complete and accurate statement of its contents and a complete and accurate description of the Restatement.

**RESPONSE NO. 8:** Cumming denies the allegations in Paragraph No. 8, except admits that, in the March 2023 8-K, Edgio publicly disclosed that certain of its previously issued financial statements would have to be restated and respectfully refers the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 9:** The allegations in Paragraph No. 9 are legal conclusions to which no response is required. To the extent a response is required, Cumming denies the allegations in Paragraph No. 9, except admits that Plaintiff purports to describe the nature of this litigation.

**RESPONSE NO. 10:** The allegations in Paragraph No. 10 are legal conclusions to which no response is required. To the extent a response is required, Cumming denies the allegations in Paragraph No. 10, except admits that Plaintiff purports to describe the nature of this litigation.

**RESPONSE NO. 11:** Cumming denies the allegations in Paragraph No. 11, except admits that Plaintiff purports to assert claims under various U.S. federal securities laws in the Amended Complaint, and therefore, this Court has jurisdiction over those claims.

**RESPONSE NO. 12:** Cumming does not challenge the assertion of venue in this Court. The allegations in Paragraph No. 12 set forth legal conclusions to which no

response is required.  To the extent a response is required, Cumming (a) denies the allegations in the first sentence of Paragraph No. 12; and (b) admits the allegations in the second sentence of Paragraph No. 12.

**RESPONSE NO. 13:** The allegations in Paragraph No. 13 are legal conclusions to which no response is required.  To the extent a response is required, Cumming denies the allegations in Paragraph No. 13.

**RESPONSE NO. 14:** Cumming admits the allegations in the first sentence of Paragraph No. 14.  Cumming denies the allegations in the second sentence of Paragraph No. 14, except avers that Cumming lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's purchase of Edgio common stock during the putative class period alleged in the Amended Complaint (the "Class Period") and on that basis denies them.

**RESPONSE NO. 15:** Cumming admits the allegations in Paragraph No. 15 as of the date the Amended Complaint was filed, and respectfully refers the Court to Edgio's public filings with the SEC for a summary of Edgio's business and operations.

**RESPONSE NO. 16:** Cumming admits the allegations in Paragraph No. 16.

**RESPONSE NO. 17:** Cumming admits the allegations in the first sentence of Paragraph No. 17.  Cumming denies the allegations in the second sentence of Paragraph No. 17.

**RESPONSE NO. 18:** Cumming denies the allegations in the first and second sentences of Paragraph No. 18, except admits that (a) Boncel served as Edgio's Chief Financial Officer ("CFO") at the start of the Class Period and held that role until August 20, 2022, at which time Boncel became the Company's principal accounting officer, a role Boncel held until December 31, 2022; and (b) Cumming served as the Company's CFO starting on August 20, 2022.  Cumming denies the allegations in the third and fourth sentences of Paragraph No. 18.

**RESPONSE NO. 19:** Cumming denies the allegations in the first sentence of Paragraph No. 19, except admits that Cumming served as Edgio's CFO from August 22,

2022, through the end of the Class Period.  Cumming denies the allegations in the second and third sentences of Paragraph No. 19.

**RESPONSE NO. 20:** The allegations in the first and third sentences of Paragraph No. 20 are legal conclusions to which no response is required.  To the extent a response is required, Cumming denies the allegations in the first and third sentences of Paragraph No. 20.  Cumming denies the remaining allegations in Paragraph No. 20.

**RESPONSE NO. 21:** Cumming denies the allegations in the first and second sentences of Paragraph No. 21, except admits that Plaintiff purports to characterize Edgio's business prior to the Reorganization and respectfully refers the Court to Edgio's public filings with the SEC for a summary of Edgio's business and operations.  Cumming admits the allegations in the third sentence of Paragraph No. 21 and respectfully refers the Court to the Company's Annual Report for the fiscal year ending December 31, 2020, which was publicly filed with the SEC on Form 10-K on February 12, 2021 (the "FY20 10-K") for a complete and accurate statement of its contents and a summary of Edgio's business and operations.

**RESPONSE NO. 22:** Cumming admits the allegations in the first sentence of Paragraph No. 22.  Cumming denies the allegations in the second sentence of Paragraph No. 22, except admits that Plaintiff purports to characterize and selectively quote statements made by others during the February 2021 Earnings Call and respectfully refers the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 23:** Cumming denies the allegations in the first sentence of Paragraph No. 23 and the footnote thereto, except admits that (a) in July 2021, Edgio publicly announced that it had entered into an agreement to acquire Layer0; and (b) Plaintiff purports to characterize and selectively quote the Current Report Edgio publicly filed with the SEC on Form 8-K on July 28, 2021 and respectfully refers the Court to that document for a complete and accurate statement of its contents.  Cumming denies the allegations in the second, third, fourth, and fifth sentences of Paragraph No. 23, except admits that Plaintiff purports to characterize and selectively quote statements made by

others during Edgio's public earnings call on July 29, 2021 and respectfully refers the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 24:** Cumming denies the allegations in the first, third, fourth, and fifth sentences of Paragraph No. 24. Cumming denies the allegations in the second sentence of Paragraph No. 24, except admits that Plaintiff purports to characterize information purportedly provided to Plaintiff by unidentified confidential witnesses ("CWs") and avers that Cumming lacks knowledge or information sufficient to form a belief as to whether those unidentified CWs provided that information to Plaintiff.

**RESPONSE NO. 25:** Cumming denies the allegations in Paragraph No. 25 and the footnotes thereto, except admits that Plaintiff purports to characterize and selectively quote the March 2023 8-K and respectfully refers the Court to that document for a complete and accurate statement of its contents and to Edgio's public filings with the SEC for a summary of Edgio's business, strategy, and operations.

