IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mehran Esfandiari, et al., | No. CV-23-00691-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Edgio Incorporated, et al., | |
| Defendants. | |

Lead Plaintiff Peter Frouws ("Plaintiff") and Defendants Robert Lyons, Daniel Boncel, and Stephen Cumming (collectively, "Defendants") filed a "Joint Stipulation Regarding Deadlines for Class Certification Motion." (Doc. 66). In their Stipulation, the parties propose deadlines for the completion of discovery and an extended briefing schedule on the class certification issue.

District courts have broad discretion to control the class certification process. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). "It is true that the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable. And, the necessary antecedent to the presentation of evidence is, in most cases, enough discovery to obtain the material, especially when the information is within the sole possession of the defendant." *Doninger v. P. N.W. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977). Upon review of the Stipulation, the Court finds that the parties propose an overly-long timeline to conduct discovery regarding class certification and unnecessarily

extend the briefing schedule.  (*See* Doc. 66 at 2–3).  The Civil Justice Reform Act of 1990, 28 U.S.C. § 471 *et seq.* ("CJRA") mandates the early and on-going judicial management of the pretrial process, and Rule 1 of the Federal Rules of Civil Procedure requires that the Rules "be construed to secure the just, speedy and inexpensive determination of every action."  *Herbert v. Lando*, 441 U.S. 153, 177 (1979).  This case was initiated in April of 2023 and discovery has just begun.  And while discovery is allowed for class certification purposes here, there is no need to drag out the process and no reason why standard briefing schedules should not apply.

Accordingly,

**IT IS ORDERED** that the parties' Joint Stipulation Regarding Deadlines for Class Certification Motion (Doc. 66) is **DENIED**.

**IT IS FURTHER ORDERED** that the following deadlines will control the class certification process:

- Discovery regarding class certification, including any necessary depositions, shall be completed by **January 30, 2026**.
- Plaintiff's Motion for Class Certification shall be filed by **February 13, 2026**.
- Briefing deadlines on any response and reply will be governed by the Local Rules.  *See* LRCiv. 7.2(c)–(d).

Dated this 4th day of November, 2025.

Honorable Diane J. Humetewa
United States District Judge

- 2 -