# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mehran Esfandiari, et al., | No. CV-23-00691-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Edgio Incorporated, et al., | |
| Defendants. | |

Lead Plaintiff Peter Frouws and Defendants Robert Lyons, Daniel Boncel, Stephen Cumming, (collectively "the Parties") have filed a Joint Motion for Entry of Protective Order (Doc. 72).  The Parties agree that entry of this Protective Order is necessary to protect the Parties' confidential information during the course of litigation.

Accordingly, and with good cause appearing,

**IT IS ORDERED** that the Parties' Joint Motion for Entry of Protective Order (Doc. 72) is **GRANTED.**

**IT IS FURTHER ORDERED** as follows:

The following Definitions apply in this Order:

A.    The term "Confidential Information" means information contained in any Discovery Material that is designated as confidential information by any party to which it belongs.  As used herein, the term "Confidential Information" refers to both designation categories of "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information.

B.    The term "Discovery Materials" includes, but is not be limited to documents,

information, or other tangible or intangible thing(s) produced in the course of discovery, answers to interrogatories, responses to requests for admissions, discovery responses and disclosures provided pursuant to the Federal Rules of Civil Procedure, deposition testimony, and transcripts of depositions. For the avoidance of doubt, the term "Discovery Materials" also encompasses (a) any motions, affidavits, declarations, and briefs containing, attaching or otherwise reflecting Discovery Materials; and (b) any information copied or extracted from such Discovery Materials and all copies, excerpts, summaries, or compilations thereof.

C.    The term "Counsel" means the counsel of record for the parties to this litigation, including any employees of such counsel.

D.    The term "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its Counsel to serve as an expert witness or as a consultant in this action. This term also includes any assistants or stenographic and clerical employees associated with such Expert.

E.    The term "Litigation Consultants" means persons or entities retained by a party or its Counsel to serve as a professional jury or trial consultant or mock juror, and their employees or subcontractors for the purposes of this action.

F.    The term "Professional Vendors" means persons or entities that provide litigation support services (*e.g.,* photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing or retrieving data in any form or medium) or provide services in connection with class notice or claims administration and their employees and subcontractors.

The following provisions shall apply in this litigation:

1.    A party that produces or discloses any Discovery Material that it believes should be subject to this Order may designate such Discovery Material as "CONFIDENTIAL" in accordance with this Order. A party may designate information as

"CONFIDENTIAL" only if, in the good faith belief of such party and its Counsel, the designated information contains or reflects sensitive non-public personal information, trade secrets, or other confidential research, development or commercial information. This designation shall be made by placing or affixing on the document, in a matter that will not interfere with is legibility, the word "CONFIDENTIAL."

2. A named party to this action that produces or discloses any Discovery Material that it believes should be subject to this Order may designate such Discovery Material as "HIGHLY CONFIDENTIAL" in accordance with this Order. A named party to this action may designate information as "HIGHLY CONFIDENTIAL" only if, in the good faith belief of such party and its Counsel, the designated information contains or reflects highly sensitive non-public commercial, proprietary, financial, business, employment, or personal information. This designation shall be made by placing or affixing on the document, in a matter that will not interfere with its legibility, the words "HIGHLY CONFIDENTIAL." In the event that Discovery Material contains "HIGHLY CONFIDENTIAL" information and information related to Edgio, the receiving party may request, and the producing party will provide, a copy of the document labeled "CONFIDENTIAL" with the "HIGHLY CONFIDENTIAL" portion of the document redacted.

3. This Order does not govern the use of Confidential Information at trial. Prior to trial, the Parties shall meet and confer on the use of Confidential Information at trial, and shall address procedures governing such use in the proposed pre-trial order.

4. The designation of Confidential Information shall be made prior to, or contemporaneous with, the production or disclosure of that Discovery Material.

5. In the event that a deposition involves the disclosure of Confidential Information:

a. The deposition or portions of the deposition shall be designated as containing Confidential Information subject to the provisions of this Order. Such

designation may be made by the party seeking to maintain confidentiality either (a) on the record during the deposition; or (b) within thirty (30) days after that party's receipt of the deposition transcript, by informing the parties to this action in writing that the transcript (or any specifically identified portion thereof) is to be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

b.      The party seeking to maintain confidentiality will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent (and its counsel), Counsel, the court reporter, and any other person(s) to whom disclosure is permitted pursuant to Paragraphs 8 and 9 below.

c.      The original of the deposition transcript, all copies thereof, and any videotape or other recording of the deposition shall bear the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate, and shall be subject to the same protections as any other Confidential Information subject to this Order.

6.      Discovery Material that is otherwise available through alternative public means or information that is in the public domain shall not be deemed or considered to be Confidential Information under this Order.

7.      Confidential Information shall not be disclosed to any persons or entities for any reason, except (a) as provided for in Paragraphs 8 and 9 of this Order; (b) as agreed to in writing by the producing party of such Confidential Information; or (c) if the Court orders such disclosure.  Confidential Information shall be used only by the persons and entities permitted access in Paragraphs 8 and 9 solely for the purpose of preparing for and conducting this litigation.

