# EXHIBIT 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Peter Frouws, individually and on behalf of all others similarly situated, et al., | ) No. 2:23-cv-00691-PHX-DJH |
| Plaintiff, | ) <u>CLASS ACTION</u> |
| v. | ) **STIPULATION AND AGREEMENT OF SETTLEMENT** |
| Robert Lyons; Daniel Boncel; and Stephen Cumming, | ) |
| Defendants. | ) |

This Stipulation and Agreement of Settlement, dated as of February 11, 2026, (together with all exhibits and appendices thereto, the "Stipulation") is submitted to the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure. This Stipulation is entered into by and among (i) Court-appointed Lead Plaintiff Peter Frouws ("Lead Plaintiff"), on his own behalf and on behalf of the Settlement Class (as defined below), and (ii) defendants Robert A. Lyons, Daniel R. Boncel, and Stephen Cumming (collectively, "Defendants"), by and through their respective counsel. This Stipulation embodies all of the terms of the settlement and resolution of the above-captioned Consolidated Action.[1] This Stipulation is intended, subject only to approval by the Court and the conditions set forth herein, to fully, finally, and forever resolve, discharge, settle, and dismiss with prejudice all Released Claims (defined below) against Defendants and all Released Persons.

**WHEREAS:**

**A.      Procedural Background of the Consolidated Action**

1.      On April 25, 2023, Mehran Esfandiari filed a putative class action complaint alleging claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder against Edgio, Inc. ("Edgio"), formerly known as Limelight, Inc., and Defendants. Case No. 2:23-cv-00691-DJH, Doc. 1.

2.      On June 23, 2023, Stephen Marinelli filed a putative class action complaint alleging claims under Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 promulgated thereunder against Edgio, Robert A. Lento, and Defendants. Case No. 2:23-cv-01170-SMM, Doc. 1.

3.      On June 26, 2023, Lead Plaintiff filed a motion seeking appointment as lead plaintiff, approval of his counsel as co-lead counsel, and consolidation of the related cases filed by Marinelli and Esfandiari. Doc. 15.

4.      On November 3, 2023, the Court issued an order appointing Lead Plaintiff as lead

---

[1]      Throughout this Stipulation, all terms used with initial capitalization, but not immediately defined, shall have the meanings ascribed to them in Section 1 below.

plaintiff and consolidating the related actions filed by Marinelli and Esfandiari into the Consolidated Action.  The Court also appointed the law firms of Scott+Scott Attorneys at Law LLP and the Schall Law Firm as Co-Lead Counsel in the Consolidated Action.  Doc. 23.

5.    On January 29, 2024, Lead Plaintiff filed an amended complaint alleging claims under the §§10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 promulgated thereunder against Edgio and Defendants ("Amended Complaint").  Doc. 32.  The Amended Complaint alleges that Edgio and Defendants made materially false and misleading statements and omissions about Edgio's business in public statements and Edgio's filings with the SEC.  *Id.*

6.    On March 11, 2024, Defendants filed a motion to dismiss the Amended Complaint (Doc. 37), which Lead Plaintiff opposed (Doc. 38).

7.    On September 9, 2024, Edgio and its U.S. subsidiaries filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Proceeding").  Upon notice of the Bankruptcy Proceeding, the proceedings in this Consolidated Action were automatically stayed.  Doc. 40.

8.    On March 17, 2025, Edgio was dismissed from the Consolidated Action without prejudice, in light of the then-pending Bankruptcy Proceeding.  Doc. 49.

9.    On April 2, 2025, Defendants re-filed their motion to dismiss the Complaint (Doc. 55; the "Motion to Dismiss"), which Lead Plaintiff opposed (Doc. 56).

10.    On August 25, 2025, the Court issued an Order denying the Motion to Dismiss. Doc. 58.

11.    On September 8, 2025, counsel for Lead Plaintiff and Defendants, as well as representatives of certain of Defendants' insurance carriers, conducted a full-day, in-person mediation under the auspices of David Murphy, Esq. of Phillips Alternative Dispute Resolution LLC (the "Mediator"), a nationally recognized mediator with significant experience in mediating securities and other complex class actions.  In connection with this mediation process, the Parties prepared and exchanged comprehensive mediation statements with accompanying exhibits.  The Parties were unable to reach an agreement at the September 8, 2025 mediation session.

12.    In parallel with the mediation process, the Parties continued to actively litigate the

Consolidated Action.  On October 6, 2025, Defendants filed their respective Answers to the Amended Complaint.  Docs. 61-63.  On October 20, 2025, the Parties submitted a Joint Case Management Report outlining proposed case deadlines. Doc. 64.  On October 22, 2025, the Court issued a Rule 16 Scheduling Order.  Doc. 65.  The Parties thereafter commenced fact discovery, including service of interrogatories, requests for document production, and third-party discovery.

13.    Following the initial mediation session, the Parties continued the confidential mediation process.  Over the course of more than three months, the parties engaged in additional discussions and negotiations under the Mediator's supervision.  On December 9, 2025, the Parties accepted a double-blind mediator's proposal to settle the Consolidated Action for $15 million ($15,000,000.00).

14.    On December 11, 2025, the Parties informed the Court that they had reached an agreement-in-principle to settle the Consolidated Action and requested a stay.  Doc. 78.  The same day, the Court granted the request to stay.  Doc. 79.

**B.    The Settlement**

15.    As set forth herein, the Parties desire to fully, finally, and forever settle and resolve any and all Released Claims (as defined below) by, between, or among Lead Plaintiff and the Settlement Class, on the one hand, and Defendants, on the other hand.

16.    This Stipulation reflects the final and binding agreement between the Parties, subject to approval by the Court, to fully, finally, and forever settle the Consolidated Action and to release the Released Defendant Persons with respect to the Released Plaintiff's Claims, including, without limitation, all claims asserted against the Defendants in this action.

17.    Neither this Stipulation, nor the fact of its execution, nor any of its provisions, shall be offered or received in evidence in any action or proceeding of any nature or otherwise referred to or used in any manner in any court or other tribunal to establish any allegation of liability or wrongdoing by each or any of the Released Defendant Persons, other than such proceedings as may be necessary to effectuate or enforce the provisions of this Stipulation or as set forth in ¶ 11.1.

**C.      Defendants' Denial of Wrongdoing and Liability**

18.      Defendants state that they enter into this Stipulation solely to eliminate the expense, distraction, time, and uncertainty of further litigation.   Taking into account the uncertainty, risks, costs, and distraction inherent in any litigation, especially in complex cases such as this Consolidated Action, Defendants state that they have determined that it is desirable that the Consolidated Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.

19.      Nothing in this Stipulation shall be construed as an admission by any Defendant or any of the Released Defendant Persons of any wrongdoing, fault, liability, or damages whatsoever.  Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in this Consolidated Action.  Defendants also have denied and continue to deny, inter alia, the allegations that any of the Defendants made, knowingly or otherwise, any material misstatements or omissions; that Defendants acted negligently, recklessly, or with culpable intent; that any member of the Settlement Class has suffered any damages; or that Lead Plaintiff or members of the Settlement Class were harmed by the conduct alleged in the Consolidated Action or that could have been alleged as part of the Consolidated Action.  Defendants have asserted and continue to assert that, at all times, they acted in good faith and in a manner reasonably believed to be in accordance with all applicable rules, regulations and laws.  In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Consolidated Action.

