**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Frouws, et al., | No. CV-23-00691-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Robert A. Lyons, et al., | |
| Defendants. | |

On February 11, 2026, Lead Plaintiff Peter Frouws ("Plaintiff") filed an Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. 80). As the Motion is unopposed, Defendants Robert A, Lyons, David R. Boncel, and Stephen Cummings (collectively, "Defendants") did not file a response. For the reasons stated below, the Court will grant Plaintiff's Motion.

## I.     Background

Plaintiff has brought this action against Defendants under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 on behalf of himself and a class of other similarly situated investors. (Doc. 32 at 1).

In the Amended Complaint, Plaintiff alleges that, between February 11, 2021, to March 12, 2023 (the "Class Period"), Edgio and Defendants made materially false and misleading statements and omissions. These alleged misstatements included overstating the success of Edgio's projects and artificially inflating Edgio's revenue. (*Id.* at ¶¶ 4–7). Plaintiff and other class members purchased or otherwise acquired Edgio's common stock

during the Class Period.  (*Id.* at ¶ 1).  However, when the truth surrounding Edgio's performance came to light, Plaintiff alleges that Edgio's stock price was steadily driven down.  (*Id.* at ¶ 8).  Therefore, Plaintiff filed the present action to recoup his losses as well as those of other investors.

In the time since, Defendant Edgio filed for bankruptcy and was subsequently terminated as a Defendant on March 17, 2025 (Doc. 49). The remaining Defendants then sought dismissal of the action based on a failure to state a claim, which the Court denied. (*See* Doc. 58).  During the pendency of the Motion to Dismiss, however, the parties retained a highly experienced mediator with decades of experience handling securities class actions. (Doc. 80-1 at 10).  While the first mediation session was unsuccessful and discovery in this case ensued, the parties were ultimately able to reach a settlement with the assistance of the mediator.  (*Id.* at 11).

**II.    Proposed Settlement Agreement**

The parties entered into a Stipulation and Agreement of Settlement (the "Settlement Agreement" or "Stipulation") on February 11, 2026.  The pertinent terms of the Agreement are as follows.  The "Settlement Class" is defined as:

> [A]ll persons and entities who purchased or otherwise acquired shares of Edgio common stock (including shares of Limelight common stock, before the company changed its name to Edgio) between February 12, 2021 and March 10, 2023, inclusive. Excluded from the Settlement Class are (i) Defendants, (ii) any present or former officers and directors of Edgio during the Class Period (the "Excluded D&Os"), (iii) members of Defendants' and Excluded D&Os' Immediate Family, (iv) the Affiliates of any Defendant, (v) any firm, trust, corporation, or other entity in which any Defendant or any other excluded person or entity has or had a majority ownership interest; and (vi) the legal representatives, heirs, successors, and assigns of any such excluded person or entity. For the avoidance of doubt, the foregoing exclusions do not apply where the person or entity that is excluded from the Settlement Class (or the entity in which such person or entity has a majority ownership interest) acts as nominee, trustee, street name holder, fund manager, or in any other fiduciary capacity for persons or entities who otherwise would be entitled to be included in the Settlement Class. Also excluded from the Settlement Class are any persons who, or entities which, exclude themselves by submitting a request for exclusion that is accepted by

- 2 -

the Court.

(Doc. 80-3 at 13).

Under the terms of the Agreement, Defendants will pay the "Settlement Amount" of $15,000,000.00 into an "Escrow Account."[1] (*Id.* at 17). After this amount is used to pay for items such as taxes, notice and administration costs, any attorney fees and costs awarded by the Court, and any Lead Plaintiff award granted, the "Net Settlement Fund" shall be distributed to "Authorized Claimants." (*Id.* at 19). A "Claims Administrator" will be appointed to review claims to receive a distribution of the Fund, and, once a claim is determined to be valid, each claimant will receive a pro rata distribution of the Net Settlement Fund, based on "a common formula applicable to all Claimants that takes into account the estimated amount of inflation per share in Edgio stock at the times that they purchased and sold (if they sold) their shares." (*Id.* at 24; Doc. 80-1 at 18). Defendants do not have a right to the return of any portion of the Settlement Fund. (Doc. 80-3 at 19).

