**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Peter Frouws, et al.,

Plaintiffs,

v.

Edgio Incorporated, et al.,

Defendants.

No. CV-23-00691-PHX-DJH

**JUDGMENT AND ORDER**

On August 14, 2026, Lead Plaintiff Peter Frouws ("Plaintiff") filed a Motion for Final Approval of Class Action Settlement (Doc. 88). Defendants Robert A. Lyons, David R. Boncel, and Stephen Cummings (collectively, "Defendants") did not file a response. A final fairness hearing was held before the Court on September 14, 2026. For the reasons stated below, the Court will grant Plaintiff's Motion and enter judgment accordingly.[1]

## I. Background

Plaintiff has brought this action against Defendants under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 on behalf of himself and other class members, who acquired Edgio's common stock. (Doc. 32 at 1). Plaintiff has alleged that, during the Class Period, Edgio and Defendants made materially false and misleading statements and omissions, such as overstating the success of Edgio's projects and artificially inflating Edgio's revenue. (*Id.* at ¶¶ 4–7). When the truth surrounding Edgio's performance came to light, Plaintiff alleges that Edgio's stock price was steadily driven down. (*Id.* at ¶ 8).

[1] Unless otherwise specified, defined terms carry the same meaning as stated in the Court's Order preliminarily approving the Settlement.

Therefore, Plaintiff filed the present action to recoup his losses as well as those of other investors.

During the pendency of this case, Defendant Edgio filed for bankruptcy and was subsequently terminated as a Defendant on March 17, 2025. (Doc. 49). Nonetheless, the remaining Defendants then sought dismissal of the action based on a failure to state a claim, but the Court denied Defendants' motion. (*See* Doc. 58). Prior to the Court's denial, the parties retained a highly experienced mediator with decades of experience handling securities class actions. (Doc. 80-1 at 10). The first mediation session proved unsuccessful, and discovery in this case ensued. But the parties were ultimately able to reach a settlement with the assistance of the mediator. (*Id.* at 11).

After this settlement was reached, Plaintiff filed an Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. 80). Plaintiff provided the parties' settlement agreement and proposed notice protocol to the Court. (*See* Doc. 80-3). The Court detailed the relevant portions of the Settlement Agreement in its earlier Order and incorporates that description here. (Doc. 81 at 2–3). Having reviewed Plaintiff's submission, the Court granted preliminary approval of the Agreement and preliminarily certified the Class, and the Court further incorporates all relevant portions of the Preliminary Approval Order here. (*See generally id.*).

Presently, Plaintiff has completed the notice process, informing class members of the Settlement Agreement. No objection by any Settlement Class Member was filed in this case, nor has the Court received any request to be excluded from the Settle Agreement by a Settlement Class Member. And on September 14, 2026, the Court held a Final Fairness Hearing that was attended by Class Counsel and Defendants' counsel. Plaintiff now moves for final approval of the Agreement. (Doc. 88).

## II. Legal Standard

A strong judicial policy supports the settlement of class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). Even still, "[t]o guard against th[e] potential for class action abuse, Rule 23(e) of the Federal Rules of Civil Procedure requires

court approval of all class action settlements, which may be granted only after a fairness hearing and a determination that the settlement taken as a whole is fair, reasonable, and adequate." In re Bluetooth Headset Prod. Liab. Litig., 654 F.3d 935, 946 (9th Cir. 2011).

"Approval under 23(e) involves a two-step process in which the Court first determines whether a proposed class action settlement deserves preliminary approval and then, after notice is given to class members, whether final approval is warranted." *Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004). At the final approval stage, "a district court's only role in reviewing the substance of that settlement is to ensure that it is fair, adequate, and free from collusion." *Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012). Several factors are instructive in making such a determination:

> 1) the strength of the plaintiffs' case; 2) the risk, expense, complexity, and likely duration of further litigation; 3) the risk of maintaining class action status throughout the trial; 4) the amount offered in settlement; 5) the extent of discovery completed and the stage of the proceedings; 6) the experience and views of counsel; 7) the presence of a governmental participant; and 8) the reaction of the class members to the proposed settlement.