**RESPONSE NO. 26:** Cumming denies the allegations in Paragraph No. 26 and footnotes 5 and 7 thereto, except admits that (a) Edgio issued the Restatement; and (b) Plaintiff purports to characterize and selectively quote the March 2023 8-K and FY22 10-K, and respectfully refers the Court to those documents for a complete and accurate statement of their contents. Cumming denies the allegations in footnote 6 of Paragraph No. 26, except admits that Plaintiff purports to characterize and define Financial Accounting Standards Board ("FASB") Accounting Standards Codification ("ASC") provisions, including ASC 842-40-25-2, and SEC Regulation S-X, including 17 C.F.R. §210.4-01(a)(1), and respectfully refers the Court to those provisions for a complete and accurate statement of their contents.

**RESPONSE NO. 27:** Cumming denies the allegations in Paragraph No. 27 and the footnote thereto, except admits that Plaintiff purports to characterize and selectively quote the March 2023 8-K and respectfully refers the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 28:** Cumming denies the allegations in Paragraph No. 28 and the footnotes thereto, except admits that (a) Edgio issued the Restatement in June 2023; and (b) Plaintiff purports to characterize and selectively quote from the FY 2022 10-K and respectfully refers the Court to that document for a complete and accurate statement of its contents and a complete and accurate description of the Restatement.

**RESPONSE NO. 29:** Cumming denies the allegations in Paragraph No. 29, except admits that Edgio issued the Restatement in June 2023 and respectfully refers the Court to the FY22 10-K for a complete and accurate description of the Restatement.

**RESPONSE NO. 30:** Cumming denies the allegations in Paragraph No. 30, except admits that Edgio issued the Restatement in June 2023 and respectfully refers the Court to the FY22 10-K for a complete and accurate description of the Restatement.

**RESPONSE NO. 31:** Cumming denies the allegations in Paragraph No. 31 and the footnote thereto, except admits that (a) Edgio issued the Restatement in June 2023; and (b) Plaintiff purports to characterize and selectively quote from the FY 2022 10-K and respectfully refers the Court to that document for a complete and accurate statement of its contents and a complete and accurate description of the Restatement.

**RESPONSE NO. 32:** Cumming denies the allegations in Paragraph No. 32 and respectfully refers the Court to Edgio's public filings with the SEC for a summary of Edgio's business and operations.

**RESPONSE NO. 33:** Cumming denies the allegations in Paragraph No. 33 and the footnote thereto, except admits that Plaintiff purports to characterize and selectively quote the Company's SEC filings and respectfully refers the Court to those documents for a complete and accurate statement of their contents.

**RESPONSE NO. 34:** Cumming denies the allegations in Paragraph No. 34, except Cumming admits that Plaintiff purports to characterize information supposedly provided by unidentified CWs and avers that he lacks knowledge or information sufficient to form a belief as to whether those unidentified CWs provided that information to Plaintiff.

**RESPONSE NO. 35:** Cumming denies the allegations in Paragraph No. 35, except Cumming admits that Plaintiff purports to rely on information supposedly provided by an unidentified CW and avers that he lacks knowledge or information sufficient to form a belief as to whether the unidentified CW provided that information to Plaintiff.

**RESPONSE NO. 36:** Cumming denies the allegations in Paragraph No. 36, except Cumming admits that Plaintiff purports to rely on information supposedly provided by an unidentified CW and avers that he lacks knowledge or information sufficient to form a belief as to whether the unidentified CW provided that information to Plaintiff.

**RESPONSE NO. 37:** Cumming denies the allegations in Paragraph No. 37, except Cumming admits that Plaintiff purports to rely on information supposedly provided by an unidentified CW and avers that he lacks knowledge or information sufficient to form a belief as to whether the unidentified CW provided that information to Plaintiff.

**RESPONSE NO. 38:** Cumming denies the allegations in Paragraph No. 38, except Cumming admits that Plaintiff purports to rely on information supposedly provided by an unidentified CW and avers that he lacks knowledge or information sufficient to form a belief as to whether the unidentified CW provided that information to Plaintiff.

**RESPONSE NO. 39:** Cumming denies the allegations in Paragraph No. 39, except Cumming admits that Plaintiff purports to rely on information supposedly provided by an unidentified CW and avers that he lacks knowledge or information sufficient to form a belief as to whether the unidentified CW provided that information to Plaintiff.

**RESPONSE NO. 40:** Cumming denies the allegations in Paragraph No. 40, except Cumming admits that Plaintiff purports to rely on information supposedly provided by an unidentified CW and avers that he lacks knowledge or information sufficient to form a belief as to whether the unidentified CW provided that information to Plaintiff.

**RESPONSE NO. 41:** Cumming denies the allegations in Paragraph No. 41, except Cumming admits that Plaintiff purports to rely on information supposedly provided by an unidentified CW and avers that he lacks knowledge or information sufficient to form a belief as to whether the unidentified CW provided that information to Plaintiff.

8

**RESPONSE NO. 42:** Cumming denies the allegations in Paragraph No. 42, except Cumming admits that Plaintiff purports to rely on information supposedly provided by an unidentified CW and avers that he lacks knowledge or information sufficient to form a belief as to whether the unidentified CW provided that information to Plaintiff.

**RESPONSE NO. 43:** Cumming denies the allegations in Paragraph No. 43 and the footnote thereto, except Cumming admits that Plaintiff purports to rely on information supposedly provided by an unidentified CW and avers that he lacks knowledge or information sufficient to form a belief as to whether the unidentified CW provided that information to Plaintiff.

**RESPONSE NO. 44:** Cumming denies the allegations in Paragraph No. 44, except Cumming admits that Plaintiff purports to rely on information supposedly provided by an unidentified CW and avers that he lacks knowledge or information sufficient to form a belief as to whether the unidentified CW provided that information to Plaintiff.

**RESPONSE NO. 45:** Cumming denies the allegations in Paragraph No. 45, except Cumming admits that Plaintiff purports to rely on information supposedly provided by an unidentified CW and avers that he lacks knowledge or information sufficient to form a belief as to whether the unidentified CW provided that information to Plaintiff.

**RESPONSE NO. 46:** Cumming denies the allegations in Paragraph No. 46, except Cumming admits that Plaintiff purports to rely on information supposedly provided by an unidentified CW and avers that he lacks knowledge or information sufficient to form a belief as to whether the unidentified CW provided that information to Plaintiff.