8.      The parties and Counsel shall not disclose or permit the disclosure of any information designated "CONFIDENTIAL" under this Order to any other person or entity, except that disclosure may be made only to the following persons or entities:

a.      The parties to this action.

b.      Counsel, solely for the purposes of this action.

c.      Experts retained by a party or its Counsel to whom disclosure is reasonably necessary for this action, including the consultants and staff retained to support such Expert.  Prior to receiving any Confidential Information, the Expert, and any consultants or staff retained to support such Expert, must execute a copy of the "Agreement to Be Bound by Stipulated Protective Order" attached hereto as Exhibit A ("Exhibit A").

d.      The Court, any appellate court, and any Court and administrative personnel of such courts.

e.      Any court reporter employed in this action and acting in that capacity.

f.      Litigation Consultants and Professional Vendors, provided that they sign Exhibit A.

g.      The author, recipient, or custodian of a document containing the information, or another person who had authorized access to the information or a document containing the information in the normal course of his or her employment duties.

h.      During deposition or court testimony, any testifying witness, and counsel for such witness to whom disclosure is reasonably necessary, provided that such witness signs Exhibit A.

i.      During preparation for deposition or court testimony, any testifying witness, and counsel for such witness to whom disclosure is reasonably necessary, provided that such witness signs Exhibit A.

j.      Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

k.      The personnel of any insurance carriers, or their representatives, whose insurance coverage is implicated by or who are paying defense costs

associated with this action.

l.    Any other person upon order of the Court or stipulation of Counsel, provided that such person signs Exhibit A.

9.    The parties and Counsel shall not disclose or permit the disclosure of any information designated "HIGHLY CONFIDENTIAL" under this Order to any other person or entity (including without limitation to the parties to this action), except that disclosure may be made only to those persons and entities specifically identified in Paragraphs 8.b - 8.g. and 8.j - 8.l, including during deposition or court testimony, and during preparation for same (but to the extent the order of the Court or stipulation contemplated by Paragraph 8.l specifically permits disclosure of HIGHLY CONFIDENTIAL information to persons or entities contemplated by Paragraph 8.l).

10.    Counsel for a receiving party that provides Confidential Information to any person required to execute Exhibit A shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.  In the event a person listed in Paragraphs 8 or 9 above as being required to sign Exhibit A, before being provided with copies of Confidential Information, refuses to sign Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court and may not disclose the Confidential Information prior to obtaining such relief.  In the event the person is a deponent, the deponent shall not be shown the Confidential Infromation and the deponent's deposition shall not be considered complete until the deposing party has had an opportunity to raise and resolve the issue with the Court.

11.    All information that has been designated as "HIGHLY CONFIDENTIAL" and any and all reproductions of that information must be retained in the custody of the Counsel for the receiving party or the Professional Vendors or Litigation Consultants providing litigation support services to Counsel; provided that that Experts authorized to view such information under the terms of this Order and who have executed Exhibit A may retain custody of copies of such information as necessary for their participation in this

litigation, but only during the course of this litigation.

12.    Nothing in this Order shall be construed as automatically permitting the filing of Confidential Information under seal.  In the event that a party seeks to file or files with the Court any pleading, motion, letter, memorandum, or other filing containing, attaching, or reflecting Discovery Materials that either it or another party has designated as Confidential Information, the provisions of LRCiv 5.6 shall govern the procedure for filing such Confidential Filing under seal and for any stipulation or motion to seal such Confidential Filing.  In connection with any motion to seal, the Party seeking to maintain the confidentiality of the Confidential Information in question shall have the burden to show "compelling reasons" (where the motion is more than tangentially related to the merits of the case) or "good cause" for filing under seal.  See *Ctr. For Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1101 (9th Cir. 2016).  Furthermore, the mere fact the parties have designated certain materials or information as confidential pursuant to an agreement or stipulation does not establish that any legal standard for placing those materials or information under seal has been met.  *Id*.  Where a party seeks to seal only certain portions of a given document, the unredacted version of the document, which should be lodged under seal pursuant to LRCiv 5.6(c), must include highlighting to indicate which portions of the document the party seeks to redact.  Additionally, any Party that makes a Confidential Filing shall, to the extent practicable, file a redacted, unsealed version of such Confidential Filing within the applicable deadline.

13.    The terms and provisions of this Order also are applicable to documents and information produced by a non-party and designated as "CONFIDENTIAL."  A non-party's use of this Order to protect its Confidential Information does not entitle that non-party access to the Confidential Information produced by the parties or any other non-party in this action.

14.    All Confidential Information must be held in confidence by those inspecting or receiving it. In addition, any person or entity receiving Confidential Information must

take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person or entity other than a person or entity authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the producing party and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the responsible party and by the person(s) receiving the unauthorized disclosure.

15.    No party will be responsible for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such by the producing party in accordance with this Order, subject to the provisions in Paragraph 18 herein.

16.    If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, that producing party may give written notice to the receiving party that such Discovery Material is deemed Confidential Information and should be treated as such in accordance with that designation under this Order. The receiving party must treat the Materials as confidential, and the producing party must endeavor to re-produce the designated Materials with the appropriate designation within twenty-one (21) days after notification of the designation. If the receiving party has disclosed the Materials before receiving the designation, the receiving party must notify the producing party in writing of each such disclosure.