20.      The Stipulation, whether or not consummated, any proceedings relating to any settlement, or any of the terms of any settlement, whether or not consummated, shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of the Defendants, the Released Defendant Persons, or any of them, with respect to any fact or matter alleged in the Consolidated Action, or any claim of fault or liability or wrongdoing or damage whatsoever, or any infirmity in any defense that has been or could have been asserted.  Each Defendant reserves all defenses to any claims that may be filed by any individual or entity that

has previously sought or may seek exclusion from the Settlement Class.

**D.    Lead Plaintiff's Statement Regarding Settlement**

21.    Lead Plaintiff and Co-Lead Counsel state that they recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Consolidated Action against Defendants through trial.  Lead Plaintiff and Co-Lead Counsel state that they also have taken into account the uncertain outcome, inherent risk, and the expense associated with getting this case successfully through discovery, summary judgement, and a jury trial in a complex matter such as this Consolidated Action, as well as the risks posed by the difficulties and delays relating to post-trial motions and potential appeals, including the complications arising from the fact that Edgio, the issuer of the securities at issue, filed for bankruptcy.  Lead Plaintiff and Co-Lead Counsel believe that the claims asserted in the Consolidated Action were well-pled and believe that this Stipulation reflects a balancing of the substantial and certain recovery for the Settlement Class under the Settlement, as against the risks and delays inherent in continued litigation.  Lead Plaintiff and Co-Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class in light of the circumstances present here, and is fair, reasonable, and in the best interests of the Settlement Class Members.

22.    The Stipulation, whether or not consummated, any proceedings relating to any settlement, or any of the terms of any settlement, whether or not consummated, shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of Lead Plaintiff or the Settlement Class concerning any infirmity in the claims asserted in the Consolidated Action, or any lack of merit of such claims, or any inability to prove damages, loss causation, scienter, materiality, or any other element of the claims asserted.  Nothing in this Stipulation shall be construed as an admission that any of Defendants' asserted defenses have merit or would have prevailed at trial or on appeal.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among Lead Plaintiff, on behalf of himself and the Settlement Class, and Defendants, by and through their respective undersigned counsel and subject to the approval of the Court pursuant to Rule 23(e), that, in consideration of the benefits flowing to the Parties from the Settlement, all Released

Claims, as against all Released Persons, shall be fully, finally, and forever compromised, settled, released, discharged, and dismissed with prejudice, and without costs, and the Consolidated Action shall be dismissed with prejudice, upon and subject to the following terms and conditions of this Stipulation, as follows:

**1.    DEFINITIONS**

In addition to the terms defined above, the following capitalized terms, used in this Stipulation, shall have the meanings specified below:

**1.1.**    "Affiliate" means any person or entity controlled by, controlling, or under common control with another person or entity.

**1.2.**    "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Final Judgment provided for in this Stipulation and where none of the Settling Parties hereto elects to terminate this Settlement by reason of such variance.

**1.3.**    "Amended Complaint" means the Amended Complaint for Violation of the Federal Securities Laws, filed by Lead Plaintiff in the Consolidated Action on January 29, 2024 (Doc. 32).

**1.4.**    "Answer" refers to any of Defendants' respective Answers to the Amended Complaint, which were filed in the Consolidated Action on October 6, 2025.

**1.5.**    "Authorized Claimant" means any Claimant whose Proof of Claim and Release has been allowed by the Claims Administrator pursuant to the terms of the Stipulation or by order of the Court.

**1.6.**    "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim form containing substantially similar information that is submitted to the Claims Administrator to share in the distribution of the Net Settlement Fund.

**1.7.**    "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

**1.8.**    "Claimant" means a person or entity who or which timely submits a Claim to the

Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund and does not withdraw such Claim.

1.9.    "Claims Administrator" means the firm retained by Co-Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

1.10.    "Class Distribution Order" means the order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

1.11.    "Class Period" means the period from February 12, 2021 to March 10, 2023, inclusive.

1.12.    "Co-Lead Counsel" means the law firms Scott+Scott Attorneys at Law LLP and The Schall Law Firm.

1.13.    "Consolidated Action" means the consolidated putative class action captioned *Frouws, et al., v. Lyons et al.,* No. 2:23-cv-00691-PHX-DJH, pending in this Court.

1.14.    "Court" means the United States District Court for the District of Arizona.

1.15.    "Defendants" has the meaning set forth in the Recitals.

1.16.    "Defendants' Counsel" means the law firms Fried, Frank, Harris, Shriver & Jacobson LLP and Osborn Maledon, P.A.

1.17.    "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 10.3 of this Stipulation have been met and have occurred or have been waived.

1.18.    "Escrow Account" means an interest-bearing escrow account with a U.S. bank established at and maintained by the Escrow Agent, wherein the Settlement Amount shall be deposited and held in escrow under the control of Co-Lead Counsel.

1.19.    "Escrow Agent" means Huntington National Bank.

1.20.    "Failure to Fund Termination Notice" has the meaning set forth in ¶ 10.6.

1.21.    "Final," with respect to the Final Judgment, or, if applicable, the Alternate Judgment, or any other court order, means when the last of the following shall occur: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the

1    Federal Rules of Appellate Procedure, *i.e.,* thirty (30) days after entry of the judgment or order;

2    or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such

3    appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the

4    judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for

5    a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of

6    review, and, if certiorari or other form of review is granted, the date of final affirmance following

7    review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial

8    review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or Litigation

9    Expenses, or (ii) the Plan of Allocation of Settlement proceeds (as submitted or subsequently

10    modified), shall not in any way delay or preclude a judgment approving the Settlement from

11    becoming Final.

12        **1.22.**   "Immediate Family" means children, stepchildren, parents, stepparents, spouses,

13    siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and

14    sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in

15    a state-recognized domestic relationship or civil union.

16        **1.23.**   "Judgment" means the final judgment and order of dismissal with prejudice to be

17    rendered by the Court upon approval of the Settlement, substantially in the form attached hereto

18    as Exhibit B.  The Judgment shall provide that the terms of 15 U.S.C. §78u-4(f)(7) apply to this

19    Settlement, including that each Defendant shall be discharged from all claims for contribution

20    brought by other persons.  The Judgment shall include a bar order constituting the final discharge

21    of all obligations to any Settlement Class Member of each of the Defendants arising out of the

22    Consolidated Action.

23        **1.24.**   "Lead Plaintiff" means Peter Frouws on behalf of himself and the Settlement Class

24    Members.

25        **1.25.**   "Litigation Expenses" means costs and expenses incurred in connection with

26    commencing, prosecuting, and settling the claims asserted in the Consolidated Action for which

27    Co-Lead Counsel intend to apply to the Court for payment or reimbursement from the Settlement

28    Fund.

**1.26.**    "Net Settlement Fund" means the Settlement Fund (defined below) less: (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; (v) any award to any plaintiff awarded by the Court pursuant to 15 U.S.C. §78u-4(a)(4) ("Lead Plaintiff Award"); and (vi) any other costs or fees approved by the Court.

**1.27.**    "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached as Exhibit 1 to Exhibit A, which is to be mailed to Settlement Class Members.