The Agreement allows for Class counsel to submit a motion for attorney fees and expenses to the Court. (*Id.* at 21–22). Finally, both Settlement Class Members and Defendants release each other from any and all claims relating to the present action, except for actions to enforce the agreement. (*Id.* at 12–13, 16–17).

## III.　Legal Standard

While the Ninth Circuit has declared a strong judicial policy for settlement of class actions, *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992), Federal Rule of Procedure 23(e) still requires court approval of any class action settlement. Fed. R. Civ. P. 23(e). "Approval under [Rule] 23(e) involves a two-step process in which the Court first determines whether a proposed class action settlement deserves preliminary approval and then, after notice is given to class members, whether final approval is warranted." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004).

At the preliminary approval stage, "courts must peruse the proposed compromise to

[1] Unless otherwise defined herein, the meaning of all capitalized terms is as provided in the Stipulation (Doc. 80-3).

ratify both [1] the propriety of the certification and [2] the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). Where "the parties negotiate a settlement agreement before the class has been certified, "settlement approval requires a higher standard of fairness and a more probing inquiry than may normally be required under Rule 23(e)." *Roes, 1-2 v. SFBSC Mgt., LLC*, 944 F.3d 1035, 1048 (9th Cir. 2019) (internal quotation marks omitted). "The initial decision to approve or reject a settlement proposal is committed to the sound discretion of the trial judge." *Officers for J. v. Civ. Serv. Comm'n. of City and Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982)

## IV.    Discussion

The Court will first examine the settlement class to ensure it meets the requirements of Rule 23(a) and (b), then will determine whether the proposed settlement is fair, reasonable, and adequate such that it should be preliminarily certified.

### A.    Settlement Class Certification

The proposed Settlement Class is listed above, but, in simplified terms, it is essentially compromised of those who purchased or somehow acquired Edgio's common stock during the Class Period with certain exceptions. Plaintiff contends that the proposed Class meets all the necessary requirements to be certified for settlement purposes. (Doc. 80-1 at 23–27).

When parties seek class certification for settlement purposes only, the court "must pay undiluted, even heightened, attention to class certification requirements" because, unlike in a fully litigated class action suit, the court will not have future opportunities "to adjust the class, informed by the proceedings as they unfold." *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997) (quotation omitted). Regardless of whether the defendant "agrees that class treatment is appropriate for settlement purposes only," the court must still determine whether class certification is appropriate for the issues in the case before it. *Garrett v. Advantage Plus Credit Reporting Inc.*, 2023 WL 5806408, at *3 (D. Ariz. 2023).

The moving party seeking class certification must show they have satisfied all the

prerequisites of Rule 23(a) and at least one subsection of Rule 23(b).  *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979–80 (9th Cir. 2011) (citing *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001) *opinion amended on denial of reh'g*, 273 F.3d 1266 (9th Cir. 2001)).  Under Rule 23(a), a proposed class may proceed only if the following prerequisites are met:

> (1)    the class is so numerous that joinder of all members is impracticable;
> (2)    there are questions of law or fact common to the class;
> (3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4)    the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Thereafter, for the proposed class to proceed under Rule 23(b)(3), the party seeking certification must demonstrate that "questions of law or fact common to class members [1] predominate over any questions affecting only individual members, and [2] that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).[2]

The moving party must affirmatively demonstrate by a preponderance of evidence compliance with the requirements of both Rule 23(a) and (b).  *See Miles v. Kirkland's Stores Inc.*, 89 F.4th 1217, 1222 (9th Cir. 2024).  Failure to do so means that the class cannot be certified.