*Id.* "The relative degree of importance to be attached to any particular factor will depend upon … the unique facts and circumstances presented by each individual case." *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prod. Liab. Litig.*, 895 F.3d 597 (9th Cir. 2018) (internal quotations and citation omitted).

Additionally, when the settlement takes place before formal class certification, the resulting settlement agreement "must withstand an even higher level of scrutiny for evidence of collusion or other conflicts of interest than is ordinarily required under Rule 23(e) before securing the court's approval as fair." *In re Bluetooth*, 654 F.3d at 946. Although collusion might not be evident on the face of the settlement, indicia of collusion include: 1) when counsel receives a disproportionate share of the settlement, 2) when the parties negotiate an arrangement providing for the payment of attorneys' fees separate and apart from the class fund, and 3) when the parties arrange for fees not awarded to revert to defendants rather than be added to the class fund. *Id.* at 947.

The district court must show that it comprehensively explored the relevant factors and that the settlement is not the product of collusion amongst the settling parties. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000), as amended (June 19, 2000).

**III. Findings of Fact and Conclusions of Law**

On February 11, 2026, the Parties entered into a Stipulation and Agreement of Settlement ("Stipulation" or "Settlement"), which is subject to review by this Court and which, together with the exhibits thereto, sets forth the terms and conditions for the Settlement and dismissal with prejudice of the claims.[2]

On June 8, 2026, the Court entered an order preliminarily approving the Settlement (Doc. 81), which was subsequently amended on June 15, 2026 (Doc. 83) (as amended, the "Preliminary Approval Order") which, *inter alia,* found that the parties had made the required showings under Fed. R. Civ. P. 23(e)(1)(B), and approved the form and manner of notice of the Settlement to be given to the Settlement Class.

The Notice, substantially in the form approved by the Court in its Preliminary Approval Order, was mailed to all reasonably identifiable Settlement Class Members and posted on the settlement website established by the Claims Administrator in accordance with the Preliminary Approval Order.

The Summary Notice, substantially in the form approved by the Court, was published in accordance with the Preliminary Approval Order.

On September 14, 2026, following issuance of notice of the Settlement to the Settlement Class, the Court held a Settlement Hearing to determine: (1) whether the terms and conditions of the Stipulation of Settlement are fair, reasonable and adequate, and

---

[2] As used herein, the term "Parties" means (i) plaintiff Peter Frouws ("Lead Plaintiff"), and (ii) defendants Robert A. Lyons, Daniel R. Boncel, and Stephen Cumming (collectively, "Defendants"). Furthermore, the company previously known as Limelight Networks, Inc. ("Limelight") changed its name to Edgio, Inc. ("Edgio") on June 16, 2022. Accordingly, the term "Edgio" or "the Company," as used in this Judgment and Order, refers to Limelight when used in reference to events before June 16, 2022 and refers to Edgio when used in reference to events on or after June 16, 2022. Similarly, the term "Edgio common stock," as used in this Judgment and Order, refers to shares of the common stock of Limelight (ticker: LLNW) when referring to events before June 16, 2022, and refers to shares of the common stock of Edgio (ticker: EGIO) when referring to events on or after June 16, 2022.

should be approved; (2) whether judgment should be entered dismissing, with prejudice, all claims asserted in the Action; (3) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; (4) whether and in what amount to award Co-Lead Counsel attorney's fees and expenses; and (5) whether and in what amount to grant any awards to any Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4).

Upon review of Plaintiff's Motion, the Settlement, and all other relevant material submitted in connection with the Settlement Hearing,

**IT IS ORDERED**:

1. The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein.

2. For purposes of effectuating the Settlement, this Court has jurisdiction of the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all Parties and each of the Settlement Class Members.

3. The Court finds that, for settlement purposes only, the prerequisites for a class action under Rule 23(a) of the Federal Rules of Civil Procedure have been satisfied in that:

(a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable;

(b) there are questions of law and fact common to the Settlement Class;

(c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class he seeks to represent; and

(d) Lead Plaintiff and Co-Lead Counsel have and will continue to fairly and adequately represent the interests of the Settlement Class.