**RESPONSE NO. 47:** Cumming denies the allegations in Paragraph No. 47, except Cumming admits that Plaintiff purports to rely on information supposedly provided by an unidentified CW and avers that he lacks knowledge or information sufficient to form a belief as to whether the unidentified CW provided that information to Plaintiff.

**RESPONSE NO. 48:** Cumming denies the allegations in Paragraph No. 48, except Cumming admits that Plaintiff purports to rely on information supposedly provided by an

unidentified CW and avers that he lacks knowledge or information sufficient to form a belief as to whether the unidentified CW provided that information to Plaintiff.

**RESPONSE NO. 49:** Cumming denies the allegations in Paragraph No. 49, except Cumming admits that Plaintiff purports to rely on information supposedly provided by an unidentified CW and avers that he lacks knowledge or information sufficient to form a belief as to whether the unidentified CW provided that information to Plaintiff.

**RESPONSE NO. 50:** Cumming denies the allegations in Paragraph No. 50, except Cumming admits that Plaintiff purports to rely on information supposedly provided by an unidentified CW and avers that he lacks knowledge or information sufficient to form a belief as to whether the unidentified CW provided that information to Plaintiff.

**RESPONSE NO. 51:** Cumming denies the allegations in Paragraph No. 51, except Cumming admits that Plaintiff purports to rely on information supposedly provided by an unidentified CW and avers that he lacks knowledge or information sufficient to form a belief as to whether the unidentified CW provided that information to Plaintiff.

**RESPONSE NO. 52:** Cumming denies the allegations in Paragraph No. 52, except Cumming admits that Plaintiff purports to rely on information supposedly provided by an unidentified CW and avers that he lacks knowledge or information sufficient to form a belief as to whether the unidentified CW provided that information to Plaintiff.

**RESPONSE NO. 53:** Cumming denies the allegations in Paragraph No. 53, except Cumming admits that Plaintiff purports to rely on information supposedly provided by an unidentified CW and avers that he lacks knowledge or information sufficient to form a belief as to whether the unidentified CW provided that information to Plaintiff.

**RESPONSE NO. 54:** Cumming denies the allegations in Paragraph No. 54, except Cumming admits that Plaintiff purports to rely on information supposedly provided by an unidentified CW and avers that he lacks knowledge or information sufficient to form a belief as to whether the unidentified CW provided that information to Plaintiff.

**RESPONSE NO. 55:** Cumming denies the allegations in Paragraph No. 55, except Cumming admits that Plaintiff purports to rely on information supposedly provided by an

unidentified CW and avers that he lacks knowledge or information sufficient to form a belief as to whether the unidentified CW provided that information to Plaintiff.

**RESPONSE NO. 56:** Cumming denies the allegations in Paragraph No. 56, except Cumming admits that Plaintiff purports to rely on information supposedly provided by an unidentified CW and avers that he lacks knowledge or information sufficient to form a belief as to whether the unidentified CW provided that information to Plaintiff.

**RESPONSE NO. 57:** Cumming denies the allegations in Paragraph No. 57, except Cumming admits that Plaintiff purports to rely on information supposedly provided by an unidentified CW and avers that he lacks knowledge or information sufficient to form a belief as to whether the unidentified CW provided that information to Plaintiff.

**RESPONSE NO. 58:** Cumming denies the allegations in Paragraph No. 58, except Cumming admits that Plaintiff purports to rely on information supposedly provided by an unidentified CW and avers that he lacks knowledge or information sufficient to form a belief as to whether the unidentified CW provided that information to Plaintiff.

**RESPONSE NO. 59:** Cumming denies the allegations in Paragraph No. 59, except Cumming admits that Plaintiff purports to rely on information supposedly provided by an unidentified CW and avers that he lacks knowledge or information sufficient to form a belief as to whether the unidentified CW provided that information to Plaintiff.

**RESPONSE NO. 60:** Cumming denies the allegations in Paragraph No. 60, except Cumming admits that Plaintiff purports to rely on information supposedly provided by an unidentified CW and avers that he lacks knowledge or information sufficient to form a belief as to whether the unidentified CW provided that information to Plaintiff.

**RESPONSE NO. 61:** Cumming denies the allegations in Paragraph No. 61.

**RESPONSE NO. 62:** Cumming admits the allegations in the first and second sentences of Paragraph No. 62 and respectfully refers the Court to Edgio's Current Report publicly filed with the SEC on Form 8-K on February 11, 2021 (the "February 2021 8-K") for a complete and accurate statement of its contents. Cumming denies the allegations in the third and fourth sentences of Paragraph No. 62, except admits that Plaintiff purports

11

to characterize and selectively quote the February 2021 8-K and respectfully refers the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 63:** Cumming denies the allegations in Paragraph No. 63, except admits that Plaintiff purports to characterize the FY20 10-K and respectfully refers the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 64:** Cumming denies the allegations in Paragraph No. 64, except admits that Plaintiff purports to characterize and selectively quote the FY20 10-K and respectfully refers the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 65:** Cumming denies the allegations in Paragraph No. 65, except admits that Plaintiff purports to characterize and selectively quote from the FY20 10-K and respectfully refers the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 66:** Cumming denies the allegations in Paragraph No. 66.

**RESPONSE NO. 67:** Cumming admits the allegations in the first and second sentences of Paragraph No. 67 and respectfully refers the Court to Edgio's Current Report publicly filed with the SEC on Form 8-K on April 29, 2021 (the "April 2021 8-K") for a complete and accurate statement of its contents.  Cumming denies the allegations in the third and fourth sentences of Paragraph No. 67, except admits that Plaintiff purports to characterize the April 2021 8-K and respectfully refers the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 68:** Cumming denies the allegations in Paragraph No. 68, except admits that Plaintiff purports to characterize Edgio's Quarterly Report for the quarterly period ending March 31, 2021, publicly filed with the SEC on Form 10-Q on April 30, 2021 (the "1Q21 10-Q"), and respectfully refers the Court to that document for a complete and accurate statement of its contents.