17.    Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as by the attorney-client privilege or work product protection. When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b). The disclosure

or production of documents protected by the attorney-client privilege, work-product protection, or other privileges or protections, shall not by itself constitute a waiver of the privilege or protection from discovery in this action or in any other federal or state proceedings provided that the party asserting such privilege or protection complies with Federal Rule of Evidence 502(b).  The disclosing party or non-party shall retain the burden of establishing the privileged or protected nature of any inadvertently disclosed information.  Without shifting such burden, where the receiving party knows or reasonably should know that documents or information were inadvertently sent or produced, the receiving party shall promptly notify the sender and preserve the status quo for a reasonable period of time in order to permit the sender to take protective measures.  If the sender takes protective measures, the receiving party shall not further examine the documents or information at issue until such time as the parties agree or the Court orders further examination is permitted.

18.    If the receiving party intends to challenge the assertion of inadvertent production of privileged information, it must provide written notice explaining the grounds for its challenge.  The receiving party shall initiate the meet and confer process within ten (10) business days of the date of service of the receiving party's notice disputing a claim of inadvertent production.  If the parties cannot resolve a challenge without Court intervention, the receiving party may move the Court for an order compelling production of any inadvertently produced or disclosed document or material, but the motion shall not assert as a ground for production the fact of the inadvertent production or disclosure.  The producing party will bear the burden of establishing the information is privileged.  Pending the Court's ruling, the party challenging the assertion of privilege shall segregate the affected documents and materials and shall not make any use of such information.

19.    This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information.  The existence of this Order must not be used by

either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20. In the event that a receiving party is required (by interrogatory, subpoena, civil investigatory demand, or any similar process relating to any legal proceeding, investigation, hearing, or otherwise) to disclose any Confidential Information of a producing party, the receiving party shall (a) give prompt notice to Counsel for the producing party, and, where reasonably practicable, provide notice at least seventy-two (72) hours prior to any deadline to intervene and seek a protective order or other appropriate remedy; and (b) except in the event of a ruling from a court of competent jurisdiction requiring such production or disclosure, not produce or disclose the requested Confidential Information without the prior written consent of the producing party prior to the deadline for such production.

21. Nothing in this Order shall limit any producing party's use of its own documents or shall prevent any producing party from disclosing its own Confidential Information to any person. Such disclosures shall not affect any confidential designation made pursuant to the terms of this Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information. Nothing in this Order shall prevent or otherwise restrict Counsel from rendering advice to their clients, and in the course thereof, relying on examination of designated Confidential Information.

22. If a party objects to the designation of a document as CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Order, the following procedure shall apply:

a. Counsel for the objecting party shall serve on the designating party a written objection to such designation, which shall describe with particularity the documents or information in question, state the grounds for objection, and explain the need to remove such designation for use of the documents in this action. Counsel for the designating party shall respond in writing to such objection within five (5)

business days, and shall state with particularity the grounds for asserting that the information is confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

b.    If a dispute as to the designation cannot be resolved by agreement, the proponent of the challenged designation shall present the dispute to the Court. The information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute. The burden of proving that the information is entitled to such CONFIDENTIAL or HIGHLY CONFIDENTIAL designation shall be on the designating party.

23.    Within sixty (60) days of the final termination of this action, including any and all appeals, all Discovery Material containing Confidential Information shall be returned to the producing party or, if the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to Counsel, or destroy, any sealed material at the end of the litigation, including any appeals. Notwithstanding the foregoing, Counsel for each party may retain all pleadings, briefs, memoranda, motions, documents filed with the Court, deposition, and hearing transcripts, legal memoranda, correspondence, deposition exhibits, expert reports, attorney work product, consultant and expert work product that refer to or incorporate Confidential Information, and other materials Counsel is required to retain to comply with Counsel's malpractice insurance and will continue to be bound by this Order with respect to all such retained information, after the conclusion of this litigation.

24.    Transmission by e-mail is acceptable for all notification purposes within this Order.

25.    This Order may be modified by agreement of the parties, subject to approval by the Court.

26.     This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Information is produced or disclosed.

27.     This Court retains and shall have continuing jurisdiction over all persons subject to this Order to the extent necessary to enforce the provisions of this Order.

Dated this 17th day of November, 2025.

Honorable Diane J. Humetewa
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Mehran Esfandiari, et al.,

Plaintiffs,

v.

Edgio Incorporated, et al.,

Defendants.

No. CV-23-00691-PHX-DJH

**ORDER**

### Exhibit A: AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

I, _____, acknowledge that I have read and understand the Protective Order entered in the above-captioned action (the "Action") governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential Information.  I agree that (a) I will not disclose such Confidential Information to anyone other than for purposes of this Action and in accordance with the provisions of the Protective Order; and (b) at the conclusion of the Action, I will return all Confidential Information (and any materials reflecting Confidential Information) to the party or attorney from whom I received it, and I shall not retain any copies of such materials.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the District of Arizona with respect to the enforcement of the Order and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____

Dated:

- 13 -