**1.28.**    "Notice and Administration Costs" means all costs, fees, and expenses that are incurred by the Claims Administrator and/or Co-Lead Counsel in connection with: (i) providing notice of the Settlement to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

**1.29.**    "Parties" means Defendants and Lead Plaintiff, on behalf of himself and the Settlement Class.

**1.30.**    "Person(s)" means an individual, corporation, fund, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership association, bank, joint stock company, estate, legal representative, trust, trustee, unincorporated association, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

**1.31.**    "Plan of Allocation" means the proposed plan for allocating the Net Settlement Fund to Authorized Claimants, as set forth in the Notice, or such other plan of allocation as may be approved by the Court.

**1.32.**    "Preliminary Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

**1.33.**    "Released Claims" means all Released Defendants' Claims and all Released

1   Plaintiff's Claims.

2       **1.34.**   "Released Defendant Persons" means (i) Defendants, (ii) Edgio; (iii) all past and

3   present directors, officers, or employees of Edgio who could have been named as defendants in

4   this Consolidated Action; (iv) all past and present Affiliates of Defendants, (v) all past and present

5   officers, directors, employees, members, limited or general partners, insurers, attorneys, financial

6   or investment advisors, auditors, consultants, agents, representatives, successors, and assigns of

7   the persons and entities in (i)-(iv).

8       **1.35.**   "Released Defendants' Claims" means any and all claims, demands, rights,

9   liabilities, losses, obligations, damages, and causes of action of any kind, nature, or description

10  whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued,

11  apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or

12  unsuspected, liquidated or not liquidated, fixed or contingent, including Unknown Claims, under

13  any federal, state, foreign, or other applicable law, rule or regulation, arising out of or in any way

14  relating (directly or indirectly) to the institution, prosecution, or settlement of this Consolidated

15  Action (including any of the actions subsequently consolidated into this Action), except for claims

16  relating to the enforcement of the Settlement.

17      **1.36.**   "Released Persons" means each and any of the Released Defendant Persons and

18  each and any of the Released Plaintiff Persons.

19      **1.37.**   "Released Plaintiff Persons" means Lead Plaintiff and all other Settlement Class

20  Members, as well as all of their respective past and present Affiliates, officers, directors,

21  employees, members, limited or general partners, insurers, attorneys (including Co-Lead

22  Counsel), financial or investment advisors, auditors, consultants, agents, representatives,

23  successors, and assigns.

24      **1.38.**   "Released Plaintiff's Claims" means any and all claims, demands, rights,

25  liabilities, losses, obligations, damages, and causes of action of any kind, nature, or description

26  whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued,

27  apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or

28  unsuspected, liquidated or not liquidated, fixed or contingent, including Unknown Claims, under

any federal, state, foreign, or other applicable law, rule or regulation, that were asserted in the Amended Complaint or could have been asserted in any forum arising out of or in any way relating (directly or indirectly) to (i) the allegations, transactions, facts, matters or occurrences, representations, or omissions involved, set forth, or referred to in the Amended Complaint and (ii) the purchase or other acquisition of Edgio common stock (including any decision to buy Edgio common stock) by any members of the Settlement Class during the Class Period. For the avoidance of doubt, any claims to enforce any of the terms of this Stipulation are excluded from the definition of Released Claims.

    **1.39.** "Releases" means the releases set forth in ¶ 4 of this Stipulation.

    **1.40.** "SEC" means the U.S. Securities & Exchange Commission.

    **1.41.** "Settlement" means the settlement between Lead Plaintiff and Defendants on the terms and conditions set forth in this Stipulation.

    **1.42.** "Settlement Amount" means $15,000,000 (Fifteen Million U.S. Dollars) in cash.

    **1.43.** "Settlement Class" means all persons and entities who purchased or otherwise acquired shares of Edgio common stock (including shares of Limelight common stock, before the company changed its name to Edgio) between February 12, 2021 and March 10, 2023, inclusive. Excluded from the Settlement Class are (i) Defendants, (ii) any present or former officers and directors of Edgio during the Class Period (the "Excluded D&Os"), (iii) members of Defendants' and Excluded D&Os' Immediate Family, (iv) the Affiliates of any Defendant, (v) any firm, trust, corporation, or other entity in which any Defendant or any other excluded person or entity has or had a majority ownership interest; and (vi) the legal representatives, heirs, successors, and assigns of any such excluded person or entity. For the avoidance of doubt, the foregoing exclusions do not apply where the person or entity that is excluded from the Settlement Class (or the entity in which such person or entity has a majority ownership interest) acts as nominee, trustee, street name holder, fund manager, or in any other fiduciary capacity for persons or entities who otherwise would be entitled to be included in the Settlement Class. Also excluded from the Settlement Class are any persons who, or entities which, exclude themselves by submitting a request for exclusion that is accepted by the Court.

**1.44.** "Settlement Class Member" means each Person that is a member of the Settlement Class.

**1.45.** "Settlement Fund" means the Settlement Amount plus all interest earned thereon.

**1.46.** "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider whether to grant final approval of the Settlement.

**1.47.** "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Order.

**1.48.** "Taxes" means and includes (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Co-Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants and mailing and distribution costs and expenses or penalties relating to filing (or failing to file) the returns) ("Tax Expenses").

**1.49.** "Unknown Claims" means any and all Released Claims of every nature and description whatsoever that a person granting a release in connection with the Settlement does not know or suspect to exist in his, her, or its favor at the time of the release, including without limitation those which, if known, might have affected his, her, or its decision(s) with respect to Settlement.  Upon the Effective Date, Lead Plaintiff and Defendants expressly waive, relinquish, and release, and the Settlement Class Members shall be deemed to have, and by operation of the Final Judgment or Alternate Judgment shall have, to the fullest extent permitted by law, expressly waived, relinquished, and released any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Parties acknowledge, and all Settlement Class Members by operation of law shall be deemed to have acknowledged, that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff and Defendants shall expressly, fully, finally, and forever settle and release, and each member of the Settlement Class shall be deemed to have settled and released, and upon the Effective Date and by operation of the Final Judgment or Alternate Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims as applicable, known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or common into existence in the future, including but not limited to conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiff and Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and was separately bargained for and was a material element of the settlement.

**2.    CLASS CERTIFICATION**

**2.1.**    Solely for purposes of the Settlement and for no other purpose, the Parties stipulate and agree to: (a) certification of the Consolidated Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Lead Plaintiff as Class Representative for the Settlement Class; and (c) appointment of Co-Lead Counsel as Class Counsel for the Settlement Class pursuant to 23(g) of the Federal Rules of Civil Procedure.

**3.    PRELIMINARY APPROVAL OF SETTLEMENT**

**3.1.**    Promptly upon execution of this Stipulation, Lead Plaintiff will move for, and Defendants shall not oppose or contest, entry of the Preliminary Order substantially in the form attached hereto as Exhibit A, which shall provide for preliminary approval of the Settlement,

1  authorization to provide notice of the Settlement to the Settlement Class, and the scheduling of a

2  hearing for consideration of final approval of the Settlement, which motion shall be unopposed

3  by Defendants.  Defendants shall agree to entry of the Preliminary Order, substantially in the form

4  attached as Exhibit A.

5  **4.     RELEASE OF CLAIMS**

6      **4.1.**     The obligations incurred pursuant to this Stipulation are in consideration of (a) the

7  full and final disposition of the Consolidated Action as against Defendants and (b) the Releases

8  provided for herein.