### 1.    Numerosity

First, the numerosity requirement is satisfied where "joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  While the numerosity requirement is not tied to any fixed numerical threshold, generally, a "class of 41 or more is usually sufficiently numerous."  5-23 Moore's Federal Practice—Civil § 23.22 (2016).  The Court finds that numerosity exists in light of Plaintiff's estimate that more than 130 million shares of Edgio

---

[2] Because Plaintiff seeks certification only under Rule 23(b)(3) (Doc. 80-1 at 26–27), the Court omits the requirements for proposed classes seeking certification pursuant to Rule 23(b)(1) and (2).

common stock were traded by thousands of purchasers during the Class Period. (Doc. 80-2 at ¶24); *see Di Donato v. Insys Therapeutics, Inc.*, 333 F.R.D. 427, 434 (D. Ariz. 2019) ("Rule 23(a)'s numerosity requirement is generally assumed to have been met in class action suits involving nationally traded securities.").

### 2. Commonality

Second, there must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). In other words, "[t]heir claims must depend upon a common contention of such a nature that it is capable of classwide resolution[.]" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Commonality is satisfied here as the following questions of law or fact are shared between all class members: (i) Defendants' statements were false or misleading; (ii) the facts that Defendants misrepresented or omitted were material; (iii) Defendants acted with scienter, (iv) the price of Edgio's Common Stock was artificially inflated by Defendants' misleading statements; (v) Defendants' misleading statement caused the Settlement Class's losses; (vi) Defendants were controlling persons of Edgio; and (vii) the Settlement Class suffered damages.

### 3. Typicality

Third, the claims or defenses of the class representative must be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). Here, Plaintiff and the other Settlement Class Members have a common injury, which arose from the same alleged course of action. They bought Edgio's Common Stock at an allegedly inflated price based on Defendants' misstatements and, upon discovery of said misstatements, were allegedly damaged when the stock price declined. (Doc. 32 at ¶¶ 4–8).

### 4. Adequacy

The fourth and final hurdle interposed by Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).

This requires that (1) named plaintiffs and their counsel have no conflicts of interest with other class members and (2) named plaintiffs and their counsel prosecute the action vigorously on behalf of the class. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 943 (9th Cir. 2015). As to the former requirement, there are no known conflicts here between either Plaintiff or counsel and the other Settlement Class Members. On the latter consideration, Plaintiff and counsel have studiously litigated this matter, including by filing an Amended Complaint, defending against a Motion to Dismiss, and participating in discovery efforts, and served the interests of the Class. *See Oliveira v. Lang. Line Services, Inc.*, 767 F. Supp. 3d 984, 1003 (N.D. Cal. 2025). Additionally, Class counsel has avowed that they have extensive experience prosecuting securities class actions. (Doc. 80-2 at ¶ 29); *see Sali v. Corona Regl. Med. Ctr.*, 909 F.3d 996, 1007 (9th Cir. 2018). Therefore, the final 23(a) requirement is met.

### 5.    Predominance and Superiority

Turning to Rule 23(b)(3), this Rule imposes two further requirements to establish a valid class: predominance and superiority.

Predominance requires that "that the questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). "Common issues predominate over individual issues when the common issues represent a significant aspect of the case and they can be resolved for all members of the class in a single adjudication." *Edwards v. First Am. Corp.*, 798 F.3d 1172, 1182 (9th Cir. 2015) (internal quotations and citation omitted). "This requirement is met here, where the common issue is simply whether the individual Class Members purchased or acquired [Edgio] Common Stock during the Class Period." *Flynn v. Sientra, Inc.*, 2017 WL 11139918, at *7 (C.D. Cal. 2017).

The superiority inquiry requires a "comparative evaluation of alternative mechanisms of dispute resolution." *Hanlon*, 150 F.3d at 1023. To do so, the Court considers four non-exclusive factors: (1) the interest of each class member in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any

litigation concerning the controversy already commenced by or against the class; (3) the desirability of concentrating the litigation of the claims in the particular forum; and (4) the difficulties likely to be encountered in the management of a class action. Fed. R. Civ. P. 23(b)(3)(A–D).

Upon consideration of the relevant factors, the Court concludes resolving these disputes in a single class action, or in this case a single class settlement, would be more efficient than resolving them on an individual level. As Plaintiff notes, the damages suffered by individual Members are not sufficient to make it economical to pursue individual actions, and therefore "a class action will allow individuals to pool claims that would be uneconomical individually." *Oliveira*, 767 F. Supp. 3d at 1003. Consequently, pursuing the present claims as a class action is superior to other means of adjudicating the dispute.