4. The Court further finds that, for settlement purposes only, the requirements for certification of a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure have also been satisfied in that:

(a) questions of law and fact common to the members of the Settlement

Class predominate over any questions affecting only individual members of the Settlement Class; and

(b) a class action is superior to other available methods for the fair and efficient adjudication of the claims at issue, considering:

i. the class members' (lack of) interests in individually controlling the prosecution or defense of separate actions;

ii. the extent and nature of any litigation concerning the controversy already begun by or against class members;

iii. the desirability of concentrating the litigation of the claims in this particular forum; and

iv. the (lack of) likely difficulties in managing a class action (given, *inter alia*, that the proposed class here would be certified in the context of a settlement).

5. Accordingly, the Court certifies this action as a class action, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of a Class (the "Settlement Class") consisting of all persons and entities who purchased or otherwise acquired shares of Edgio common stock (including shares of Limelight common stock, before the company changed its name to Edgio) between February 12, 2021 and March 10, 2023, inclusive. Excluded from the Settlement Class are (i) Defendants, (ii) any present or former officers and directors of Edgio during the Class Period (the "Excluded D&Os"), (iii) members of Defendants' and Excluded D&Os' Immediate Family, (iv) the Affiliates of any Defendant, (v) any firm, trust, corporation, or other entity in which any Defendant or any other excluded person or entity has or had a majority ownership interest; and (vi) the legal representatives, heirs, successors, and assigns of any such excluded person or entity. For the avoidance of doubt, the foregoing exclusions do not apply where the person or entity that is excluded from the Settlement Class (or the entity in which such person or entity has a majority ownership interest) acts as nominee, trustee, street name holder, fund manager, or in any other

fiduciary capacity for persons or entities who otherwise would be entitled to be included in the Settlement Class.

6. For purposes of this Settlement only, the Court appoints Lead Plaintiff Peter Frouws as class representative, and the law firms of Scott+Scott Attorneys at Law LLP and Schall, Brown, & Schwartz LLP as class counsel, for the Settlement Class. Lead Plaintiff and Co-Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and in negotiating the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

7. The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted due and sufficient notice of these proceedings and the matters set forth herein (including the Settlement, the Plan of Allocation, the right to exclude themselves from the Settlement Class, and the right to appear at the Settlement Hearing) to all persons and entities entitled to such notice; and (d) met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. §78u-4(a)(7) (as amended by the Private Securities Litigation Reform Act of 1995). The Court further finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. §1715, have been satisfied.

8. No Settlement Class Member is or shall be relieved from the terms and conditions of the Settlement, including the releases provided for in the Stipulation, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement (and to participate in the hearing thereon), or to exclude themselves from the Settlement Class, and there were no objections to the Settlement or the Plan of Allocation and no requests for exclusion from the Settlement Class.

9. Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the

Stipulation in all respects (including, without limitation, the amount of the Settlement, the releases provided for therein, and the dismissal with prejudice of the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to Lead Plaintiff and the Settlement Class. Specifically, the Court finds that (a) Lead Plaintiff and Co-Lead Counsel have adequately represented the Settlement Class in connection with the Action and the Settlement; (b) the Settlement was negotiated by the Parties at arm's length between experienced counsel representing the interests of Defendants and the Settlement Class, and with the assistance of an independent and highly experienced mediator; (c) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal and the proposed means of distributing the Settlement Fund to the Settlement Class; and (d) the Settlement treats all members of the Settlement Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

10. The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and on behalf of the other Settlement Class Members are hereby dismissed with prejudice as to all Defendants. The Parties shall bear their own costs and expenses, except as expressly provided in the Stipulation.

11. The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

12. All Released Claims, as defined in the Stipulation, are released in accordance with, and as provided in, the Stipulation. Accordingly, this Court orders that:

(a) Upon the Effective Date, Lead Plaintiff and each Settlement Class Member, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as

such, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Plaintiff's Claims against each and every one of the Released Defendant Persons, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release.