12

**RESPONSE NO. 69:** Cumming denies the allegations in Paragraph No. 69, except admits that Plaintiff purports to characterize the 1Q21 10-Q and respectfully refers the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 70:** Cumming denies the allegations in Paragraph No. 70, except admits that Plaintiff purports to characterize and selectively quote the 1Q21 10-Q and respectfully refers the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 71:** Cumming denies the allegations in Paragraph No. 71.

**RESPONSE NO. 72:** Cumming denies the allegations in Paragraph No. 72, except admits that Plaintiff purports to characterize and selectively quote Edgio's Current Report publicly filed with the SEC on Form 8-K on July 29, 2021 and respectfully refers the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 73:** Cumming denies the allegations in Paragraph No. 73, except admits that Plaintiff purports to characterize Edgio's Quarterly Report for the quarterly period ending June 30, 2021, publicly filed with the SEC on Form 10-Q on July 30, 2021 (the "2Q21 10-Q"), and respectfully refers the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 74:** Cumming denies the allegations in Paragraph No. 74, except admits that Plaintiff purports to characterize the 2Q21 10-Q and respectfully refers the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 75:** Cumming denies the allegations in Paragraph No. 75, except admits that Plaintiff purports to characterize and selectively quote the 2Q21 10-Q and respectfully refers the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 76:** Cumming denies the allegations in Paragraph No. 76.

**RESPONSE NO. 77:** Cumming denies the allegations in Paragraph No. 77, except admits that Plaintiff purports to characterize and selectively quote statements made by others during Edgio's August 24, 2021 Strategy Session (the "Strategy Session") and

13

respectfully refers the Court to the transcript of the Strategy Session for a complete and accurate statement of its contents.

**RESPONSE NO. 78:** Cumming denies the allegations in Paragraph No. 78, except admits that Plaintiff purports to characterize and selectively quote statements made by others during the Strategy Session and respectfully refers the Court to the transcript of the Strategy Session for a complete and accurate statement of its contents.

**RESPONSE NO. 79:** Cumming denies the allegations in Paragraph No. 79, except admits that Plaintiff purports to characterize and selectively quote statements made by others during the Strategy Session and respectfully refers the Court to the transcript of the Strategy Session for a complete and accurate statement of its contents.

**RESPONSE NO. 80:** Cumming denies the allegations in Paragraph No. 80.

**RESPONSE NO. 81:** Cumming denies the allegations in Paragraph No. 81, except admits that Plaintiff purports to characterize and selectively quote Edgio's Current Report publicly filed with the SEC on Form 8-K on November 4, 2021 and respectfully refers the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 82:** Cumming denies the allegations in Paragraph No. 82, except admits that Plaintiff purports to characterize and selectively quote statements made by others during Edgio's public earnings call held on November 4, 2021 and respectfully refers the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 83:** Cumming denies the allegations in Paragraph No. 83, except admits that Plaintiff purports to characterize and selectively quote statements made by others during Edgio's public earnings call held on November 4, 2021 and respectfully refers the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 84:** Cumming denies the allegations in Paragraph No. 84, except admits that Plaintiff purports to characterize and selectively quote statements made by others during Edgio's public earnings call held on November 4, 2021 and respectfully

14

refers the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 85:** Cumming denies the allegations in Paragraph No. 85, except admits that Plaintiff purports to characterize and selectively quote statements made by others during Edgio's public earnings call held on November 4, 2021 and respectfully refers the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 86:** Cumming denies the allegations in Paragraph No. 86, except admits that Plaintiff purports to characterize and selectively quote statements made by others during Edgio's public earnings call held on November 4, 2021 and respectfully refers the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 87:** Cumming denies the allegations in Paragraph No. 87, except admits that Plaintiff purports to characterize Edgio's Quarterly Report for the quarterly period ending September 30, 2021, publicly filed with the SEC on Form 10-Q on November 5, 2021 (the "3Q21 10-Q") and respectfully refers the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 88:** Cumming denies the allegations in Paragraph No. 88, except admits that Plaintiff purports to characterize the 3Q21 10-Q and respectfully refers the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 89:** Cumming denies the allegations in Paragraph No. 89, except admits that Plaintiff purports to characterize and selectively quote the 3Q21 10-Q and respectfully refers the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 90:** Cumming denies the allegations in Paragraph No. 90.

**RESPONSE NO. 91:** Cumming denies the allegations in Paragraph No. 91, except admits that Plaintiff purports to characterize and selectively quote Edgio's Current Report publicly filed with the SEC on Form 8-K on January 20, 2022 (the "January 2022 8-K")

15

and respectfully refers the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 92:** Cumming denies the allegations in Paragraph No. 92, except admits that Plaintiff purports to characterize and selectively quote the January 2022 8-K and respectfully refers the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 93:** Cumming denies the allegations in Paragraph No. 93, except admits that Plaintiff purports to characterize and selectively quote statements made by others during Edgio's public earnings call held on January 20, 2022 and respectfully refers the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 94:** Cumming denies the allegations in Paragraph No. 94, except admits that Plaintiff purports to characterize Edgio's Annual Report for the fiscal year ending December 31, 2021, publicly filed with the SEC on Form 10-K on December 31, 2021 (the "FY21 10-K"), and respectfully refers the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 95:** Cumming denies the allegations in Paragraph No. 95, except admits that Plaintiff purports to characterize the FY21 10-K and respectfully refers the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 96:** Cumming denies the allegations in Paragraph No. 96, except admits that Plaintiff purports to characterize and selectively quote the FY21 10-K and respectfully refers the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 97:** Cumming denies the allegations in Paragraph No. 97.

**RESPONSE NO. 98:** Cumming denies the allegations in Paragraph No. 98, except admits that Plaintiff purports to characterize and selectively quote Edgio's Current Report publicly filed with the SEC on Form 8-K on April 28, 2022 (the "April 2022 8-K") and respectfully refers the Court to that document for a complete and accurate statement of its contents.