9      **4.2.**     By operation of the Final Judgment, or the Alternate Judgment, if applicable,

10  without further action by anyone, upon the Effective Date, Lead Plaintiff and each and every other

11  Settlement Class Member, on behalf of themselves and each of their respective heirs, executors,

12  trusts, trustees, administrators, predecessors, successors, assigns, representatives, agents, and

13  attorneys, in their capacities as such, shall be: (i) deemed to have fully, finally, and forever

14  waived, comprised, settled, discharged, dismissed, extinguished, and released each and every one

15  of the Released Plaintiff's Claims against each and every one of the Released Defendant Persons;

16  (ii) forever barred and enjoined from commencing, instituting, prosecuting, or maintaining any

17  and all of the Released Plaintiff's Claims in any action or other proceeding in any court of law or

18  equity, arbitration tribunal, or administrative forum against any and all of the Released Defendant

19  Persons; and (iii) deemed to have covenanted not to sue any Released Defendant Persons on the

20  basis of any Released Plaintiff's Claims or to assist any person in commencing or maintaining

21  any suit relating to any Released Plaintiff's Claim against any Released Defendant Persons.  The

22  foregoing release is given regardless of whether Lead Plaintiff or Members of the Settlement

23  Class have: (i) executed and delivered a Proof of Claim and Release; (ii) actually received the

24  Settlement Notice; (iii) participated in the Settlement Fund; (iv) filed an objection to the

25  Settlement, the proposed Plan of Allocation, or any application by Co-Lead Counsel for attorneys'

26  fees and Litigation Expenses; or (v) had their claims approved or allowed.

27      **4.3.**     By operation of the Final Judgment or Alternate Judgment, if applicable, without

28  further action by anyone, as of the Effective Date, Defendants, on behalf of themselves and each

of their respective heirs, executors, trusts, trustees, administrators, predecessors, successors, assigns, representatives, agents, and attorneys, in their capacities as such, shall be (i) deemed to have fully, finally, and forever waived, compromised, settled, discharged, dismissed, extinguished, and released each and every one of the Released Defendants' claims against each and every one of the Released Plaintiff Persons; and (ii) forever barred from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims in any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum against any and all of the Released Plaintiff Persons.

**4.4.**    Notwithstanding ¶¶ 4.2-4.3 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or the Alternate Judgment, if applicable.

**5.    THE SETTLEMENT CONSIDERATION**

**5.1.**    In full and final settlement of the claims assorted in the Consolidated Action against Defendants and in consideration of the Releases specified in ¶ 4 all of which the Parties agree are good and valuable consideration, Defendants agree to cause the Settlement Amount to be paid by their insurance carriers into the Escrow Account within 30 (thirty) calendar days after the later of: (i) the date of entry of the Preliminary Order by the Court; or (ii) the date upon which Co-Lead Counsel provides Defendants' Counsel with wire transfer information in a form reasonably acceptable to Defendants and their insurance carriers, together with an IRS Form W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited.  Co-Lead Counsel shall provide Defendants' Counsel with the wire transfer information and Form W-9 as soon as possible after execution of this Stipulation and by no later than two (2) business days before the hearing on preliminary approval (if such a hearing is scheduled), or five (5) business days after filing of the motion for preliminary approval with the Court.

**5.2.**    Except in the event of an untimely payment of the Settlement Amount into the Escrow Account or breach of this Stipulation (*see* ¶¶ 10.5-10.6), under no circumstances will Defendants or their insurance carriers be required to pay more than the Settlement Amount

pursuant to this Stipulation and the Settlement for any reason whatsoever, including, without limitation, as compensation to any Class Member or in payment of any fees or expenses incurred by any Class Member or Co-Lead Counsel.

5.3.    With the sole exception of Defendants' obligation to secure payment of the Settlement Amount into the Escrow Account, provided for in ¶ 5.1, Defendants, Defendants' insurers, and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Co-Lead Counsel, the Claims Administrator, the Escrow Agent, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, Tax Expenses, and/or costs or expenses incurred in connection with the taxation of the Settlement Fund, distributions, or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

5.4.    Except as provided in ¶ 10.8, after the Effective Date, Defendants shall have no interest in the Settlement Fund or in the Net Settlement Fund, and no funds will be returned to Defendants.

## 6.    HANDLING AND DISBURSEMENT OF FUNDS BY THE ESCROW AGENT

6.1.    No monies will be disbursed from the Settlement Fund until after the Effective Date except:

6.1(a)    As provided in ¶ 6.5 below;

6.1(b)    As provided in ¶ 8.2 below;

6.1(c)    As provided in ¶ 10.8 below, if applicable; and

6.1(d)    To pay Taxes and Tax Expenses (as defined in ¶ 7.2 below) on the income earned by the Settlement Fund. Taxes and Tax Expenses shall be timely paid by the Escrow Agent without prior order of the Court.

6.2.    The Settlement Fund shall be used to pay: (a) any Taxes and Tax Expenses; (b)

any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; (e) any Lead Plaintiff Award awarded by the Court pursuant to 15 U.S.C. §78u-4(a)(4); and (f) any other costs and fees approved by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶ 9 below.

6.3.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent, at the direction of Co-Lead Counsel, shall invest any funds in the Escrow Account only in eligible investments, meaning obligations or securities issued or guaranteed by the United States Government or any agency or instrumentality thereof, backed by the full faith and credit of the United States, or fully insured by the United States Government or an agency thereof, including any mutual funds or similar funds invested solely in such obligations or securities.  The Escrow Agent (unless otherwise instructed by Co-Lead Counsel) shall reinvest the proceeds of these obligations or securities as they mature in similar instruments at their then-current market rates.  Interest earned on the money deposited into the Escrow Account shall be part of the Settlement Fund.

6.4.     The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendant, Released Defendant Person, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claims submitted, the collective amount of Recognized Claims of Authorized Claimants (as defined in the Plan of Allocation), the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

6.5.     Notwithstanding the fact that the Effective Date has not yet occurred, Co-Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable.

1    Such costs and expenses shall include, without limitation, the actual costs of printing and mailing

2    the Notice, publishing the Summary Notice, reimbursements to nominee owners for searching

3    and providing the names/addresses of prospective Settlement Class Members to the Claims

4    Administrator for noticing or forwarding the Notice to their beneficial owners, the administrative

5    expenses incurred and fees charged by the Claims Administrator in connection with providing

6    notice and administering the Settlement (including processing the submitted Claims), and the fees,

7    if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms

8    of this Stipulation, all Notice and Administration Costs paid or incurred, including any related

9    fees, shall not be returned or repaid to Defendants, any of the other Released Defendant Persons,

10   or any of the person or entity who or which paid any portion of the Settlement Amount.