Because the requirements of Rules 23(a) and 23(b)(3) are satisfied, the Court confirms its grant of class certification for settlement purposes only.

**B.    Preliminary Settlement Approval**

The Court must now make a preliminary determination regarding whether the proposed settlement and notice are "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1), (2). For purposes of preliminary approval, "a district court must evaluate the terms of the settlement to determine whether they are within a range of possible judicial approval." *Wright v. Linkus Enters., Inc.*, 259 F.R.D. 468, 472 (E.D. Cal. 2009). At this stage, preliminary approval of a settlement may be granted if the settlement: (1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) falls within the range of possible approval." *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 319 (C.D. Cal. 2016).

**1.    Fair Negotiations**

Plaintiff explains that negotiations in this case were the result of an arm's length process, in which all counsel participated. (Doc. 80-1 at 14). The negotiations were

facilitated by a "highly experienced mediator," and, even more so, the Settlement is based on the mediator's double-blind proposal. (*Id.* at 10–11, 14). The Court has not been presented with any evidence of fraud or collusion underpinning the Settlement. Thus, the Court finds that, for the purpose of preliminary approval, the Settlement is the result of fair, arm's-length negotiations.

### 2. Obvious Deficiencies

Upon review of its terms, the Settlement Agreement lacks any obvious deficiencies, meaning this factor weighs in favor of preliminary approval. *See*, *e.g.*, *Hampton v. Aqua Metals, Inc.*, 2021 WL 4553578, at \*10 (N.D. Cal. 2021).

### 3. Preferential Treatment

In assessing proposed settlements, courts must be "particularly vigilant" for signs that counsel have allowed the "self-interests" of "certain class members to infect negotiations." *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). "The goal is to ensure that the class representatives and their counsel do not receive a disproportionate benefit 'at the expense of the unnamed plaintiffs who class counsel had a duty to represent.' " *Kutzman v. Derrel's Mini Storage, Inc.*, 2020 WL 406768, at \*12 (E.D. Cal. 2020) (quoting *Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012)). As mentioned above, Class Members will be afforded a pro rata distribution from the Settlement Fund, and nothing on the face of the Agreement indicates that any special treatment is carved out for Plaintiff. The Court is preliminarily satisfied that the difference in potential recovery takes appropriate account of Class Members' individual circumstances and does not result in preferential treatment to any Member.

### 4. Range of Possible Approval

The final factor at the preliminary stage is whether the settlement is within the range of possible approval. To evaluate the sufficiency of the settlement amount, "courts primarily consider plaintiffs' expected recovery balanced against the value of the settlement offer." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007). "This requires the Court to evaluate the strength of Plaintiffs' case." *In re Lenovo*

*Adware Litigation*, 2018 WL 6099948, at *8 (N.D. Cal. 2018). Here, the proposed Settlement Amount is $15,000,000, and Plaintiff has established that this reflects approximately 10% of the maximum reasonably recoverable damages. (Doc. 80-1 at 17). The Court agrees with Plaintiff that this recovery aligns with and actually exceeds comparable class action settlements. *See Hampton*, 2021 WL 4553578, at *9 (approving a settlement fund that was 7.32% of the most likely recoverable damages). Moreover, there is a substantial risk in continuing litigation here, exacerbated by Edgio's bankruptcy proceedings, which could result in a much smaller recovery or no recovery at all. The Court finds that, given these risks, the Settlement Amount weighs in favor of approval.

Having weighed the relevant factors, the Court preliminarily finds that the Settlement Agreement is fair, reasonable, and adequate, and will grant preliminary approval.

### C.    Proposed Notice Plan

For Rule 23(b)(3) class actions, "the court must direct notice to the class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). A class action settlement notice "is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). Specifically, the notice must clearly and concisely state in plain, easily understood language:

> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members[.]

Fed. R. Civ. P. 23(c)(2)(B).