(b) Upon the Effective Date, Defendants, on behalf of themselves and each of their respective heirs, executors, trusts, trustees, administrators, predecessors, successors, assigns, representatives, agents, and attorneys, in their capacities as such, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released all Released Defendants' Claims against each and every one of the Released Plaintiff Persons.

13. All Settlement Class Members who have not objected to the Settlement in the manner provided in the Notice are deemed to have waived any objections by appeal, collateral attack, or otherwise. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided pursuant thereto, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

14. Lead Plaintiff and all Settlement Class Members are hereby barred and enjoined from instituting, commencing, maintaining, or prosecuting in any court or tribunal any of the Released Plaintiff's Claims against any of the Released Defendant Persons. Claims to enforce the terms of the Stipulation are not released.

15. Neither this Judgment, nor the Stipulation (whether or not consummated, and including the exhibits thereto and the Plan of Allocation or any other plan of allocation that may be approved by the Court), nor the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation, or the approval of the Settlement (including any arguments proffered in connection therewith) shall be:

(a) offered against any of the Released Defendant Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Persons with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Persons or in any way referred to for any other reason as against any of the Released Defendant Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) offered against any of the Released Plaintiff Persons, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Plaintiff Persons that any of their claims are without merit, that any of the Released Defendant Persons had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) construed against any of the Released Persons as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been

recovered after trial; *provided, however*, that the Parties and the Released Persons and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or to otherwise enforce the terms of the Settlement; and *provided, further,* notwithstanding the foregoing, any of the Released Persons may file the Stipulation, this Judgment, or order of the Court related hereto in any other action that has been or may be brought against them, in order to support any and all defenses or counterclaims based on *res judicata*, collateral estoppel, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. The Court hereby finds that the Plan of Allocation is fair and reasonable, and the Claims Administrator is directed to administer the Settlement in accordance with the Stipulation and the Plan of Allocation.

17. The Court hereby finds and concludes that the formula for the calculation of the claims of Authorized Claimants, which is set forth in the Notice sent to Settlement Class Members, provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund established by the Stipulation among Settlement Class Members, with due consideration having been given to administrative convenience and necessity.

18. The Court finds and concludes that, during the course of the Action, the Parties and each of their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure and all other similar statutes.

19. Without further order of the Court, the Parties may agree in writing to such amendments, modifications, and expansions of the Stipulation and reasonable extensions of time to carry out any of the provisions of the Stipulation, provided that such amendments, modifications, expansions, and extensions do not materially alter the rights of the Settlement Class Members, Released Plaintiff Persons, or Released Defendant

Persons under the Stipulation.

20. Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Co-Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion for a service award payable from the Settlement Fund; (e) all Parties hereto for the purpose of construing, enforcing, and administrating the Stipulation; and (f) the Settlement Class Members for all matters relating to the Action.

21. A separate order shall be entered regarding (a) the motion of Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses; and (b) the motion for an award for Lead Plaintiff. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

22. If the Effective Date of the Settlement fails to occur, then, in any such event, (a) this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided in the Stipulation, and this Order shall be without prejudice to any Party; (b) the Stipulation, including any amendment(s) thereof, shall be null and void and of no further force or effect (except to the extent otherwise expressly provided in the Stipulation), without prejudice to any Party, and may not be introduced as evidence or referred to in the Action, or any action or proceeding by any Person for any purpose, and (c) each Party shall be restored to his, her, or its respective position as it existed immediately prior to December 9, 2025, and the Parties shall promptly confer on a new scheduling stipulation to govern further proceedings in the Action, as provided in the Stipulation.

23. There is no just reason for delay in the entry of this Judgment and Order Granting Final Approval of Class Action Settlement, and immediate entry by the Clerk of the Court is expressly directed.

/ / /

Accordingly,

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Final Approval of Class Action Settlement (Doc. 88) is **GRANTED** and Judgment is entered accordingly.

**IT IS FINALLY ORDERED** that the Clerk of Court is kindly directed to terminate this matter.

Dated this 15th day of September, 2026.

Honorable Diane J. Humetewa
United States District Judge