16

**RESPONSE NO. 99:** Cumming denies the allegations in Paragraph No. 99, except admits that Plaintiff purports to characterize and selectively quote the April 2022 8-K and respectfully refers the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 100:** Cumming denies the allegations in Paragraph No. 100, except admits that Plaintiff purports to characterize the April 2022 8-K and respectfully refers the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 101:** Cumming denies the allegations in Paragraph No. 101, except admits that Plaintiff purports to characterize and selectively quote statements made by others during Edgio's public earnings call held on April 28, 2022 and respectfully refers the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 102:** Cumming denies the allegations in Paragraph No. 102, except admits that Plaintiff purports to characterize and selectively quote statements made by others during Edgio's public earnings call held on April 28, 2022 and respectfully refers the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 103:** Cumming denies the allegations in Paragraph No. 103, except admits that Plaintiff purports to characterize and selectively quote statements made by others during Edgio's public earnings call held on April 28, 2022 and respectfully refers the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 104:** Cumming denies the allegations in Paragraph No. 104, except admits that Plaintiff purports to characterize and selectively quote statements made by others during Edgio's public earnings call held on April 28, 2022 and respectfully refers the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 105:** Cumming denies the allegations in Paragraph No. 105, except admits that Plaintiff purports to characterize Edgio's Quarterly Report for the quarterly period ending March 31, 2022, publicly filed with the SEC on Form 10-Q on April 29, 2022 (the "1Q22 10-Q"), and respectfully refers the Court to that document for a complete and accurate statement of its contents.

17

**RESPONSE NO. 106:** Cumming denies the allegations in Paragraph No. 106, except admits that Plaintiff purports to characterize the 1Q22 10-Q and respectfully refers the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 107:** Cumming denies the allegations in Paragraph No. 107, except admits that Plaintiff purports to characterize and selectively quote the 1Q22 10-Q and respectfully refers the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 108:** Cumming denies the allegations in Paragraph No. 108.

**RESPONSE NO. 109:** Cumming denies the allegations in Paragraph No. 109, except admits that Plaintiff purports to characterize and selectively quote Edgio's Current Report, publicly filed with the SEC on Form 8-K on August 8, 2022 (the "August 2022 8-K"), and respectfully refers the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 110:** Cumming denies the allegations in Paragraph No. 110, except admits that Plaintiff purports to characterize and selectively quote the August 2022 8-K and respectfully refers the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 111:** Cumming denies the allegations in Paragraph No. 111, except admits that Plaintiff purports to characterize and selectively quote the August 2022 8-K and respectfully refers the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 112:** Cumming denies the allegations in Paragraph No. 112, except admits that Plaintiff purports to characterize and selectively quote statements made by others during Edgio's public earnings call held on August 8, 2022 and respectfully refers the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 113:** Cumming denies the allegations in Paragraph No. 113, except admits that Plaintiff purports to characterize and selectively quote statements made

18

by others during Edgio's public earnings call held on August 8, 2022 and respectfully refers the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 114:** Cumming denies the allegations in Paragraph No. 114, except admits that Plaintiff purports to characterize Edgio's Quarterly Report for the quarterly period ending June 30, 2022, publicly filed with the SEC on Form 10-Q on August 9, 2022 (the "2Q22 10-Q"), and respectfully refers the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 115:** Cumming denies the allegations in Paragraph No. 115, except admits that Plaintiff purports to characterize the 2Q22 10-Q and respectfully refers the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 116:** Cumming denies the allegations in Paragraph No. 116, except admits that Plaintiff purports to characterize and selectively quote the 2Q22 10-Q and respectfully refers the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 117:** Cumming denies the allegations in Paragraph No. 117.

**RESPONSE NO. 118:** Cumming denies the allegations in Paragraph No. 118, except admits that (a) on November 9, 2022, Edgio issued a press release that was attached as an exhibit to a Current Report publicly filed with the SEC on Form 8-K that same day (the "November 2022 8-K"); and (b) Plaintiff purports to characterize and selectively quote the November 2022 8-K and respectfully refers the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 119:** Cumming denies the allegations in Paragraph No. 119, except admits that Plaintiff purports to characterize and selectively quote the November 2022 8-K and respectfully refers the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 120:** Cumming denies the allegations in Paragraph No. 120, except admits that on November 9, 2022, Edgio publicly filed with the SEC a Quarterly

19

Report on Form 10-Q for the quarterly period ending September 30, 2022 (the "3Q22 10-Q") and respectfully refers the Court to that document for a complete and accurate statement of its contents.

**RESPONSE NO. 121:** Cumming denies the allegations in Paragraph No. 121, except admits that Edgio's 3Q22 10-Q included certifications by Lyons and Cumming, as Edgio's principal executive officer and principal accounting officer, respectively, and respectfully refers the Court to the 3Q22 10-Q for a complete and accurate statement of the cited certifications.

**RESPONSE NO. 122:** Cumming denies the allegations in Paragraph No. 122, except admits that Edgio's 3Q22 10-Q included certifications by Lyons and Cumming, as Edgio's principal executive officer and principal accounting officer, respectively, and respectfully refers the Court to the 3Q22 10-Q for a complete and accurate statement of the cited certifications.

**RESPONSE NO. 123:** Cumming denies the allegations in Paragraph No. 123, except admits that (a) Edgio held a public earnings call on November 9, 2022, during which he and Lyons spoke on behalf of Edgio; and (b) Plaintiff purports to characterize and selectively quote statements Lyons made during Edgio's November 9, 2022 earnings call and respectfully refers the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 124:** Cumming denies the allegations in Paragraph No. 124, except admits that Plaintiff purports to characterize and selectively quote statements Lyons made during Edgio's November 9, 2022 earnings call and respectfully refers the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 125:** Cumming denies the allegations in Paragraph No. 125, except admits that Plaintiff purports to characterize and selectively quote statements he made during Edgio's November 9, 2022 earnings call and respectfully refers the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 126:** Cumming denies the allegations in Paragraph No. 126, except admits that Plaintiff purports to characterize and selectively quote statements he and Lyons made during Edgio's November 9, 2022 earnings call and respectfully refers the Court to the transcript of that call for a complete and accurate statement of its contents.