11   **7.    TAXES**

12        **7.1.**    The Parties agree that the Settlement Fund is intended to be a Qualified Settlement

13   Fund within the meaning of Treasury Regulation § 1.468B-1 and that the Claims Administrator,

14   as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-

15   2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax

16   returns as may be necessary or appropriate (including, without limitation, the returns described in

17   Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Co-Lead Counsel shall be

18   responsible for causing payment to be made from the Settlement Fund of any Taxes owed with

19   respect to the Settlement Fund.  The Released Defendant Persons shall not have any liability or

20   responsibility for any such Taxes.  Upon written request, Defendants will provide to Co-Lead

21   Counsel the statement described in Treasury Regulation § 1.468B-3(e). The Claims

22   Administrator, as administrator of the Settlement Fund within the meaning of Treasury

23   Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to

24   carry out this paragraph, including, as necessary, making a "relation back election," as described

25   in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into

26   existence at the earliest allowable date, and shall take or cause to be taken all actions as may be

27   necessary or appropriate in connection therewith.

28        **7.2.**    All Taxes (including any estimated Taxes, interest or penalties) arising with

1   respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that

2   may be imposed upon Defendants or Defendants' counsel with respect to any income earned by

3   the Settlement Fund for any period during which the Settlement Fund does not qualify as a

4   "qualified settlement fund" for federal or state income tax purposes, and expenses and costs

5   incurred in connection with the operation and implementation of this ¶ 7.2 (including, without

6   limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and

7   expenses or penalties relating to filing (or failing to file) the returns described in this ¶ 7.2), shall

8   be paid out of the Settlement Fund.  Defendants, Defendants' Counsel, and the Released

9   Defendant Persons shall have no liability or responsibility for the Taxes or the Tax Expenses.

10  Taxes and Tax Expenses shall be timely paid out of the Settlement Fund without prior order from

11  the Court.  At the direction of Co-Lead Counsel, the Escrow Agent shall be obligated

12  (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized

13  Claimants any funds necessary to pay such amounts, including the establishment of adequate

14  reserves for any Taxes and Tax Expenses (as well as any amounts that may be withheld under

15  Treasury Regulation § 1.468B-2(1)(2)).  Any tax returns prepared for the Settlement Fund (as

16  well as the election set forth therein) shall be consistent with the previous paragraph and in all

17  events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out

18  of the Settlement Fund as provided herein.  Defendants, Defendants' Counsel, and the Released

19  Defendant Persons shall have no responsibility for, interest in, or any liability whatsoever with

20  respect to the foregoing provided in this ¶ 7.2.  The Settling Parties agree to cooperate with each

21  other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the

22  provisions of this ¶ 7.2.

23  **8.    CO-LEAD COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF**
24  **EXPENSES**

25       **8.1.**    Co-Lead Counsel, on behalf of all counsel to Lead Plaintiff and the Settlement

26  Class, may submit an application (the "Fee and Expense Application") for attorneys' fees and

27  reimbursement of Litigation Expenses to be paid to all counsel to Lead Plaintiff and the Settlement

28  Class solely from (and out of) the Settlement Fund.  The Fee and Expense Application is not the

1  subject of any agreement between Defendants and Lead Plaintiff other than what is set forth in

2  this Stipulation. The Court's consideration of the Fee and Expense Application shall be

3  independent of its consideration of the fairness, reasonableness, and adequacy of the Settlement,

4  and neither the approval by the Court nor the effectiveness of the Settlement shall depend on the

5  amount of attorneys' fees and/or Litigation Expenses awarded, or whether there is an appeal from

6  such an award.

7          **8.2.**    Any attorneys' fees and/or Litigation Expenses that are awarded by the Court shall

8  be paid to Co-Lead Counsel, solely from the Settlement Fund, immediately upon award,

9  notwithstanding the existence of any timely filed objections thereto, or potential for appeal

10  therefrom, or collateral attack on the Settlement or any part thereof, subject to Co-Lead Counsel's

11  obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued

12  interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated

13  pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on

14  remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is

15  reduced or reversed and such order reducing or reversing the award has become Final.  Co-Lead

16  Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after:

17  (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any

18  order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become

19  Final.  An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this

20  Stipulation and is not a condition of the Settlement embodied herein.  In the event that attorneys'

21  fees and/or Litigation Expenses are not awarded by the Court or are awarded in an amount that is

22  unsatisfactory to Co-Lead Counsel, or in the event that such an award is vacated or reduced on

23  appeal, this Stipulation and the Settlement, including the effectiveness of the Releases and the

24  other obligations of the Parties under the Settlement, nevertheless shall remain in full force and

25  effect.  Neither Lead Plaintiff nor Co-Lead Counsel may cancel or terminate the Settlement based

26  on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation

27  Expenses.

28          **8.3.**    Co-Lead Counsel shall allocate the attorneys' fees awarded among Co-Lead

Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Consolidated Action. Defendants, Defendants' insurance carriers, Defendants' Counsel, and the Released Defendant Persons shall have no responsibility for, and no liability whatsoever with respect to, the allocation or payment of attorney's fees or Litigation Expenses. Any dispute regarding allocation of attorneys' fees or Litigation Expenses amongst Co-Lead Counsel or any other counsel for Lead Plaintiff and the Settlement Class, shall have no effect on the Settlement. The attorneys' fees and Litigation Expenses that are awarded to Co-Lead Counsel and any other counsel to any plaintiff or the Settlement Class shall be payable solely from the Escrow Account.

**9. NOTICE AND SETTLEMENT ADMINISTRATION**

**9.1.** As part of the Preliminary Order, Co-Lead Counsel shall appoint, subject to the approval of the Court, a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims to share in the distribution of the Net Settlement Fund, under Co-Lead Counsel's supervision and subject to the jurisdiction of the Court. None of the Defendants, nor any other Released Defendant Persons, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiff, any other Settlement Class Members, or Co-Lead Counsel in connection with the foregoing. Defendants and Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate the terms of this Stipulation.

**9.2.** In accordance with the terms of the Preliminary Order to be entered by the Court, Co-Lead Counsel shall cause the Claims Administrator to mail the Notice and Claim Form to those members of the Settlement Class as may be identified through reasonable effort. Defendants shall provide, or cause to be provided, to the Claims Administrator, at no cost to Lead Plaintiff or the Settlement Class, a list from Edgio's transfer agent of shareholders of record of Edgio common stock during the Class Period for the purpose of assisting in providing notice of the

1  Settlement to the Settlement Class.  Co-Lead Counsel shall also cause the Claims Administrator

2  to have the Summary Notice published in accordance with the terms of the Preliminary Order to

3  be entered by the Court.

4      **9.3.**     As set forth in the Class Action Fairness Act of 2005 ("CAFA"), Defendants shall

5  cause to be served a CAFA notice within ten (10) calendar days of the filing of the motion for

6  preliminary approval of the Settlement and Stipulation.  At least seven (7) calendar days before

7  the Final Settlement Hearing, Defendants shall cause to be served on Co-Lead Counsel and filed

8  with the Court a declaration confirming compliance with CAFA § 1715(b).  CAFA notice costs

9  are not Notice and Administration Costs, and all costs associated with the CAFA notice shall be

10 paid directly by Defendants or their insurance carriers and not from the Settlement Fund.  The

11 Parties agree that any delay by Defendants in timely serving the CAFA notice will not provide

12 grounds for delay of the Settlement Hearing or entry of the judgment.

13     **9.4.**     The Claims Administrator shall receive Claims and determine first, whether the

14 Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's pro rata share

15 of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared

16 to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation

17 set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation

18 as the Court approves).