- 10 -

Upon review, the proposed notice to Class Members is adequate in both content and form. The proposed notice includes all necessary information under Rule 23(c)(2)(B), sufficiently notifying potential Class Members of their rights. (*See* Doc. 80-6). Moreover, Plaintiff proposes that the Claim Administrator will mail the proposed notice and claim form to all identified potential Class Members in addition to posting the forms on a website developed for the Settlement. (*See* Doc. 80-1 at 21). These methods of providing notice are routinely used to notify potential members of class action settlements. *See*, *e.g.*, *Kendall v. Odonate Therapeutics, Inc.*, 2022 WL 188364, at *7 (S.D. Cal. 2022) ("[The claim administrator] will mail, by first-class mail, the short-form notice to settlement class members and post the long-form notice on their website"); *Anderson v. Davis Wright Tremaine LLP*, 2023 WL 6003862, at *13 (D. Or. 2023) (same). And Plaintiff's proposal for disseminating notices is likewise approved.

Accordingly,

**IT IS ORDERED** that Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. 80) is **GRANTED**.

**IT IS FURTHER ORDERED** as follows

1. The Court preliminarily finds:

(a) The Settlement resulted from informed, extensive arm's-length negotiations, including a mediation among Lead Plaintiff and Defendants under the direction of an experienced mediator, David Murphy, Esq. of Phillips Alternative Dispute Resolution LLC (the "Mediator");

(b) The Settlement is sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below;

(c) Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of a Class (the "Settlement Class") consisting of all persons and entities who purchased or otherwise acquired shares of Edgio common stock

(including shares of Limelight common stock, before the company changed its name to Edgio) between February 12, 2021 and March 10, 2023, inclusive. Excluded from the Settlement Class are (i) Defendants, (ii) any present or former officers and directors of Edgio during the Class Period (the "Excluded D&Os"), (iii) members of Defendants' and Excluded D&Os' Immediate Family, (iv) the Affiliates of any Defendant, (v) any firm, trust, corporation, or other entity in which any Defendant or any other excluded person or entity has or had a majority ownership interest; and (vi) the legal representatives, heirs, successors, and assigns of any such excluded person or entity. For the avoidance of doubt, the foregoing exclusions do not apply where the person or entity that is excluded from the Settlement Class (or the entity in which such person or entity has a majority ownership interest) acts as nominee, trustee, street name holder, fund manager, or in any other fiduciary capacity for persons or entities who otherwise would be entitled to be included in the Settlement Class. Also excluded from the Settlement Class are any persons who, or entities which, exclude themselves by submitting a request for exclusion that is accepted by the Court;

(d) Preliminarily and for purposes of this Settlement only, the prerequisites for class certification under Fed. R. Civ. P. 23(a) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class it seeks to represent; (d) Lead Plaintiff and Co-Lead Counsel have and will continue to fairly and adequately protect the interests of the Settlement Class. In addition, preliminarily and for purposes of this Settlement only, this Action satisfies the requirements for class certification under Fed. R. Civ. P. Rule 23(b)(3) in that common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy among the Parties; and

(e) Pursuant to Fed. R. Civ. P. 23(c)(1) and 23(g), preliminarily and for

purposes of the Settlement only, Lead Plaintiff is certified as the class representative of the Settlement Class and the law firms of Scott+Scott Attorneys at Law LLP and The Schall Law Firm are appointed as class counsel for the Settlement Class.

2. A Settlement Hearing is hereby scheduled to be held before the Court at Sandra Day O'Connor U.S. Courthouse, Courtroom 605, 401 W. Washington St., Phoenix, AZ 85003-2161, on September 14, 2026, at 10:00 a.m. Mountain Standard Time, for the following purposes:

(a) to determine finally whether the requirements for class action treatment under Fed. R. Civ. P. 23 are satisfied;

(b) to determine whether the proposed Settlement is fair, reasonable, and adequate and should be finally approved by the Court;

(c) to determine whether the Judgment, as provided under the Stipulation and in the form attached as Exhibit B to the Stipulation, should be entered dismissing the Action with prejudice against Defendants and extinguishing and releasing the Released Claims;

(d) to determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund should be approved by the Court as fair, reasonable, and adequate;

(e) to consider Co-Lead Counsel's Fee and Expense Application;

(f) to consider Lead Plaintiff's request for a service award pursuant to 15 U.S.C. §78u-4(a)(4) for his efforts in prosecuting the Action on behalf of the Settlement Class;

(g) to consider any objections or opt-outs that the Court may receive; and

(h) to rule upon such other matters as the Court may deem appropriate. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in Paragraph 6 of this Order.