**RESPONSE NO. 127:** Cumming denies the allegations in Paragraph No. 127.

**RESPONSE NO. 128:** Cumming denies the allegations in Paragraph No. 128.

**RESPONSE NO. 129:** Cumming admits the allegations in the first sentence of Paragraph No. 129 and respectfully refers the Court to the April 2022 8-K for a complete and accurate statement of its contents. Cumming denies the allegations in the second and third sentences of Paragraph No. 129, except admits that Plaintiff purports to characterize the April 2022 8-K and characterize and selectively quote a report published by a securities analyst employed by D.A. Davidson & Co. (the "April 2022 D.A. Davidson Analyst Report") and respectfully refers the Court to the April 2022 8-K and the April 2022 D.A. Davidson Analyst Report for a complete and accurate statement of their contents. Cumming denies the allegations in the fourth sentence of Paragraph No. 129, except that, insofar as Plaintiff purports to characterize trading prices for Edgio stock, Cumming respectfully refers the Court to the actual trading records for Edgio stock for a complete and accurate statement of their contents.

**RESPONSE NO. 130:** Cumming denies the allegations in the first four sentences of Paragraph No. 130, except admits that Plaintiff purports to characterize and selectively quote the November 2022 8-K and respectfully refers the Court to that document for a complete and accurate statement of its contents. Cumming denies the allegations in the fifth sentence of Paragraph No. 130, except that, insofar as Plaintiff purports to characterize trading prices for Edgio stock, Cumming respectfully refers the Court to the actual trading records for Edgio stock for a complete and accurate statement of their contents.

**RESPONSE NO. 131:** Cumming denies the allegations in the first, second, and third sentences of Paragraph No. 131, except admits that Plaintiff purports to characterize

and selectively quote the March 2023 8-K and respectfully refers the Court to that document for a complete and accurate statement of its contents. Cumming denies the allegations in the fourth and fifth sentences of Paragraph No. 131, except admits that Plaintiff purports to characterize and selectively quote a report published by a securities analyst employed by D.A. Davidson & Co. (the "March 2023 D.A. Davidson Analyst Report") and respectfully refers the Court to the March 2023 D.A. Davidson Analyst Report for a complete and accurate statement of its contents.

**RESPONSE NO. 132:** Cumming denies the allegations in Paragraph No. 132, except that, insofar as Plaintiff purports to characterize trading prices for Edgio stock, Cumming respectfully refers the Court to the actual trading records for Edgio stock for a complete and accurate statement of their contents.

**RESPONSE NO. 133:** Cumming denies the allegations in the first sentence of Paragraph No. 133, except admits that Edgio issued the Restatement in June 2023 and respectfully refers the Court to the FY22 10-K for a complete and accurate description of the Restatement. Cumming denies the allegations in the second, third, and fourth sentences of Paragraph No. 133, except admits that Plaintiff purports to characterize SEC rules and define GAAP.

**RESPONSE NO. 134:** The allegations in Paragraph No. 134 are legal conclusions to which no response is required. To the extent a response is required, Cumming denies the allegations, except admits that Plaintiff purports to characterize provisions of SEC Regulation S-X, including 17 C.F.R. § 210.4-01(a)(1) and 17 C.F.R. § 210.10-01(a)(1), and respectfully refers the Court to those provisions for a complete and accurate statement of their contents.

**RESPONSE NO. 135:** The allegations in Paragraph No. 135 are legal conclusions to which no response is required. To the extent a response is required, Cumming denies the allegations, except admits that Plaintiff purports to characterize provisions of the SEC rules and respectfully refers the Court to those provisions for a complete and accurate statement of their contents.

**RESPONSE NO. 136:** Cumming denies the allegations in Paragraph No. 136, except admits that Edgio issued the Restatement in June 2023 and respectfully refers the Court to the FY22 10-K for a complete and accurate description of the Restatement.

**RESPONSE NO. 137:** Cumming denies the allegations in Paragraph No. 137 and the footnote thereto, except admits that Plaintiff purports to characterize and selectively quote various provisions of Financial Accounting Standards Board Accounting Standards Codification ("ASC"), including ASC 842 and ASC 606, and respectfully refers the Court to those provisions for a complete and accurate statement of their contents.

**RESPONSE NO. 138:** Cumming denies the allegations in Paragraph 138, except admits that (a) Edgio issued the Restatement in June 2023; and (b) Plaintiff purports to characterize and selectively quote the FY 2022 10-K, and respectfully refers the Court to that document for a complete and accurate statement of its contents and a complete and accurate description of the Restatement.

**RESPONSE NO. 139:** Cumming denies the allegations in Paragraph No. 139.

**RESPONSE NO. 140:** Cumming denies the allegations in Paragraph No. 140.

**RESPONSE NO. 141:** Cumming denies the allegations in Paragraph No. 141.

**RESPONSE NO. 142:** Cumming denies the allegations in Paragraph No. 142.

**RESPONSE NO. 143:** Cumming denies the allegations in Paragraph No. 143, except admits that (a) Lyons served as the Company's CEO during the Class Period; (b) Boncel served as the Company's CFO from the beginning of the Class Period through August 22, 2022; and (c) Cumming served as the Company's CFO from August 22, 2022 through the end of the Class Period.

**RESPONSE NO. 144:** Cumming denies the allegations in Paragraph No. 144.

**RESPONSE NO. 145:** Cumming denies the allegations in the first and second sentences of Paragraph No. 145.  The allegations in the third sentence of Paragraph No. 145 are legal conclusions to which no response is required.  To the extent a response is required, Cumming denies the allegations in the third sentence of Paragraph No. 145.

**RESPONSE NO. 146:** Cumming denies the allegations in Paragraph No. 146.

23

**RESPONSE NO. 147:** Cumming denies the allegations in Paragraph No. 147.

**RESPONSE NO. 148:** Cumming denies the allegations in Paragraph No. 148.

**RESPONSE NO. 149:** Cumming denies the allegations in Paragraph No. 149, except that (a) Cumming lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations regarding Plaintiff's trading in Edgio common stock and on that basis denies them; and (b) insofar as Plaintiff purports to characterize trading prices for Edgio stock, Cumming respectfully refers the Court to the actual trading records for Edgio stock for a complete and accurate statement of their contents.