19     **9.5.**     The Plan of Allocation proposed in the Notice is not a necessary term of the

20 Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation

21 that any particular plan of allocation be approved by the Court.  The Court's consideration of the

22 Plan of Allocation will be separate and distinct from the Court's consideration of the fairness,

23 reasonableness, and adequacy of the Settlement, and the approval of the Plan or any changes to

24 the Plan shall not affect the finality or effectiveness of the Settlement.  No Party may cancel or

25 terminate the Settlement (or this Stipulation) based on the Court's or any appellate court's ruling

26 with respect to the Plan of Allocation or any other plan of allocation in this Consolidated Action.

27 Defendants and the other Released Defendant Persons shall not object in any way to the Plan of

28 Allocation or any other plan of allocation in this Consolidated Action.  No Defendant, nor any

other Released Defendant Person, shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.

9.6. Any Settlement Class Member that does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or, the Alternate Judgment, if applicable, to be entered in the Consolidated Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Released Defendant Persons with respect to the Released Plaintiff's Claims in the event that the Effective Date occurs with respect to the Settlement.

9.7. Co-Lead Counsel shall be responsible for supervising the Claims Administrator's administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, or any other Released Defendant Person, shall be permitted to review, contest, or object to any Claim, or any decision of the Claims Administrator or Co-Lead Counsel with respect to accepting or rejecting any Claim for payment. Co-Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

9.8. For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant eligible for payment from the Net Settlement Fund, the following conditions shall apply:

9.8(a) Each Claimant seeking payment from the Net Settlement Fund shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Co-Lead Counsel, in their discretion, may deem acceptable;

9.8(b) All claims must be submitted by the date set by the Court in the Preliminary Order and specified in the Notice. Any Settlement Class Member who fails to submit

a Claim by such date shall, except as may be permitted by the Court, be forever barred from receiving any distribution from the Net Settlement Fund, but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or, Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Defendant Person with respect to any Released Plaintiff's Claim. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

9.8(c)     Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to ¶ 9.8(e) below as necessary;

9.8(d)     Subject to ¶ 9.7 or order of the Court, Claims that do not meet the submission requirements shall be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of ¶ 9.8(e) below; and

9.8(e)     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and

requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Co-Lead Counsel shall thereafter present the request for review to the Court.

9.9.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed from Defendants or any Defendant Released Person on the merits of this Consolidated Action or of the Settlement in connection with the processing of Claims.

9.10.    Co-Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; and (b) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

9.11.    Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants as to payment from the Net Settlement Fund.  All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Consolidated Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Released Defendant Persons with respect to any and all of the Released Plaintiff's Claims.

9.12.    If any balance remains in the Net Settlement Fund six (6) months after the date of the initial distribution of the Net Settlement Fund (by reason of tax refunds, uncashed checks or otherwise), Co-Lead Counsel shall request the Claims Administrator, if economically feasible and

reasonable, to reallocate such balance among those Authorized Claimants who have cashed their checks in an equitable fashion, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution. If any balance shall still remain in the Net Settlement Fund six (6) months after such re-distribution, and Co-Lead Counsel determine that no further distribution to Authorized Claimants is economically feasible and reasonable, then such balance shall be contributed to the Arizona Foundation for Legal Services & Education, a non-profit Section 501(c)(3) organization devoted to investor education.

**9.13.**   No person or entity shall have any claim against any Lead Plaintiff, Co-Lead Counsel, the Claims Administrator, any other agent or representative as may be designated by Co-Lead Counsel, or against any Released Defendant Persons, and/or Defendants' Counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court. Lead Plaintiff and Defendants, and their respective counsel, and all other Released Persons, shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

**9.14.**   All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members, other Claimants, and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

**10.    CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION, EFFECTIVE DATE**

**10.1.**    If the Settlement contemplated by this Stipulation is approved by the Court, Co-Lead Counsel and Defendants' Counsel shall jointly and promptly request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

**10.2.**    Upon entry of the Judgment, the Consolidated Action shall be dismissed in its entirety and with prejudice, with Lead Plaintiff and Defendants bearing his, or their, own fees, costs, and expenses, except as expressly provided in this Stipulation or otherwise agreed.

**10.3.**    The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all the following events:

**10.3(a)**    The Court has entered the Preliminary Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3.1 above;

**10.3(b)**    The Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 5.1 above;

**10.3(c)**    Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

**10.3(d)**    Lead Plaintiff has not exercised his option to terminate the Settlement pursuant to the provisions of this Stipulation; and

**10.3(e)**    The Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties have sought to terminate the Settlement and the Alternate Judgment has become Final.

**10.4.**    Upon occurrence of all the events referenced in ¶ 10.3 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, and the Releases herein shall be effective.

**10.5.**    Lead Plaintiff, on behalf of the Settlement Class, and Defendants shall each have the right to terminate the Settlement and this Stipulation by providing written notice of his or its

1   election to do so ("Termination Notice") to all other Settling Parties within fourteen (14) business

2   days of: (a) the date of entry of a Court order declining to enter the Preliminary Order in any

3   material respect; (b) the date of entry of a Court order refusing to approve this Settlement in any

4   material respect (except with respect to any decision by the Court concerning attorneys' fees

5   and/or Litigation Expenses or the Plan of Allocation); (c) the date of entry of a Court order

6   declining to enter the Final Judgment, or Alternate Judgment, in any material respect as to the

7   Settlement or to dismiss the Consolidated Action with prejudice; or (d) the date of entry of an

8   order upon which the Final Judgment or Alternate Judgment is modified or reversed in any

9   material respect by the Court, the Court of Appeals, or the United States Supreme Court.  Upon a

10  termination of the Settlement under this paragraph, the provisions of ¶ 10.8 below shall apply.

11  However, any decision or proceeding, whether in this Court or any appellate court, concerning

12  attorneys' fees and/or Litigation Expenses or the Plan of Allocation shall not be considered

13  material to the Settlement, shall not affect the finality of the Judgment (or Alternate Judgment),

14  and shall not be grounds for termination of the Settlement.

15      **10.6.**    In addition to the grounds set forth in ¶ 10.5 above, Lead Plaintiff, on behalf of the

16  Settlement Class, shall also have the right, among other remedies (including but not limited to the

17  right to sue for specific enforcement), to terminate the Settlement and Stipulation in the event that

18  the Settlement Amount has not been paid in the time period provided for in ¶ 5.1 above, by

19  providing written notice of its election to terminate to Defendants' Counsel (a "Failure to Fund

20  Termination Notice"); *provided* that Defendants or their insurance carriers shall have five (5)

21  business days, following receipt of a Failure to Fund Termination Notice, to pay the Settlement

22  Amount in full, together with interest thereon at the rate provided in 28 U.S.C. §1961(a) from the

23  date such payment was originally due.  Upon a termination of the Settlement under this paragraph,

24  the provisions of ¶ 10.8 below shall apply.