3. The Court may adjourn the Settlement Hearing and modify any other dates set forth herein without further notice to the Settlement Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without

further notice to the Settlement Class. The Court may enter the Judgment approving the Stipulation regardless of whether it has approved the Plan of Allocation, Co-Lead Counsel's Fee and Expense Application, and Lead Plaintiff's request for a service award for his representation of the Settlement Class. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may decide to hold the Settlement Hearing by telephone or video conference without further notice to the Settlement Class. Any Settlement Class Member (or his, her, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the settlement website for any change in date, time, or format of the hearing.

4. The Court approves the appointment of A.B. Data Ltd. as the Claims Administrator to supervise and administer the Notice procedure in connection with the proposed Settlement, as well as the processing of Proofs of Claim as more fully set forth below. The Court approves the appointment of Huntington National Bank as the Escrow Agent, which shall have the duties and responsibilities outlined in the Stipulation.

5. The Court approves the form, substance, and requirements of the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice"), the Proof of Claim and Release ("Proof of Claim"); and the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice"), substantially in the form attached to the Stipulation (Docs. 80-5, 80-6, 80-7).

6. Notice of the Settlement and the Settlement Hearing shall be provided to the Settlement Class by the Claims Administrator as follows:

(a) within fourteen (14) calendar days of this Order, Defendants shall request that Edgio's transfer agent provide, or cause to be provided, to the Claims Administrator, at no cost to Lead Plaintiff or the Settlement Class, an electronic list consisting of names and mailing addresses of shareholders of record of Edgio common stock during the Class Period for the purpose of assisting in providing notice of the Settlement to the Settlement

Class;

(b) within twenty-one (21) calendar days of this Order (the "Notice Date"), the Claims Administrator shall cause copies of the Notice and Proof of Claim to be mailed by first-class mail, postage prepaid, to all potential Settlement Class Members who can be identified with reasonable effort;

(c) on the Notice Date, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d) within ten (10) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once over *PR Newswire* (a national newswire service); and

(e) not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

7. The Court finds that the manner of providing notice to the Settlement Class of the Settlement and its terms and conditions, as set forth in Paragraph 6 of this Order, meets the requirements of Fed. R. Civ. P. 23, due process, and all other applicable laws; constitutes the best notice practicable under the circumstances; constitutes due and sufficient notice to all persons and entities entitled thereto; and is reasonably calculated under the circumstances to describe the terms and effect of the Settlement and to apprise the Settlement Class Members of their right to object to the proposed Settlement and to exclude themselves from the Settlement Class. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided pursuant thereto, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

8. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers, such as brokerage firms and other Persons, who purchased or otherwise acquired shares of Edgio during the Class Period as record owners, but not as beneficial

owners. Such nominee purchasers are directed, within fourteen (14) calendar days of their receipt of the Notice, to either forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners. Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Proof of Claim to beneficial owners, as provided in the Notice.

9. The Claims Administrator shall notify Settlement Class Members of any changes to the date or timing of the Settlement Hearing by posting notice of the changes on the Settlement Website, www.settlementwebsiteURL.com.

10. To be eligible to participate in the Settlement and receive a distribution from the Net Settlement Fund, if the Settlement becomes Effective, each Settlement Class Member must take the following actions and be subject to the following conditions:

(a) Within ninety (90) calendar days after the Notice Date (the "Proof of Claim Deadline"), each Person claiming to be an Authorized Claimant must submit to the Claims Administrator a completed Proof of Claim, substantially in the form attached as Exhibit A-2 to the Stipulation, signed under penalty of perjury and supported by copies of such documents as specified in the Proof of Claim.