**RESPONSE NO. 150:** Cumming denies the allegations in Paragraph No. 150.

**RESPONSE NO. 151:** Cumming denies the allegations in Paragraph No. 151.

**RESPONSE NO. 152:** Cumming denies the allegations in Paragraph No. 152, except admits that Plaintiff purports to characterize the April 2022 8-K, the November 2022 8-K, and March 2023 8-K and respectfully refers the Court to those documents for a complete and accurate statement of their contents.

**RESPONSE NO. 153:** Cumming denies the allegations in Paragraph No. 153.

**RESPONSE NO. 154:** Cumming denies the allegations in Paragraph No. 154, except that, insofar as Plaintiff purports to characterize trading prices for Edgio stock, Cumming respectfully refers the Court to the actual trading records for Edgio stock for a complete and accurate statement of their contents.

**RESPONSE NO. 155:** Cumming denies the allegations in Paragraph No. 155, except that, insofar as Plaintiff purports to characterize trading prices for Edgio stock, Cumming respectfully refers the Court to the actual trading records for Edgio stock for a complete and accurate statement of their contents.

**RESPONSE NO. 156:** The allegations in the first sentence of Paragraph No. 156 are legal conclusions to which no response is required.  To the extent a response is required, Cumming denies the allegations in the first sentence of Paragraph No. 156. Cumming denies the allegations in the second, third, and fourth sentences of Paragraph No. 156, except that Cumming lacks knowledge or information sufficient to form a belief

24

as to the truth of Plaintiff's allegations regarding Plaintiff's trading in Edgio common stock and on that basis denies them.

**RESPONSE NO. 157:** Cumming denies the allegations in Paragraph No. 157, except that, insofar as Plaintiff purports to characterize trading prices for Edgio stock, Cumming respectfully refers the Court to the actual trading records for Edgio stock for a complete and accurate statement of their contents.

**RESPONSE NO. 158:** The allegations in Paragraph No. 158 are legal conclusions to which no response is required.  To the extent a response is required, Cumming denies the allegations in Paragraph No. 158, except admits that, during the Class Period, (a) Edgio's common stock was listed and traded on the Nasdaq; (b) Edgio filed periodic reports to the SEC; (c) Edgio communicated with investors through press releases and related methods; and (d) securities analysts employed by brokerage firms wrote research reports regarding Edgio.

**RESPONSE NO. 159:** The allegations in Paragraph No. 159 are legal conclusions to which no response is required.  To the extent a response is required, Cumming denies the allegations in Paragraph No. 159.

**RESPONSE NO. 160:** The allegations in Paragraph No. 160 are legal conclusions to which no response is required. To the extent a response is required, Cumming denies the allegations in Paragraph No. 160.

**RESPONSE NO. 161:** The allegations in Paragraph No. 161 are legal conclusions to which no response is required. To the extent a response is required, Cumming denies the allegations in Paragraph No. 161.

**RESPONSE NO. 162:** The allegations in Paragraph No. 162 are legal conclusions to which no response is required. To the extent a response is required, Cumming denies the allegations in Paragraph No. 162.

**RESPONSE NO. 163:** Cumming denies the allegations in Paragraph No. 163, except admits that Plaintiff purports to describe the nature of this litigation and purports to bring this action as a class action.

**RESPONSE NO. 164:** The allegations in the first sentence of Paragraph No. 164 are legal conclusions to which no response is required. To the extent a response is required, Cumming denies the allegations in the first sentence of Paragraph No. 164. Cumming admits the allegations in the second sentence of Paragraph No. 164. Cumming lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph No. 164 and on that basis denies them.

**RESPONSE NO. 165:** The allegations in Paragraph No. 165 are legal conclusions to which no response is required. To the extent a response is required, Cumming denies the allegations in Paragraph No. 165.

**RESPONSE NO. 166:** The allegations in the first sentence of Paragraph No. 166 are legal conclusions to which no response is required. To the extent a response is required, Cumming denies the allegations in the first sentence of Paragraph No. 166. Cumming lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph No. 166 and on that basis denies them.

**RESPONSE NO. 167:** The allegations in Paragraph No. 167 are legal conclusions to which no response is required. To the extent a response is required, Cumming denies the allegations in Paragraph No. 167.

**RESPONSE NO. 168:** The allegations in Paragraph No. 168 are legal conclusions to which no response is required. To the extent a response is required, Cumming denies the allegations in Paragraph No. 168.

**RESPONSE NO. 169:** Cumming repeats his responses to each and every allegation above as if fully set forth herein. Cumming denies the allegations in Paragraph No. 169, except admits that Plaintiff purports to assert Count I against Defendants.

**RESPONSE NO. 170:** Cumming denies the allegations in Paragraph No. 170.

**RESPONSE NO. 171:** Cumming denies the allegations in Paragraph No. 171.

**RESPONSE NO. 172:** Cumming lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 172 regarding Plaintiff's

knowledge, beliefs, and hypothetical actions and on that basis denies them.  Cumming denies the remaining allegations in Paragraph No. 172.

**RESPONSE NO. 173:** Cumming repeats his responses to each and every allegation above as if fully set forth herein.  Cumming denies the allegations in Paragraph No. 173, except admits that Plaintiff purports to assert Count II against Defendants.

**RESPONSE NO. 174:** The allegations in the first and third sentences of Paragraph No. 174 are legal conclusions to which no response is required.  To the extent a response is required, Cumming denies the allegations in the first and third sentences of Paragraph No. 174.  Cumming denies the allegations in the second sentence of Paragraph No. 174.

<u>**DENIAL OF PLAINTIFF'S PRAYER FOR RELIEF**</u>

Cumming denies that Plaintiff is entitled to relief, seeks all equitable or other relief against Plaintiff as a consequence of defending this litigation, including but not limited to, attorneys' fees and costs if warranted, and seeks such further relief as the Court deems just and proper. Cumming further denies that this action is appropriate for class action treatment.