25      **10.7.**    If, prior to the Settlement Hearing, Persons who otherwise would be members of

26  the Settlement Class have timely and validly requested exclusion from the Settlement Class in

27  accordance with the Notice, such that the combined amount of shares of Edgio common stock

28  represented by such exclusion requests equals or exceeds the amount specified in a separate

1  Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement")

2  executed between Lead Plaintiff and Defendants, then Defendants shall have the option to

3  terminate this Stipulation in accordance with the procedures set forth in the Supplemental

4  Agreement.  The Supplemental Agreement is confidential and will not be submitted to the Court

5  unless and until a dispute between Lead Plaintiff and Defendants concerning its interpretation or

6  application arises, or unless the Parties are ordered by the Court to do so, in which cases the

7  Supplemental Agreement may be submitted to the Court (with the Parties requesting to file the

8  Supplemental Agreement under seal and that the Court review the matter *in camera*), and with

9  such submission being carried out to preserve the confidentiality of the terms of the Supplemental

10  Agreement to the fullest extent possible in accordance with the practices of the Court.

11      **10.8.**    If (i) Defendants exercise their right to terminate the Settlement as provided in this

12  Stipulation; (ii) Lead Plaintiff exercises his right to terminate the Settlement as provided in this

13  Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the

14  Settlement otherwise fails to occur, then:

15      **10.8(a)**    The Settlement and the relevant portions of this Stipulation (including

16  the Releases given pursuant to the terms of this Stipulation) shall be canceled and terminated.

17      **10.8(b)**    Lead Plaintiff and Defendants shall revert to their respective positions

18  in the Consolidated Action immediately prior to December 9, 2025 (*i.e.*, the date upon which the

19  Parties agreed to the Mediator's proposal and reached an agreement in principle to settle the

20  Consolidated Action) and shall promptly confer on a new scheduling stipulation to govern further

21  proceedings in the Consolidated Action.

22      **10.8(c)**    The terms and provisions of this Stipulation, with the exception of this

23  ¶ 10.8 and ¶¶ 6.5, 8.2, 11.1, and 12.20, shall have no further force and effect with respect to the

24  Parties and shall not be admissible in the Consolidated Action or in any other proceeding before

25  any court or tribunal for any purpose, and any Judgment (or Alternate Judgment) or orders entered

26  by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro*

27  *tunc,* including the factual statements contained in the WHEREAS clauses of this Stipulation.

28      **10.8(d)**    Within five (5) business days after joint written notification of

1  termination is sent by Defendants' Counsel and Co-Lead Counsel to the Escrow Agent, the

2  Settlement Fund (including accrued interest thereon, and any monies required to be refunded by

3  Co-Lead Counsel consistent with ¶ 8.2 above), less any Notice and Administration Costs actually

4  incurred, paid or payable, and less any Taxes and Tax Expenses paid, due or owing shall be

5  refunded by the Escrow Agent to Defendants (or to such other persons or entities as Defendants

6  may direct).  In the event that the funds paid to Co-Lead Counsel consistent with ¶ 8.2 above have

7  not been refunded to the Settlement Fund within the five (5) business days specified in this

8  paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other

9  persons or entities as Defendants may direct) immediately upon their deposit into the Escrow

10  Account consistent with ¶ 8.2 above.  The Escrow Agent or its designee shall apply for any tax

11  refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or

12  expenses incurred in connection with such application(s) for refund.  Payments pursuant to this

13  paragraph shall be pursuant to written instructions from Defendants' Counsel.

14  **11.    NO ADMISSION OF WRONGDOING**

15      **11.1.**    Neither this Stipulation (whether or not consummated, and including the exhibits

16  hereto and the Plan of Allocation or any other plan of allocation that may be approved by the

17  Court), nor the negotiations leading to the execution of this Stipulation, nor any proceedings taken

18  pursuant to or in connection with this Stipulation, or the approval of the Settlement (including

19  any arguments proffered in connection therewith) shall be:

20      **11.1(a)**   offered against any of the Released Defendant Persons as evidence of, or

21  construed as, or deemed to be evidence of any presumption, concession, or admission by any of

22  the Released Defendant Persons with respect to the truth of any fact alleged by Lead Plaintiff or

23  the validity of any claim that was or could have been asserted or the deficiency of any defense

24  that has been or could have been asserted in this Consolidated Action or in any other litigation,

25  or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released

26  Defendant Persons or in any way referred to for any other reason as against any of the Released

27  Defendant Persons, in any arbitration proceeding or other civil, criminal, or administrative action

28  or proceeding, other than such proceedings as may be necessary to effectuate the provisions of

this Stipulation;

**11.1(b)** offered against any of the Released Plaintiff Persons, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Plaintiff Persons that any of their claims are without merit, that any of the Released Defendant Persons had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

**11.1(c)** construed against any of the Released Persons as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however,* that if this Stipulation is approved by the Court, the Parties and the Released Persons and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or to otherwise to enforce the terms of the Settlement; and *provided, further,* notwithstanding the foregoing, any of the Released Persons may file the Stipulation or any judgment or order of the Court related hereto in any other action that has been or may be brought against them, in order to support any and all defenses or counterclaims based on *res judicata,* collateral estoppel, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

## 12.    MISCELLANEOUS PROVISIONS

**12.1.**    All of the exhibits attached hereto ("Exhibits") are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

**12.2.**    Each of the Defendants warrants and represents that, as of the time this Stipulation is executed and as of the time the Settlement Amount is actually transferred or made as reflected

1   in this Stipulation, he is not "insolvent" within the meaning of 11 U.S.C. §101(32).

2       **12.3.**    In the event of the entry of a final order of a court of competent jurisdiction

3   determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf

4   of Defendants to be a preference, voidable transfer, fraudulent transfer, or similar transaction and

5   any portion thereof is required to be returned, and such amount is not promptly deposited into the

6   Settlement Fund by others, then, at the election of Lead Plaintiff, Lead Plaintiff and Defendants

7   shall jointly move the Court to vacate and set aside the Releases given and the Judgment (or

8   Alternate Judgment, if applicable) entered in favor of Defendants and the other Released

9   Defendant Persons pursuant to this Stipulation, in which event the Releases and Judgment shall

10  be null and void, and the Parties shall be restored to their respective positions in the litigation as

11  provided in ¶ 10.8 above and any cash amounts in the Settlement Fund (less any Taxes paid, due

12  or owing with respect to the Settlement Fund and less any Notice and Administration Costs

13  actually incurred, paid or payable) shall be returned as provided in ¶ 10.8.  Defendants shall make

14  good faith and reasonable efforts to oppose any efforts, brought by any person or entity in any

15  court of competent jurisdiction, to prevent, delay, void or otherwise set aside the transfer of money

16  to the Settlement Fund by or on behalf of Defendants, whether on the grounds of preference,

17  voidable transfer, fraudulent transfer or other similar ground.

18      **12.4.**    The Parties agree that each side conducted itself throughout this litigation in accord

19  with Rule 11 of the Federal Rules of Civil Procedure, and no Party shall assert any claims of any

20  violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution,

21  defense, or settlement of this Action.  The Parties agree that the Settlement Amount and the other

22  terms of the Settlement were negotiated at arm's length and in good faith by the Parties, under

23  the auspices of the Mediator, and were reached voluntarily after extensive negotiations and

24  consultation with experienced legal counsel, who were fully competent to assess the strengths and

25  weaknesses of their respective clients' claims or defenses.

26      **12.5.**    The terms of the Settlement, as reflected in this Stipulation, may not be modified

27  or amended, nor may any of its provisions be waived, except by a writing signed by counsel for

28  each Party (or their respective successors in interest), on behalf of each such party.

**12.6.**    The section and paragraph headings herein are used for the purpose of convenience only and are not meant to have legal effect.