(b) Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim by the Proof of Claim Deadline, or such other period as may be ordered by the Court, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth therein, but will, in all other respects, be subject to and bound by the provisions of the Stipulation, the releases contained

- 16 -

therein, and the Final Judgment. Notwithstanding the foregoing, the Claims Administrator may, in its discretion, accept for processing late-submitted claims, so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed. The Claims Administrator may also, in its discretion, waive what it deems to be de minimis, formal, or technical defects in any Proof of Claim submitted.  No Person shall have any claim against the Released Defendant Persons, Lead Plaintiff, Co-Lead Counsel, or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted or technically deficient claims.

(c) Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail), provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when the Claims Administrator actually received it at the address designated in the Notice.

(d) Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient, or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who submit a timely Proof of Claim that is deficient or otherwise rejected shall be afforded twenty (20) calendar days to cure such deficiency if it shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice of such rejection, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

(e) As part of the Proof of Claim, each Settlement Class Member shall submit

to the jurisdiction of the Court with respect to the claim submitted and shall (upon occurrence of the Effective Date) release all of their Released Plaintiff's Claims against the Released Defendant Persons as provided in the Stipulation. No discovery shall be allowed on the merits of the Action or the Settlement in connection with the processing of any Proofs of Claim.

11. Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 171 et seq. ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.  No later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Co-Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.

12. A Settlement Class Member wishing to request exclusion from the Settlement Class shall mail or deliver a request for exclusion in written form by first-class mail, postage prepaid, or by private delivery service, so that it is postmarked or marked as submitted for delivery no later than August 7, 2026, which is sixty (60) calendar days after the date set for the initial mailing of the Notice to the Settlement Class, to the address designated in the Notice. Such a request for exclusion shall clearly state (i) the name, address, telephone number, and email address of the Person or entity requesting exclusion, and in the case of entities, the name, telephone number, and email address of the appropriate contact person; (ii) state that such Person or entity "requests exclusion from the Settlement Class in *Peter Frouws, et al. v. Robert Lyons, et al.*, No. 2:23-cv-00691 (D. Ariz.)"; (iii) state the date(s), price(s), and number of Limelight and/or Edgio shares that the Person or entity requesting exclusion purchased or otherwise acquired during the Class Period (*i.e.*, between February 12, 2021 and March 10, 2023, inclusive); and (iv) state the date(s), price(s), and number of such shares that the Person or entity requesting exclusion sold or otherwise disposed of during the Class Period; and (v) be signed by the Person requesting exclusion or, in the case of an entity, an authorized representative. The request

for exclusion shall not be effective unless it is made in writing within the time stated above, provides all the information called for in this paragraph, and is accepted by the Court. Settlement Class Members requesting exclusion from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund.

13. Any Settlement Class Member who or that does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, their, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiff's Claims against any of the Released Defendant Persons, as more fully described in the Stipulation and Notice.

14. At the Settlement Hearing, the Court will consider objections to the Settlement, Plan of Allocation, Plaintiffs' Counsel's application for an award of attorneys' fees and expenses, and any request for a service award to Lead Plaintiff. Any Settlement Class Member wanting to object must do so in writing and may also appear at the Settlement Hearing. Any written objection must (i) be signed by the objector and the objector's attorney; (ii) identify the case name and docket number, *Peter Frouws, et al. v. Robert Lyons*, et al., No. 2:23-cv-00691 (D. Ariz.); (iii) state the name, address, and telephone number of the objector, and if represented by counsel, the name, address, and telephone number of such counsel; (iv) include documentation sufficient to prove the objector's membership in the Settlement Class (e.g., copies of brokerage statements showing the objector's purchases of Limelight and/or Edgio common stock during the Class Period); (v) identify which part(s) of the Settlement, Plan of Allocation, counsel's fee and expense request and/or Lead Plaintiff's request for a service award that the objector is objecting to;