<u>**RESPONSE TO JURY DEMAND**</u>

Cumming denies the allegation of Plaintiff's demand for jury trial, except admits that Plaintiff purports to demand a jury trial.

<u>**AFFIRMATIVE DEFENSES**</u>

Cumming asserts the following defenses, without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff, and reserves the right to assert other defenses and claims (including, but not limited to, counterclaims) not asserted herein if and when they become appropriate and/or available.  Cumming incorporates herein all of the factual averments set forth in this Answer.

<u>**FIRST DEFENSE**</u>

Plaintiff lacks standing to bring the claims it purports to assert and/or is not the proper class representative under Federal Rule of Civil Procedure 23(a), and this action

may not be maintained as a class action under the requirements of Federal Rule of Civil Procedure 23.

## SECOND DEFENSE

Plaintiff's claims against Cumming are barred, in whole or in part, because the alleged misstatements are non-actionable forward-looking statements that are accompanied by meaningful cautionary language and protected by the bespeaks caution doctrine and/or the Safe Harbor provisions for forward-looking statements in the Private Securities Litigation Reform Act of 1995, including without limitation 15 U.S.C. §§ 78u-4 and 78u-5.

## THIRD DEFENSE

Plaintiff's claims against Cumming are barred, in whole or in part, because they are predicated on statements of opinion or belief, which were neither objectively false when made nor misrepresented the speaker's subjective opinion or belief.

## FOURTH DEFENSE

Plaintiff is not entitled to any recovery from Cumming because Cumming had no reasonable ground to believe and did not believe that the statements challenged in the Amended Complaint were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the challenged statements not misleading.

## FIFTH DEFENSE

Plaintiff is not entitled to any recovery from Cumming because Cumming acted at all times in good faith and in conformity with the rules and regulations of the SEC, and had no knowledge, and was not reckless in not knowing, that any of the alleged statements or omissions were false or misleading, and Cumming acted in reasonable reliance upon the work, opinions, information, representations and advice of others upon whom Cumming was entitled to rely.

## SIXTH DEFENSE

Plaintiff's claims against Cumming are barred, in whole or in part, because Cumming at all times acted with reasonable care and due diligence with respect to the matters alleged in the Amended Complaint to have been misrepresented in or misleadingly omitted from any relevant public disclosures.

## SEVENTH DEFENSE

Plaintiff's claims against Cumming are barred because Cumming relied, in good faith, and was entitled to rely, on advice and information provided by the Company's accountants, auditors, consultants and other professional advisors.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the "fraud on the market" theory of reliance is unavailable, and Plaintiff will be otherwise unable to establish actual and/or justifiable reliance on the purported misstatements and omissions alleged in the Amended Complaint.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, for lack of loss causation. Without limiting the foregoing, Cumming is not liable to Plaintiff and/or the Class because factors other than the alleged misrepresentations and omissions in the relevant public disclosures influenced the price of Edgio common stock when Plaintiff and/or the Class allegedly acquired shares thereof, factors other than the alleged misrepresentations and omissions in the relevant public disclosures caused all or some of the alleged decline in the value of Edgio common stock that Plaintiff and/or the Class allegedly purchased, and/or an insufficient number of traders in Edgio common stock relied on the allegedly false and misleading statements or omissions to affect the value of that stock.

## TENTH DEFENSE

No act or omission attributed to Cumming in the Amended Complaint was the actual or proximate cause of any alleged injury suffered by Plaintiff and/or the Class, and no act or omission attributed to Cumming caused the alleged loss for which the Plaintiff

29

seeks to recover damages.  Moreover, Cumming is not liable for any alleged damages suffered by Plaintiff and/or the Class to the extent that the negligent, reckless, or willful acts of others constituted independent, intervening and superseding causes, relieving Cumming of any liability, or to the extent that the purported injuries and damages of Plaintiff and/or the Class, if any, were proximately caused or contributed to, in whole or in part, by Plaintiff itself and/or members of the Class.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff relied exclusively upon its own reasonable independent investigations, its own decisions, and the advice of its professional investment advisors.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff purchased Edgio common stock with actual or constructive knowledge of the risks involved in an investment in Edgio common stock and thus voluntarily assumed the risk of the losses alleged in the Amended Complaint.

## THIRTEENTH DEFENSE

Plaintiff's claims under Section 20(a) of the Exchange Act are barred, in whole or in part, to the extent that Plaintiff cannot establish primary liability under the Exchange Act.

## FOURTEENTH DEFENSE

Cumming is not subject to control person liability under Section 20(a) of the Exchange Act because he acted in good faith and had no knowledge of or reasonable ground to believe in the existence of facts by reason of which the liability of Cumming is alleged to exist.

## FIFTEENTH DEFENSE

Plaintiff has failed to mitigate any damage it alleged to have suffered and is therefore barred from recovering any damages.

## SIXTEENTH DEFENSE

Plaintiff is not entitled to recover attorneys' fees.

## SEVENTEENTH DEFENSE

Any damage, loss or liability sustained by Plaintiff and/or the Class must be reduced or eliminated in proportion to the wrongful or negligent conduct of entities or individuals other than Cumming under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and comparative fault, including under the proportionate liability provisions of the federal securities laws.

## EIGHTEENTH DEFENSE

Cumming hereby adopts and incorporates by reference any other defenses asserted or to be asserted by any of the other defendants to the extent that Cumming may share in such a defense.

## NINETEENTH DEFENSE

Any recovery for damages allegedly incurred by Plaintiff and/or the Class is subject to offset in the amount of any value gained through the investment (including tax benefits actually received) and is subject to the "90-day-bounce-back" damages limitation, 15 U.S.C. § 78u-4(e).

DATED: October 6, 2025

Respectfully submitted,

OSBORN MALEDON, P.A.

By  *s/ Joseph N. Roth*
David B. Rosenbaum
Joseph N. Roth
2929 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012-2793

FRIED, FRANK, HARRIS,
 SHRIVER & JACOBSON LLP

Scott B. Luftglass (*pro hac vice*)
Michael P. Sternheim (*pro hac vice*)
One New York Plaza
New York, New York 10004

*Attorneys for Defendants*

31