**12.7.**    The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation. Any action arising under or to enforce this Stipulation or any part thereof shall be commenced and maintained only in the Court.

**12.8.**    Any failure by any Party to insist upon the strict performance by any other Party of any of the provisions of the Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by the other Parties to this Stipulation.

**12.9.**    The waiver, express or implied, by any Party of any breach or default by any other Party in the performance by such Party of its obligations under the Stipulation shall not be deemed or construed to be a waiver of any other prior, subsequent, or contemporaneous breach of this Stipulation.

**12.10.**    This Stipulation and its exhibits constitute the entire agreement between the Parties concerning the Settlement and supersedes any prior agreements. All Parties acknowledge that no other agreements, representations, warranties or inducements have been made to or relied upon by any Party hereto concerning this Stipulation, other than the representations, warranties and covenants expressly set forth herein. All Parties further agree that they are not relying on any representations, warranties, or covenants that are not expressly contained and memorialized in the Stipulation or its exhibits.

**12.11.**    This Stipulation may be executed in any number of counterparts by any of the signatories hereto and the transmission by email of an original signature page electronically (including by facsimile or portable document format) shall constitute valid execution of the Stipulation as if that signatory had provided an original signature. Copies of this Stipulation executed in counterpart shall constitute one agreement.

12.12.  This Stipulation is, and shall be, binding upon, and shall inure to the benefit of, the Parties and their respective successors and assigns, including any and all Released Persons.  Edgio and any other Released Defendant Person who signed any SEC filings on Edgio's behalf during the Class Period are acknowledged and agreed to be third party beneficiaries of this Settlement and Stipulation and have the same rights to enforce this Settlement and Stipulation as the signatories hereto.  All Released Defendant Persons and Released Plaintiff Persons shall have the right to seek enforcement of releases in their favor provided for under this Stipulation to the full extent permitted under applicable law.

12.13.  This Stipulation, the Settlement, and any and all disputes arising out of or relating in any way to this Stipulation, whether in contract, tort or otherwise, shall be governed by and construed in accordance with the laws of the State of Arizona without regard to conflict of laws principles, except to the extent federal law requires that federal law govern.

12.14.  The Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

12.15.  Each of the attorneys executing this Stipulation on behalf of any Party hereto hereby warrants and represents that he or she has been duly empowered and authorized to do so by the Party he or she represents.

12.16.  The Settling Parties shall (a) take all actions reasonably necessary to consummate this Settlement and Stipulation; and (b) agree to cooperate with each other to the extent reasonably necessary to effectuate and implement all terms and conditions of the Settlement and Stipulation. If, before the Court's approval of the Settlement becomes Final, any action was or is filed, re-filed, or otherwise prosecuted in any court asserting any Released Plaintiff's Claims against any of the Released Defendant Persons, Lead Plaintiff agrees to cooperate and use his best efforts to assist Defendants in taking any and all necessary actions to prevent, stay, or seek dismissal of such action, and to oppose entry of any interim or final relief in any other litigation against any

of the Parties that challenges the Settlement or otherwise involves a Released Plaintiff's Claim.

**12.17.** The Parties and their counsel represent that neither they, nor any persons under their control, will encourage or otherwise influence any Class Members to opt out of the Settlement Class or to object to the Settlement or the request for an award of attorneys' fees or Litigation Expenses.

**12.18.** Lead Plaintiff and Co-Lead Counsel represent and warrant that none of Lead Plaintiff's or Settlement Class's claims or causes of action against one or more Defendants in the Consolidated Action, or referred to in this Stipulation, or that could have been alleged against one or more Defendants in the Consolidated Action, have been assigned, encumbered or in any manner transferred in whole or in part.

**12.19.** Whether or not the Stipulation is approved by the Court and whether or not the Settlement is consummated, or the Effective Date occurs, except as the Parties may otherwise agree in writing or the Court may direct, the Parties and their counsel shall use reasonable efforts to keep all negotiations and settlement discussions (including any drafts of this Stipulation or the exhibits thereto) relating to the Settlement or the Stipulation confidential; *provided, however*, that this provision has no impact on Lead Plaintiff's rights to reference the mediation proceedings in general terms and/or the Mediator, including as referenced in ¶¶ 11-14 above, in any motions or other filings made with the Court that pertain to the Settlement.

**12.20.** All agreements made and orders entered during the course of the Consolidated Action relating to the confidentiality of information, including the Protective Order entered by the Court on November 17, 2025 (Doc. 75), shall survive this Settlement and shall remain in full force and effect.

**12.21.** If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission. Notice shall be provided as follows:

*If to Lead Plaintiff or Co-Lead Counsel:*

William C. Fredericks
Thomas L. Laughlin, IV

Karolina Klyuchnikova
Scott+Scott Attorneys at Law LLP
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: 212-233-6444
Email: wfredericks@scott-scott.com
Email: tlaughlin@scott-scott.com
Email: kklyuchnikova@scott-scott.com

**If to Defendants or Defendants' Counsel:**

Scott B. Luftglass
Michael P. Sternheim
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004
Telephone: 212-859-8000
Email: Scott.Luftglass@friedfrank.com
Email: Michael.Sternheim@friedfrank.com

**12.22.** Nothing in the Stipulation, or the negotiations relating thereto, is intended, or shall be deemed, to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, common interest, or work product protection.

**12.23.** This Stipulation shall be binding when signed on behalf of each Party, but the Settlement shall become Effective under the terms set forth in ¶ 10.3.

**12.24.** Except as otherwise provided herein, each Party shall bear its own costs.

**12.25.** Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions in this Stipulation without further order of the Court.

**12.26.** No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

1

2    [*signatures on the following page*]

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed

2    by their duly authorized counsel, as of this 11th day of February, 2026.

3                                    SCOTT+SCOTT ATTORNEYS AT LAW LLP

4                                    By: _____

5                                        William C. Fredericks (*pro hac vice*)
                                         Thomas L. Laughlin, IV (*pro hac vice*)
6                                        Karolina Klyuchnikova (*pro hac vice*)
                                         The Helmsley Building
7                                        230 Park Avenue, 24th Floor
8                                        New York, NY 10169

9                                    SCOTT+SCOTT ATTORNEYS AT LAW LLP
10                                   Cornelia Gordon (*pro hac vice*)
                                     600 West Broadway, Suite 3300
11                                   San Diego, CA 92101

12                                   THE SCHALL LAW FIRM
13                                   Brian J. Schall
                                     Brian R. England (AZ Bar No. 024888)
14                                   2049 Century Park East, Suite 2460
                                     Los Angeles, CA 90067
15

16                                   *On behalf of the Lead Plaintiff, Peter Frouws*

17
                                     FRIED, FRANK, HARRIS,
18                                   SHRIVER & JACOBSON LLP

19                                   By: _____
20                                       Scott B. Luftglass (*pro hac vice*)
                                         Michael P. Sternheim (*pro hac vice*)
21                                       One New York Plaza
                                         New York, NY 10004
22

23                                   OSBORN MALEDON, P.A.
                                     David B. Rosenbaum
24                                   Joseph N. Roth
                                     2929 N. Central Avenue, Suite 2000
25                                   Phoenix, AZ 85012-2793

26                                   *On behalf of the Defendants, Robert Lyons,*
27                                   *Daniel Boncel, and Stephen Cumming*

28