and (vi) state the specific reason(s) for the objection, including any legal support and evidence the objector wishes to submit in support of the objection. Such objections and any supporting papers, accompanied by proof of Settlement Class membership, must be filed with the United States District Court for the District of Arizona, Sandra Day O'Connor U.S. Courthouse, 401 W. Washington St., Phoenix, AZ 85003, no later than August 7, 2026, which is sixty (60) calendar days after the date set for the initial mailing of the Notice to the Settlement Class, and copies of all such papers must also be served on each of the following: William C. Fredericks, Scott+Scott Attorneys at Law LLP, The Helmsley Building, 230 Park Avenue, 24th Floor, New York, NY 10169 (counsel for Lead Plaintiff and the Settlement Class), and Scott B. Luftglass and Michael P. Sternheim, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, NY 10004 (counsel for Defendants). Copies must also be emailed to wfredericks@scott-scott.com and michael.sternheim@friedfrank.com.   Persons who intend to object in writing to the Settlement, Plan of Allocation, attorneys' fee and expense application, and/or Lead Plaintiff's request for a service award for representing the Settlement Class, and desire to present evidence at the Settlement Hearing, must include in their written objections copies of any exhibits they intend to introduce into evidence at the Settlement Hearing.  If an objector hires an attorney to represent them for the purposes of making an objection, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by no later than August 7, 2026, which is sixty (60) calendar days after the date set for the initial mailing of the Notice to the Settlement Class.  A Settlement Class Member who files a written objection does not have to appear at the Settlement Hearing for the Court to consider the objection.  If the Settlement Class Member intends to appear at the Settlement Hearing, the Settlement Class Member shall identify any witnesses they may seek to call and provide copies of any exhibits they intend to offer at the Settlement Hearing in their papers, which must be served, as set forth above, no later than August 7, 2026, which is sixty (60) calendar days after the date set for the initial mailing of the Notice to the Settlement Class. Any Settlement Class Member who does not make their objection

in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement, Plan of Allocation, award of attorneys' fees and expenses, and/or service award to Lead Plaintiff, unless otherwise ordered by the Court.

15. All papers in support of the Settlement, Plan of Allocation, and Fee and Expense Application by Co-Lead Counsel and a service award to Lead Plaintiff shall be filed fourteen (14) calendar days prior to the deadline for objections to be filed set forth in ¶14. All reply papers shall be filed and served at least seven (7) calendar days prior to the Settlement Hearing.

16. Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs and all other members of the Settlement Class from commencing, instituting, reinstituting, or prosecuting any and all of the Released Plaintiff's Claims against each and all of the Released Defendant Persons in any forum.

17. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18. All Taxes, Tax Expenses, and Notice and Administration Expenses shall be paid as set forth in ¶¶6.5 and 7.2 of the Stipulation without further approval of Defendants or further order of the Court. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiff nor Co-Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund, except as provided for in the Stipulation.

19. If the Settlement is terminated as set forth in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, then, in any

such event, (a) this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided in the Stipulation, and this Order shall be without prejudice to any Party; (b) the Stipulation, including any amendment(s) thereof, shall be null and void and of no further force or effect (except to the extent otherwise expressly provided in the Stipulation), without prejudice to any Party, and may not be introduced as evidence or referred to in the Action, or any action or proceeding by any Person for any purpose, and (c) each Party shall be restored to his, her, or its respective position as it existed immediately prior to December 9, 2025, and the Parties shall promptly confer on a new scheduling stipulation to govern further proceedings in the Action, as provided in the Stipulation.

20. Neither the Stipulation (whether or not consummated, and including the exhibits thereto and the Plan of Allocation or any other plan of allocation that may be approved by the Court), nor the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation, shall be:

(a) offered against any of the Released Defendant Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Persons with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Persons or in any way referred to for any other reason as against any of the Released Defendant Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b) offered against any of the Released Plaintiff Persons, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Plaintiff Persons that any of their claims are without merit, that any of the Released Defendant Persons had meritorious defenses, or that damages recoverable

under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, or fault; or

(c) construed against any of the Released Persons as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Parties and the Released Persons and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or to otherwise to enforce the terms of the Settlement; and provided, further, notwithstanding the foregoing, any of the Released Persons may file the Stipulation or any judgment or order of the Court related hereto in any other action that has been or may be brought against them, in order to support any and all defenses or counterclaims based on res judicata, collateral estoppel, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21. The Court may adjourn or continue the Settlement Hearing without further written notice.

22. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

Dated this 8th day of June, 2026.

Honorable Diane J. Humetewa
United States District Judge

- 23 -